IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PDL BIOPHARMA, INC.,                    )
                                        )
              Plaintiff,                )
                                        )
       v.                               )     C.A. No. 07-CV-156 -***
                                        )
ALEXION PHARMACEUTICALS, INC.,          )
                                        )
              Defendant.                )

## ANSWER AND COUNTERCLAIMS OF
## DEFENDANT ALEXION PHARMACEUTICALS, INC.

Defendant Alexion Pharmaceuticals, Inc. ("Alexion"), for its Answer to the Complaint of Plaintiff PDL Biopharma, Inc. ("PDL"), hereby states as follows:

1.    On information and belief, Alexion admits that PDL is a biopharmaceutical company headquartered in Fremont, California.  Alexion is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 1 of PDL's Complaint.

2.    Alexion admits that it has obtained FDA approval for its humanized antibody product, Soliris$^{TM}$ for the treatment of paroxysmal nocturnal hemoglobinuria ("PNH"), that it has launched Soliris$^{TM}$, and that it does not have a license with PDL.  Except as expressly admitted herein, Alexion denies all averments of Paragraph 2 of PDL's Complaint.

3.    Alexion admits that its Form 10-K submitted to the United States Securities and Exchange Commission for the year ending December 31, 2006 contains statements about certain third party patents, which statements speak for themselves.  Alexion also admits that Soliris$^{TM}$ for the treatment of PNH is projected by some to become a blockbuster drug.  Except as expressly admitted herein, Alexion denies all averments of Paragraph 3 of PDL's Complaint.

4.    Alexion denies all averments of Paragraph 4 of PDL's Complaint.

5.    Alexion denies that PDL is entitled to injunctive relief.  Alexion further denies all averments of Paragraph 5 of PDL's Complaint.

066185.1001

6.     Upon information and belief, Alexion admits that PDL is a corporation organized and existing under the laws of Delaware, with its principal place of business in Fremont, California.  Alexion is without knowledge or information sufficient to form a belief as to the nature, scope or parties to any alleged PDL licenses.  Except as expressly admitted herein, Alexion denies all averments of Paragraph 6 of PDL's Complaint.

7.     Alexion admits the averments of Paragraph 7 of PDL's Complaint.

8.     Alexion neither admits nor denies the averments of Paragraph 8 of PDL's Complaint because they are legal conclusions to which no response by Alexion is required.  To the extent that any response by Alexion is required, Alexion does not contest subject matter jurisdiction in this action.

9.     Alexion admits that it is incorporated in the State of Delaware and that it conducts business in the State of Delaware.  Alexion does not contest personal jurisdiction in this action. Except as expressly admitted herein, Alexion denies all averments of Paragraph 9 of PDL's Complaint.

10.     Alexion neither admits nor denies the averments of Paragraph 10 of PDL's Complaint because they are legal conclusions to which no response by Alexion is required.  To the extent that any response by Alexion is required, Alexion does not contest venue in this action.

11.     Alexion repeats and incorporates by reference its answers to Paragraphs 1 through 10 above as if fully set forth herein.

12.     Alexion admits that U.S. Patent No. 5,693,761 ("the '761 patent"), attached as Exhibit A to PDL's Complaint, is entitled "Polynucleotides Encoding Improved Humanized Immunoglobulins," names on its face PDL as assignee, and purports to have been issued on December 2, 1997. Alexion denies that the '761 patent was duly and legally issued.  Except as expressly admitted herein, Alexion denies all averments of Paragraph 12 of PDL's Complaint.

13.     Alexion denies all averments of Paragraph 13 of PDL's Complaint.

066185.1001

14.    Alexion admits that it was aware of the '761 patent prior to the filing of PDL's Complaint.  Except as expressly admitted herein, Alexion denies all averments of Paragraph 14 of PDL's Complaint.

15.    Alexion denies all averments of Paragraph 15 of PDL's Complaint.

16.    Alexion denies all averments of Paragraph 16 of PDL's Complaint.

17.    Alexion repeats and incorporates by reference its answers to Paragraphs 1 through 10 above as if fully set forth herein.

18.    Alexion admits that U.S. Patent No. 5,693,762 ("the '762 patent"), attached as Exhibit B to PDL's Complaint, is entitled "Humanized Immunoglobulins," names on its face PDL as assignee, and purports to have been issued on December 2, 1997.  Alexion denies that the '762 patent was duly and legally issued.  Except as expressly admitted herein, Alexion denies all averments of Paragraph 18 of PDL's Complaint.

19.    Alexion denies all averments of Paragraph 19 of PDL's Complaint.

20.    Alexion admits that it was aware of the '762 patent prior to the filing of PDL's Complaint.  Except as expressly admitted herein, Alexion denies all averments of Paragraph 20 of PDL's Complaint.

21.    Alexion denies all averments of Paragraph 21 of PDL's Complaint.

22.    Alexion denies all averments of Paragraph 22 of PDL's Complaint.

23.    Alexion repeats and incorporates by reference its answers to Paragraphs 1 through 10 above as if fully set forth herein.

24.    Alexion admits that U.S. Patent No. 6,180,370 B1 ("the '370 patent"), attached as Exhibit C to PDL's Complaint, is entitled "Humanized Immunoglobulins and Methods of Making the Same," names on its face PDL as assignee, and purports to have been issued on January 30, 2001.  Alexion denies that the '370 patent was duly and legally issued.  Except as expressly admitted herein, Alexion denies all averments of Paragraph 24 of PDL's Complaint.

25.    Alexion denies all averments of Paragraph 25 of PDL's Complaint.

26.    Alexion admits that it was aware of the '370 patent prior to the filing of PDL's Complaint.  Except as expressly admitted herein, Alexion denies all averments of Paragraph 26 of PDL's Complaint.

27.    Alexion denies all averments of Paragraph 27 of PDL's Complaint.

28.    Alexion denies all averments of Paragraph 28 of PDL's Complaint.

### Response To PDL's Prayer for Relief

29.    Alexion denies that PDL is entitled to any relief whatsoever from Alexion or the Court, either as prayed for in its Complaint or otherwise.

30.    Alexion further denies each and every averment contained in PDL's Complaint that was not specifically admitted, denied, or otherwise responded to in its Answer and Counterclaims.

### DEFENSES

Alexion asserts the defenses set forth below, undertaking the burden of proof on such defenses only to the extent required by law, and specifically reserves the right to amend its Answer and Counterclaims with additional defenses and/or counterclaims:

### Noninfringement

31.    Alexion has not infringed any claim of the '761 patent, the '762 patent or the '370 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

32.    To the extent that PDL asserts infringement of any claim of the '761 patent, the '762 patent or the '370 patent based on any act of making, using, offering to sell, or selling within the United States, or importing into the United States, any accused product solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products or medical devices, that activity cannot constitute infringement under 35 U.S.C. § 271(e)(1).

### Patent Invalidity

33.    Each claim of the '761 patent, the '762 patent and the '370 patent is invalid for failure to comply with one or more of the conditions of patentability and/or requirements

4

specified in Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNTERCLAIMS

Defendant Alexion Pharmaceuticals, Inc. ("Alexion"), in Counterclaim against Plaintiff PDL Biopharma, Inc. ("PDL"), hereby alleges and avers as follows:

1. This is a declaratory judgment counterclaim for a declaration of noninfringement and invalidity of all of the asserted claims of U.S. Patent No. 5,693,761 ("the '761 patent"), U.S. Patent No. 5,693,762 ("the '762 patent"), and U.S. Patent No. 6,180,370 B1 ("the '370 patent"). This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

2. Counterclaim Plaintiff Alexion is a corporation incorporated under the laws of the State of Delaware, with its principal place of business at 352 Knotter Drive, Cheshire, Connecticut 06410.

3. On information and belief, Counterclaim Defendant PDL is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 34801 Campus Drive, Fremont, California 94555.

4. This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and 28 U.S.C. §§ 1331 and 1338(a). As demonstrated by, *inter alia*, the Complaint filed by PDL in this action and Alexion's Answer and Counterclaims to that Complaint, an actual and justiciable controversy exists between PDL and Alexion regarding the noninfringement and invalidity of the '761, '762 and '370 patents.

5. Counterclaim Defendant PDL is subject to personal jurisdiction in this Court, as evidenced by, *inter alia*, its consent to jurisdiction in this Court and its existence as a corporation incorporated under the laws of the State of Delaware.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, *inter alia*, PDL has consented to venue in this judicial district, PDL resides in this district and PDL is subject to personal jurisdiction in this district.

DB02:6019238.1                                                                                      066185.1001

7.     On March 16, 2007, PDL initiated a civil action by filing a Complaint against Alexion in this Court alleging that Alexion has infringed the '761, '762 and '370 patents.

## COUNT I
### Declaratory Judgment Counterclaim for a
### Declaration of Patent Noninfringement and Invalidity

8.     Alexion incorporates and realleges Paragraphs 1-7 as if set forth herein.

9.     PDL has created an actual and justiciable controversy between itself and Alexion regarding whether Alexion has infringed any valid and enforceable claim of the '761 patent.

10.     Alexion has not infringed any claim of the '761 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

11.     To the extent that PDL asserts infringement of any claim of the '761 patent based on any act of making, using, offering to sell, or selling within the United States, or importing into the United States, any accused product solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products or medical devices, that activity cannot constitute infringement under 35 U.S.C. § 271(e)(1).

12.     Each claim of the '761 patent is invalid for failure to comply with one or more of the conditions of patentability and/or requirements specified in Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

13.     A judicial declaration of noninfringement of the '761 patent is necessary and appropriate to resolve this controversy.

14.     A judicial declaration of invalidity of the '761 patent is necessary and appropriate to resolve this controversy.

## COUNT II
### Declaratory Judgment Counterclaim for a
### Declaration of Patent Noninfringement and Invalidity

15.     Alexion incorporates and realleges Paragraphs 1-14 as if set forth herein.

066185.1001

16.    PDL has created an actual and justiciable controversy between itself and Alexion regarding whether Alexion has infringed any valid and enforceable claim of the '762 patent.

17.    Alexion has not infringed any claim of the '762 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

18.    To the extent that PDL asserts infringement of any claim of the '762 patent based on any act of making, using, offering to sell, or selling within the United States, or importing into the United States, any accused product solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products or medical devices, that activity cannot constitute infringement under 35 U.S.C. § 271(e)(1).

19.    Each claim of the '762 patent is invalid for failure to comply with one or more of the conditions of patentability and/or requirements specified in Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

20.    A judicial declaration of noninfringement of the '762 patent is necessary and appropriate to resolve this controversy.

21.    A judicial declaration of invalidity of the '762 patent is necessary and appropriate to resolve this controversy.

## COUNT III
### Declaratory Judgment Counterclaim for a
### Declaration of Patent Noninfringement and Invalidity

22.    Alexion incorporates and realleges Paragraphs 1-21 as if set forth herein.

23.    PDL has created an actual and justiciable controversy between itself and Alexion regarding whether Alexion has infringed any valid and enforceable claim of the '370 patent.

24.    Alexion has not infringed any claim of the '370 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

25.    To the extent that PDL asserts infringement of any claim of the '370 patent based on any act of making, using, offering to sell, or selling within the United States, or importing into

7

the United States, any accused product solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products or medical devices, that activity cannot constitute infringement under 35 U.S.C. § 271(e)(1).

26. Each claim of the '370 patent is invalid for failure to comply with one or more of the conditions of patentability and/or requirements specified in Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

27. A judicial declaration of noninfringement of the '370 patent is necessary and appropriate to resolve this controversy.

28. A judicial declaration of invalidity of the '370 patent is necessary and appropriate to resolve this controversy.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim Plaintiff Alexion prays for entry of judgment:

A. Dismissing PDL's Complaint, and all claims therein, with prejudice;

B. Declaring that Alexion has not infringed any claim of the '761 patent;

C. Declaring that Alexion has not infringed any claim of the '762 patent;

D. Declaring that Alexion has not infringed any claim of the '370 patent;

E. Declaring that each claim of the '761 patent is invalid;

F. Declaring that each claim of the '762 patent is invalid;

G. Declaring that each claim of the '370 patent is invalid;

H. Enjoining PDL, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, and its parents, successors, and assigns, from directly or indirectly charging infringement, or instituting any further action for infringement of the '761 patent against Alexion and/or any of its affiliates, customers, licensees, or potential customers or licensees, in connection with any product accused of infringement in this action, including Alexion's Soliris™;

I.      Enjoining PDL, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, and its parents, successors, and assigns, from directly or indirectly charging infringement, or instituting any further action for infringement of the '762 patent against Alexion and/or any of its affiliates, customers, licensees, or potential customers or licensees, in connection with any product accused of infringement in this action, including Alexion's Soliris™;

J.      Enjoining PDL, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, and its parents, successors, and assigns, from directly or indirectly charging infringement, or instituting any further action for infringement of the '370 patent against Alexion and/or any of its affiliates, customers, licensees, or potential customers or licensees, in connection with any product accused of infringement in this action, including Alexion's Soliris™;

K.      Declaring this case to be exceptional within the meaning of 35 U.S.C. § 285 and awarding Alexion the attorney fees, costs, and expenses that it incurs in connection with any of the issues raised by PDL's Complaint and/or Alexion's Answer and Counterclaims to that Complaint;

L.      Awarding Alexion such other and further relief as the Court deems just and proper.

DB02:6019238.1                                                            066185.1001

DATED:  June 4, 2007

YOUNG CONAWAY STARGATT & TAYLOR LLP

_____
Josy W. Ingersoll (I.D. #1088)
Andrew Lundgren (I.D. #4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19801
Telephone:  (302) 571-6600

*Attorneys for Alexion Pharmaceuticals, Inc.*

*Of Counsel*:

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

DB02:6019238.1                                              066185.1001

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on June 4, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> Karen Jacobs Louden, Esquire
> Morris Nichols Arsht & Tunnell LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347

I further certify that on June 4, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY E-MAIL**

> Matthew D. Powers, Esquire
> Vernon M. Winters, Esquire
> John D. Beynon, Esquire
> Weil, Gotshal & Manges LLP
> 201 Redwood Shores Parkway
> Redwood Shores, CA  94065

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll  (No. 1088)
Andrew A. Lundgren (No. 4429)
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
alundgren@ycst.com

*Attorneys for Defendant.*