# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Karen Jacobs Louden
(302) 351-9227
(302) 425-4681 Fax
klouden@mnat.com

August 2, 2007

**BY E-FILING**

The Hon. Mary Pat Thynge
United States District Court
844 N. King Street
Wilmington, DE 19801

Re:   PDL Biopharma, Inc. v. Alexion
      Pharmaceuticals, Inc., C.A. No. 07-156 (***)

Dear Judge Thynge:

In anticipation of the scheduling teleconference set for August 7, 2007 at 10:30 a.m., we submit on behalf of the parties a proposed Scheduling Order. The parties have agreed upon this Order in all respects, except they dispute whether the Order should contain a date by which Alexion must elect whether it is relying on any opinions of counsel. The parties' positions on this issue are set forth in paragraph 3(a) of the proposed Order.

Respectfully,

/s/ Karen Jacobs Louden

Karen Jacobs Louden

/cbh

cc:   Vernon M. Winters, Esq. (by email) (w/enc.)
      Andrew A. Lundgren, Esq. (by email and hand) (w/enc.)
      Gerald J. Flattmann, Jr., Esq. (by email) (w/enc.)

1093132

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PDL BIOPHARMA, INC.,<br><br>      Plaintiff and Counter-Defendant,<br><br>v.<br><br>ALEXION PHARMACEUTICALS, INC.,<br><br>      Defendant and Counter-Claimant. | C. A. No. 07-156 (***) |

## SCHEDULING ORDER

This ___ day of **August, 2007**, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on **August 7, 2007**, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **December 7, 2007**.

3. <u>Discovery</u>.

a. <u>Limitation on Hours for Deposition Discovery, Limits on Interrogatories, and Disclosure of Election to Rely on Opinion(s) of Counsel</u>. Each side is limited to a total of 100 hours of taking testimony by deposition upon oral examination, and is limited to 30 interrogatories per party. [Alexion shall have to and including February 15, 2008 to disclose to PDL whether Alexion is relying on any opinion(s) of counsel.]

[*PDL's statement regarding election to rely on opinion(s) of counsel*: Alexion has three objections to a February 15, 2008 date for Alexion's decision whether to rely on opinion(s) of counsel. *First*, it objects that the decision comes before claim construction briefing and hearing. It <u>should</u> come before claim construction briefing and hearing. Whatever issues the opinion(s) addressed (infringement or validity), the opinion(s) would necessarily have had to have taken a position on claim construction. The parties – and the Court – should be aware of Alexion's pre-litigation position on claim construction to be able, as just one example, to explore any inconsistencies between Alexion's pre-litigation position and its litigation position. *Second*, Alexion posits that the Federal Circuit will have failed to decide *In re Seagate Technologies LLP* by next February 15, 2008 – nearly seven months from now. The Federal Circuit took that case *en banc* on January 26, 2007 (*see* 214 Fed.Appx. 1997), and heard oral argument on June 7, 2007 (audio file available at http://www.cafc.uscourts.gov/oralarguments/mp3/06-M830.mp3); there is no reason to think that the Federal Circuit will fail to resolve the case before February 15, 2008. If for some reason there is extra delay in the Federal Circuit's resolution of *Seagate*, the parties can revisit the issue at a later date. *Third*, if Alexion does move to bifurcate, the February 15 date can be adjusted, if required, based on the resolution of that as-yet-unfiled motion.]

[*Alexion's statement regarding election to rely on opinion(s) of counsel*: Defendant Alexion disagrees with PDL's proposed date of February 15, 2008 to disclose to PDL whether Alexion will rely on advice of counsel as a defense to PDL's count of willful infringement. Alexion has already informed PDL that it intends to move the Court to bifurcate the issues of willful infringement and exceptional case from the liability issues of patent infringement and

2

validity, both for the purposes of discovery and trial. Moreover, the Federal Circuit's pending en banc decision in the case of *In re Seagate Technologies LLP* will likely impact Alexion's decision whether or not to rely on advice of counsel as a defense to PDL's count of willful infringement. Alexion is not suggesting, as PDL asserts, that *Seagate* will not be decided before February 15, 2008, but merely that it is premature to agree to a date certain for disclosure when the law regarding willfulness and reliance on advice of counsel is in its current state of flux. In any circumstance, PDL's proposed date is premature because it occurs prior to the parties' agreed date for *Markman* hearing and the Court's *Markman* decision. Alexion thus requests, that in the event the issues of willfulness and exceptional case are not bifurcated, the Court set a date for disclosure regarding reliance on advice of counsel no earlier than the expected date of the Court's *Markman* decision.]

      b.      **[INTENTIONALLY REMOVED]**

      c.      <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before **July 2, 2008**. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

      d.      <u>Disclosure of Expert Testimony</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **July 25, 2008**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **August 29, 2008**. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert depositions shall be completed by September 28, 2008.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

e.  <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. **Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).** Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4.  <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>ADR Process</u>. To be discussed during the Rule 16 conference.

7. <u>Interim Status Report</u>. On **April 4, 2008**, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>. On **April 18, 2008**, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at **2 p.m. Eastern.** Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. The parties shall provide the Court by **May 16, 2008**, a tutorial on the technology at issue. In that regard, each party may submit a videotape/CD of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes/CDs. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **October 24, 2008**. Answering briefs shall be due November 7, 2008, and reply briefs shall be due November 21, 2008. The hearing shall be held on December 12, 2008.

11. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **February 15, 2008**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **March 7, 2008**. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on **April 11, 2008**. The parties' answering/responsive briefs shall be contemporaneously submitted on **May 2, 2008**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

13. <u>Hearing on Claim Construction</u>. Beginning at **9:30 a.m. Eastern** on **May 30, 2008**, the Court will hear evidence and argument on claim construction and summary judgment.

14. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Pretrial Conference</u>. On **February 17, 2009**, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at **9:30 a.m. Eastern.** Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the

Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **February 9, 2009**.

16. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. <u>Jury Instructions, *Voir Dire*, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed *voir dire*, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed *voir dire*, special verdict forms, and jury interrogatories.

18. <u>Trial</u>. This matter is scheduled for a **10-day** trial beginning at 9:00 a.m. on **March 16, 2009** with the subsequent trial days beginning at 9:00 a.m. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of **25 hours** to present their case.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE