IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PDL BIOPHARMA, INC., <br><br>        Plaintiff and Counter-Defendant, <br><br>    v. <br><br>ALEXION PHARMACEUTICALS, INC., <br><br>        Defendant and Counter-Claimant. | C. A. No. 07-156 (***) |

**STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

1.    Introduction.

    1.1    Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff and Counter-Defendant, PDL BioPharma, Inc. ("PDL"), and Defendant and Counterclaimant, Alexion Pharmaceuticals, Inc. ("Alexion"), by and through their respective counsel, hereby stipulate to the following Stipulated Confidentiality Protective Order for the protection of confidential information, documents, and other things produced, served, or otherwise provided in this action by the parties or by non-parties:

2.    Designated Material.

    2.1    Information, documents, material, testimony, and/or discovery responses may be designated pursuant to this Stipulated Confidentiality Protective Order by the person or entity producing, serving, filing, or lodging it or by any party to this action (the "Designating Party") if: (a) produced or served in this action, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or (b) filed or lodged with the Court. All such information, documents, material, testimony, and responses, and all information or material derived from it constitutes "Designated Material" under this Stipulated Confidentiality Protective Order.

    2.2 Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all Designated Material shall be used only for purposes of this litigation, shall not be used for any business, patent prosecution, or governmental purpose, and shall not be used or disclosed by the party receiving the Designated Material except as provided under the terms of this Stipulated Confidentiality Protective Order.

  3. <u>Access</u>.

    3.1 <u>Materials Designated CONFIDENTIAL</u>.  Subject to the limitations set forth in this Stipulated Confidentiality Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purposes of avoiding disclosure of proprietary or trade secret technical information and specifications, of avoiding invasions of individual privacy, and of protecting proprietary business and/or non-public financial information relating to the Designating Party's business, personal, or financial affairs.  Materials designated CONFIDENTIAL may be disclosed only to:

      (a) Any current officer, director, or employee of the party or entity that first designated the Designated Material as CONFIDENTIAL;

      (b) Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee, or recipient thereof;

      (c) "Outside Counsel" for the parties to this action, as well as the partners, associates, and employees of such counsel, and court reporters, videographers, graphics vendors, photocopy services, and translators retained by said counsel at arms length in the regular course of business, whose duties and responsibilities require access to that Confidential Information.  Unless otherwise expressly approved through written stipulation or order, Outside Counsel shall include only the law firms of:

        (i) Weil, Gotshal & Manges LLP, counsel of record for PDL;

        (ii) Morris, Nichols, Arsht & Tunnell LLP, counsel of record for PDL;

        (iii) Kirkland & Ellis LLP, counsel of record for Alexion; and

      (iv) Young, Conaway, Stargatt & Taylor, counsel of record for Alexion.

   (d) Non-party experts and consultants retained or employed by Outside Counsel to assist in the preparation of the case ("Outside Consultants"), to the extent reasonably necessary to render professional services in this action, subject to the disclosure requirements of Section 3.4;

   (e) Five (5) in-house counsel, officers and/or employees from each party, whose identity (including full name, title, professional address, affiliation and all other present employment and/or consultancies) shall first be fully designated in writing and a certification submitted pursuant to Section 4.1 signed by the in-house counsel, officer or employee, both to be served by hand or email on counsel for the opposing party at least five (5) business days prior to potential disclosure of Designated Materials marked CONFIDENTIAL to the Designating Party's in-house counsel, officers and/or employees ("Designees");

      (i) If any of the Designees ceases to be an officer and/or employee of the Designating Party, that party shall so notify the opposing party in writing, identifying the Designee's new employer and professional addresses and/or affiliations and all other present employment and/or consultancies, and shall either (A) certify that the departing Designee has not retained any CONFIDENTIAL materials, and at its option designate a replacement Designee consistent with the provisions of this section, or (B) notify the opposing party in writing of its intention to continue to use the designee as a consultant, in which case the opposing party may object to the continued use of the departed Designee under the provisions of Section 3.1(e)(ii).

      (ii) If the opposing party objects to disclosure of CONFIDENTIAL material to any Designee, the opposing party shall serve by email and United States mail its objection in writing to the Designating Party's counsel within five (5) business days of the designation. The parties shall meet and confer to resolve any objections informally. If objections are made but not resolved informally, the opposing party may move within ten (10)

business days following its notice of objection for a protective order preventing disclosure of CONFIDENTIAL materials to the Designees to which it has timely objected. In the event the opposing party brings such a motion, it shall bear the burden of proving that the disclosure of CONFIDENTIAL materials to any Designee would cause the opposing party unwarranted prejudice, annoyance, embarrassment or oppression. Such Designee(s) cannot have access to the Designated Material until the relevant time periods (including any timely pending motion) expire.

    (f)  The Court and Court personnel.

  3.2  <u>Materials Designated OUTSIDE ATTORNEYS AND CONSULTANTS ONLY</u>. Subject to the limitations in this Stipulated Confidentiality Protective Order, Designated Materials may be marked "OUTSIDE ATTORNEYS AND CONSULTANTS ONLY". Information appropriate for designation as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY presumptively include:

- documents reflecting unpublished research and development efforts within PDL or Alexion that have not been disseminated outside of either company, except under written confidentiality obligations that still apply to the materials;
- any unpublished, pending or contemplated United States or foreign patent application, PCT application or any such continuation of any issued patent of either party;
- the parties' non-public, proprietary information that is not published or otherwise disseminated outside of either company, except under written confidentiality obligations that still apply to the materials;
- invention disclosures not currently subject to any aforementioned patient applications; and
- financial projections, sales volumes, costs, profit margins, and other financial trade secrets.

Information not described in the preceding sentence shall be rebuttably presumed not to be appropriate for OUTSIDE ATTORNEYS AND CONSULTANTS ONLY designation. OUTSIDE ATTORNEYS AND CONSULTANTS ONLY materials can only be reviewed by or disclosed to:

  (a) Any current officer, director, or employee of the party or entity that designated the Designated Material as OUTSIDE ATTORNEYS and CONSULTANTS ONLY;

  (b) Persons who appear on the face of Designated Materials marked OUTSIDE ATTORNEYS AND CONSULTANTS ONLY as an author, addressee, or recipient thereof;

  (c) Outside Counsel for the parties to this action as defined above, who are not "associated with the filing and prosecution of a patent application" as that phrase is used in 37 C.F.R. § 1.56 and the case law interpreting it;

  (d) Non-party experts and consultants retained or employed by Outside Counsel to assist in the preparation of the case ("Outside Consultants"), to the extent reasonably necessary to render professional services in this action, subject to the disclosure requirements of Section 3.4.

  (e) The Court and Court personnel.

  3.3 If any party wishes to disclose information or materials designated under this Protective Order as CONFIDENTIAL, or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY to any Outside Consultant, it must first identify that individual to the attorneys for the Designating Party and submit a certification pursuant to Section 4.2 signed by the Outside Consultant. Such identification shall at least include the full name and professional address and/or affiliation of the individual, his or her prior employment, consultancies and testimony for the previous five years, and all of the person's other present employment and consultancies in the field of recombinant DNA and monoclonal antibody technologies for developing novel therapeutic agents or to the production of non-immunogenic antibodies for a

predetermined antigen antibodies. The Designating Party shall have seven (7) business days from receipt of such identification and signed certification to object in writing to disclosure to any individual so identified. The parties shall confer in an attempt to resolve any objections informally, and approval by the Designating Party shall not be unreasonably withheld. If the objections cannot be resolved, the objecting party may move within ten (10) business days following its objection for a protective order preventing disclosure of CONFIDENTIAL, or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY materials to the individual. If such a motion is made, the party seeking to prohibit disclosure shall bear the burden of proving that the disclosure is inappropriate. Such outside Consultant(s) cannot have access to Designated Material until the relevant time periods (including resolution of any timely pending motion) expire.

       4.       <u>Certificates Concerning Designated Materials</u>.

       4.1       Each person other than Outside Counsel, as defined above, to whom any Designated Material may be disclosed pursuant to this Stipulated Confidentiality Protective Order shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Stipulated Confidentiality Protective Order and shall certify under penalty of perjury that he or she has carefully read the Stipulated Confidentiality Protective Order and fully understands its terms and agrees to be bound thereby. This certificate shall be in the form attached as Exhibit A. Counsel who make any disclosure of Designated Materials shall retain each original executed certificate.

       4.2       In addition, each Outside Consultant to whom any Designated Material will be disclosed shall, prior to disclosure of such material, execute the Certification of Consultant in the form attached hereto as Exhibit A. Counsel who makes any disclosure of Designated Materials shall retain each original executed Certification of Consultant.

       5.       <u>Use Of Designated Materials By Designating Party</u>.

       5.1       Nothing in this Stipulated Confidentiality Protective Order shall limit any Designating Party's use of its own documents and information nor shall it prevent the

Designating Party from disclosing its own confidential information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Stipulated Confidentiality Protective Order, so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

  6.  <u>Designating Materials</u>.

    6.1  Documents, materials and discovery responses, in whole or in part, may be designated as CONFIDENTIAL or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY as follows:

      (a)  The producing or responding party shall designate materials by placing the legend CONFIDENTIAL or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY on each page of the materials prior to production.

      (b)  When a party wishes to designate as CONFIDENTIAL or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY materials produced by another person or entity, such designation shall be made:

        (i)  Within fourteen (14) days from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

        (ii)  By notice to all parties to this action and to the producing party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material). Such notice shall be sent by email and regular mail.

        (iii)  Such designation by the non-producing party shall not affect the producing party's access to the Designated Material.

    6.2  Upon notice of such designation by a person or entity other than the producing party, all persons receiving notice of the requested designation of materials shall:

      (a)  Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Stipulated Confidentiality Protective Order;

      (b)    Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Stipulated Confidentiality Protective Order; and

      (c)    Take reasonable steps to reclaim or prevent access to such Designated Material or information in the possession or control of any person not permitted to have access under the terms of this Stipulated Confidentiality Protective Order.

7.    <u>Designating Depositions</u>.

7.1    Deposition testimony and transcripts or portions thereof may be designated as CONFIDENTIAL or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY by a party during deposition testimony taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as CONFIDENTIAL or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY.

7.2    Where testimony is designated at a deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Stipulated Confidentiality Protective Order to receive such Designated Material.

7.3    Any party may, within fifteen (15) days after receiving an official copy (i.e., not a "rough" or ASCI copy) of a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material. If any party so designates such material, the parties or deponents shall provide written notice of such designation to all parties within the fifteen day period. Designated Material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions CONFIDENTIAL or OUTSIDE ATTORNEYS AND CONSULTANTS ONLY. Until the expiration of the fifteen day period, any portion of the deposition not previously designated shall be treated as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY and subject to protection as provided by this Stipulated Confidentiality Protective Order. After the expiration of the fifteen day period, if no party or deponent has timely designated any additional material, then such undesignated transcript and/or exhibits may be disclosed without restriction.

8. <u>Copies</u>.

8.1 All complete or partial copies of Designated Materials shall also be deemed subject to the terms of this Stipulated Confidentiality Protective Order.

9. <u>Court Procedures</u>.

9.1 <u>Disclosure of Designated Material to Court Officials</u>. Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court) and the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

9.2 <u>Filing Designated Materials with the Court</u>. In applications and motions to the Court, all Designated Material lodged or filed with the Court shall be lodged or filed in a sealed envelope or container on which shall be affixed a cover sheet, which shall contain an indication of the nature of the contents, and prominently display the notation "**DOCUMENT FILED UNDER SEAL**," and a statement substantially as follows:

(a) **THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A STIPULATED CONFIDENTIALITY PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT**.

9.3 The submission shall indicate clearly which portions are Designated Materials. The parties shall comply with all applicable Local Rules, Orders, or Standing Orders in filing or lodging Designated Material. The notation "**DOCUMENT FILED UNDER SEAL**" shall also be made on the document itself, as well as on the cover sheet.

9.4 <u>Failure to File Under Seal</u>. If any party fails to file or lodge Designated Materials under seal, the Designating Party or any party to this action may request that the Court place the Designated Materials under seal within five (5) days of the filing or lodging of said Designated Materials.

10. <u>Objections</u>.

10.1    A party may challenge the propriety of any designation under this Stipulated Confidentiality Protective Order at any time.  A challenge may be made by serving on all other parties a written notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged and state the basis for each challenge ("Notice of Objection").  Service of a Notice of Objection shall be made by email and by mail.

10.2    The parties shall meet and confer in a good faith attempt to resolve the matter.  It shall be the burden of the designating persons(s) under such circumstances to establish that the information so designated is properly CONFIDENTIAL or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY within the meaning of this Stipulated Confidentiality Protective Order.  Unless and until the parties agree otherwise or the Court directs otherwise, such Designated Material shall continue to be treated as subject to the restrictions of this Stipulated Confidentiality Protective Order, except that if the Designating Party does not respond at all to the written notice of objections within twenty (20) days after service thereof, such objections shall be deemed justified and the challenged material shall be deemed de-designated.

11.    <u>Client Communication</u>.  Nothing in this Stipulated Confidentiality Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material.  In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose any Designated Material, except as permitted by this Stipulated Confidentiality Protective Order.

12.    <u>No Prejudice</u>.

12.1    This Stipulated Confidentiality Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

12.2     Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Stipulated Confidentiality Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

12.3     If any person required to produce documents inadvertently produces any Designated Material without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Stipulated Confidentiality Protective Order.  Upon receipt of such notice, the receiving party shall treat the inadvertently produced documents in accordance with new designation and return the inadvertently produced documents to the producing party.

12.4     Prior to the pretrial conference, the parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial.

12.5     Any inadvertent production of documents containing privileged information shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity from production.  Both parties specifically reserve the right to demand the return of any privileged documents that it may produce inadvertently during discovery if the producing party determines that such documents contain privileged information.  After receiving written notice of such inadvertent production by the producing party, the receiving party agrees to make reasonable and good faith efforts to locate and return to the producing party all such inadvertently produced documents within five (5) days.  Nothing in this provision shall preclude the party returning such information from making a motion to compel production of the returned information.

12.6     The restrictions as to use or dissemination of information or materials, set forth in any of the preceding paragraphs shall not apply as to:

(a)     Any information which at the time of the designation under this Stipulated Confidentiality Protective Order is available to the public;

(b) Any information which after designation under this Order becomes available to the public through no act, or failure to act, attributable to the receiving party or its counsel;

(c) Any information which the receiving party, its counsel, or any recipient of Designated Material under this Order can show as a matter of written record was already known to the receiving party.

13. Modification and Survival.

13.1 Modification. All parties reserve the right to seek modification of this Stipulated Confidentiality Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this Stipulated Confidentiality Protective Order for any reason. The restrictions imposed by this Stipulated Confidentiality Protective Order may only be modified or terminated by written stipulation of all parties or by order of this Court.

13.2 Survival and Return of Designated Material. This Stipulated Confidentiality Protective Order shall survive termination of this action. Upon final termination of the action, including appeals and retrials, and at the written request of the Designating Party, all Designated Material, including deposition testimony regarding designated exhibits and all copies thereof, shall be returned to Outside Counsel for the Designating Party (or, if such party is not represented by counsel, directly to the Designating Party) or, at the option of the Designating Party, destroyed. Upon request for the return or destruction of Designated Materials, Outside Counsel for the receiving party shall certify their compliance with this provision and shall deliver such certification to Outside Counsel for the Designating Party not more than ninety (90) days after the written request to return or destroy Designated Materials.

13.3 Archival Copies. Notwithstanding the provisions for return or destruction of Designated Material, Outside Counsel may retain pleadings, attorney and consultant work product, deposition transcripts and exhibits containing Designated Material, as well as one copy of each item of Designated Material for archival purposes.

14.     **No Contract**.  This Stipulated Confidentiality Protective Order is for the Court's consideration and approval as an order.  It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

15.     **Court's Retention of Jurisdiction**.  The Court retains jurisdiction to make such amendments, modifications, and additions to this Stipulated Confidentiality Protective Order as it may from time to time deem appropriate.

16.     **Other Proceedings**. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated CONFIDENTIAL or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | YOUNG, CONAWAY, STARGATT & TAYLOR, LLP |
|---|---|
| */s/ Karen Jacobs Louden (#2881)* <br> Jack B. Blumenfeld (#1014) <br> Karen Jacobs Louden (#2881) <br> 1201 N. Market Street <br> P.O. Box 1347 <br> Wilmington, DE   19899-1347 <br> (302) 658-9200 <br> klouden@mnat.com <br> *Attorneys for Plaintiff and Counter-Defendant PDL BioPharma, Inc.* | */s/ Josy W. Ingersoll (#1088)* <br> Josy W. Ingersoll (#1088) <br> Andrew A. Lundgren (#4429) <br> The Brandywine Building <br> 1000 West Street, 17th Floor <br> P.O. Box 391 <br> Wilmington, DE   19899 <br> (302) 571-6600 <br> jingersoll@ycst.com <br> *Attorneys for Defendant and Counter-Claimant Alexion Pharmaceuticals, Inc.* |

SO ORDERED this _____ day of _____, 2007

_____
Magistrate Judge Mary J. Thynge

# EXHIBIT A

## **EXHIBIT A**

**Certification Concerning Material Covered By Confidentiality Protective Order**

I, the undersigned, hereby certify that I have read the attached Stipulated Confidentiality Protective Order entered in the lawsuit before the United States District Court for the District of Delaware entitled *PDL Corporation v. Alexion Corporation*, Case No. C. A. No. 07-156. I understand the terms of this Stipulated Confidentiality Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court for the District of Delaware in any proceeding related to the enforcement of this Stipulated Confidentiality Protective Order, including any proceedings related to contempt of Court. I will not disclose Designated Materials marked CONFIDENTIAL or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY to anyone other than persons specially authorized by the Order and agree to return all such material which come into my possession to counsel from whom I received such materials.

Name of Individual: _____

Present occupation/job description: _____

_____

Name of Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this action and its parties: _____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    _____
                                                                          Signature