## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PDL BIOPHARMA, INC. <br><br> Plaintiff, <br><br> v. <br><br> ALEXION PHARMACEUTICALS, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: 07-CV-156-*** <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO BIFURCATE AND STAY DISCOVERY AND TRIAL OF DAMAGES AND WILLFULNESS ISSUES

YOUNG CONWAY STARGATT & TAYLOR LLP
Josy W. Ingersoll (I.D. #1088)
Andrew Lundgren (I.D. #4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19801
Telephone: (302) 571-6600

*Attorneys for Defendant*

*Of Counsel:*

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY 1002
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Dated: October 4, 2007

Defendant Alexion Pharmaceuticals, Inc. ("Alexion") respectfully submits this reply brief in further support of its Motion To Bifurcate And Stay Discovery And Trial Of Damages and Willfulness Issues (D.I. 32).

## SUMMARY OF THE ARGUMENT

The Court should exercise its discretion to order bifurcation and stay of discovery and trial of damages and willfulness issues based on both the law and the particular facts of this case. This Court "typically" orders bifurcation in patent cases, as evidenced by the bifurcation of several recent pharmaceutical cases. Bifurcation is particularly appropriate here because of the parties' mutual willingness to explore a negotiated resolution of this action. Under such circumstances, the efficiencies of bifurcation, including conservation of the Court's and the parties' time, effort and resources, are particularly compelling.

Moreover, separating discovery and trial of liability and damages would focus the parties on the dispositive issues of non-infringement and invalidity. In the unlikely scenario that both trials would be necessary, there would be little or no duplicative discovery because there is minimal, if any, overlap between the evidence needed to prove liability and the evidence needed to prove damages. In addition, the bifurcation and stay of discovery and trial of damages and willfulness is timely and should be ordered before the parties expend any more efforts in preparation for a combined trial.

## ARGUMENT

**A.    The Requested Bifurcation And Stay Of Discovery And Trial Of Damages And Willfulness Issues Is Warranted By The Facts Of This Case**

The facts of this case and the current state of the law both weigh heavily toward bifurcation. PDL does not dispute that the Court has broad discretion when deciding whether to

2

bifurcate a particular case, nor that the Court's decision should be based on the "overall equities" of the case. (D.I. 35 at 5). PDL admits that "most cases settle before they reach trial" and that the parties should prefer a negotiated resolution of this dispute to "let[ting] a jury control the economic aspects of [their] business." (D.I. 35 at 11-12). Indeed, both parties have already demonstrated their preference of a negotiated solution by agreeing to non-binding mediation. (D.I. 37).

PDL argues that "full discovery" will enlighten Alexion about PDL's other licenses and show Alexion that it should follow suit. (D.I. 35 at 11-12). PDL is wrong for at least two reasons. First, no amount of damages discovery will change the fact that Soliris™, Alexion's accused product, does not infringe the patents-in-suit. Second, because most substantive information revealed during the damages discovery, such as sales and royalty rates, will undoubtedly limited to outside counsel pursuant to the protective order, the parties will gain little knowledge that would be useful in "facilitat[ing] settlement discussions." (D.I. 35 at 11). If any pre-trial discovery has the potential to stimulate a settlement between the parties, it would be discovery on *liability* issues, not damages. Therefore, bifurcating and staying discovery on damages and willfulness would (1) encourage both parties to concentrate on the issues in this dispute that are likely to be dispositive, *i.e.*, the issues of non-infringement and invalidity, and (2) diminish the likelihood that complex and invasive damages discovery will ever become necessary.

PDL also argues that "Alexion fails to … even argue … that unified damages discovery and trial would cause prejudice." PDL is wrong. Alexion demonstrated in its opening brief that trying enhanced damages together with liability would cause Alexion prejudice. (D.I. 33 at 9-11). Indeed, if forced to defend against the accusations of willful infringement during the liability trial, Alexion would have to forego an available defense of advice of counsel, or waive the privilege associated with opinions of counsel. *St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*, No. Civ.A.01-557-JJF, 2002 WL 1901268, *2 (D. Del. Aug. 16, 2002); D.I. 33 at 10. In addition, trying liability and damages together, where there is a real possibility that only

liability issues will have to be tried, would cause significant unnecessary expense for both parties, and thus result in further prejudice.

In sum, the realities of this case dictate that bifurcation and stay of all damages issues is an appropriate tool to achieve the three goals of Rule 42(b): convenience, judicial economy, and avoiding undue prejudice.

## B.    Substantial Overlap Does Not Exist Between Liability And Damages Evidence In This Case

PDL's argument that substantial overlap exists between liability and damages is based on assertions that, if true, would weigh against bifurcation in every patent case. Rather than point to the specific facts of this case, PDL instead merely highlights similar terms, such as "commercial success" in an effort to analogize patent infringement and damages analyses. (D.I. 35 at 7). But if such generalizations were true or sufficient, they would justify a denial of bifurcation in every circumstance. Indeed, given the broad range of factors potentially relevant to the analysis of obviousness, *see, e.g.*, *In re Rouffet*, 149 F.3d 1350, 1355 (Fed. Cir. 1998) (listing eleven factors), and a reasonable royalty, *see, e.g.*, *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (listing fifteen factors), a party opposing bifurcation will always be able to point to some potential overlap between the two analyses.[1] Nonetheless, that overlap is usually small and, "[t]ypically, courts bifurcate patent cases into liability and damage trials." *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 521 (D. Del. 2002).

---

[1]    The only case PDL relies upon to support their overbroad assertion, *Joy Technologies*, is inapposite. *See Joy Techs., Inc. v. Flakt, Inc.*, 772 F. Supp. 842, 848 (D. Del. 1991). That case did not hold that limited overlap infringement and validity issues with damages issues is sufficient to forestall bifurcation. (D.I. 35 at 8, n. 31). In that case, the Court was persuaded against bifurcation by the fact that defendant's affirmative defense of laches would force the plaintiff "to inquire into alleged damages during the liability phase of the trial." *Id.* Alexion has not presented an affirmative defense of laches in the present case.

Here, the overlap of discovery for liability and damages issues -- if any exists -- is minimal. PDL does not dispute the large volume of discovery on liability issues necessary for this case. Nor does PDL dispute that there is a large volume of damages discovery. Instead, PDL points to a small subset of overlap between liability and damages issues. But that minimal overlap is not sufficient to preclude bifurcation. For example, to the extent commercial success is relevant here, that inquiry involves only minimal discovery -- not the extensive discovery (such as agreed-upon royalties; actual royalties comprised of payments divided by licensees' sales; royalties paid for comparable patents; and detailed analysis of the nature and scope of each license) required to prove reasonable royalty damages. *See Georgia-Pacific*, 318 F. Supp. at 1120. Moreover, the analysis of obviousness and reasonable royalty is starkly different, and different fact and expert witnesses are necessary to prove these distinct legal theories. Similarly, the element-by-element analysis of each patent claim necessary to prove anticipation is distinct from the "advantages... over the old modes or devices" relevant to damages. Thus, the minimal overlap PDL points to does not render of the necessary damages discovery duplicative. Indeed, if the damages discovery were to proceed *after* the bifurcated liability trial, the minimal portions of overlapping evidence would only create further efficiencies, as the discovery from the liability trial would also be available in the damages trial.

Finally, PDL's claim that Alexion's Rule 26(a) Initial Disclosures suggest an overlap in issues lacks substance. The excerpt that PDL uses to illustrate its point, concerning individuals "likely to have discoverable information that the disclosing party may use to support its claims or defenses", is a direct quote from the Federal Rules of Civil Procedure, Rule 26(a)(1)(A). In a good faith attempt to comply with the Rules of Civil Procedure, Alexion in its Initial Disclosures identified the witnesses who may have information that could be used to support any argument that Alexion expects to advance in this case. Alexion certainly expects to defend against any of PDL's claims of damages if the damages trial goes forward, and accordingly, set forth witnesses with knowledge regarding licensing of the patents-in-suit. Thus,

Alexion's representations in its brief that some of the listed witnesses are relevant only to damages are consistent with its Initial Disclosures.

As set forth above and in Alexion's opening brief, (D.I. 33 at 7-8), there is no substantial overlap between liability and damages evidence in this case. PDL's argument to the contrary is based on superficial similarities that cannot withstand close scrutiny. If PDL's broad argument were credible, courts could never allow bifurcation of liability and damages. Yet, this Court has historically favored such a solution, and has ordered bifurcation in several recent pharmaceutical cases. *See e.g. Novozymes v. Genencor Int'l, Inc.*, 474 F. Supp. 2d 592 (D. Del. 2007); *Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 189 (D. Del. 2004); *Pfizer Inc. v. Ranbaxy Labs Ltd.*, No. Civ.A.03-209-JJF, 2004 WL 1376586 (D. Del. June 18, 2004); *Allergan, Inc. v. Pharmacia Corp.*, No. Civ.A.01-141-SLR, 2002 WL 1268047 (D. Del. May 17, 2002).

## C.    Substantial Overlap Does Not Exist Between Liability And Willfulness Evidence In This Case

Plaintiff's argument that willfulness overlaps with inducement of infringement is similarly flawed. Indeed, PDL attempts to rely on the 1992 *Read* case, recently overturned by *In re Seagate*, to advance its baseless legal argument.[2]  Contrary to PDL's argument, "[t]he state of mind of the accused infringer is not relevant to this objective inquiry [of willfulness]." *In Re Seagate* at *5. On the other hand, inducement requires "proof of actual intent to cause the acts which constitute the infringement..." *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990). Thus, inducement and willfulness are two very different inquiries: the former is focused on Alexion's subjective knowledge of non-parties' likelihood of infringement of the patents-in-suit, the latter on an objective inquiry into the reasonableness of Alexion's conduct. Therefore, the overlap in the evidence required to prove inducement of infringement and that required to prove willfulness -- if any exists -- is minimal.

---

[2]    *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992); *In Re Seagate Tech., LLC*, Misc. No. 830, 2007 WL 2358677 (Fed. Cir. Aug. 20, 2007).

**D.    Bifurcating And Staying Discovery And Trial Of Damages Will Aid,
Not Prejudice, PDL**

PDL stands to gain from the bifurcated discovery and trial, and has little or

nothing to lose. The claim that PDL "would be prejudiced by the bifurcation and stay delay" is

without merit. (D.I. 35 at 9). In its complaint PDL seeks only monetary damages, and explicitly

states that it will not seek an injunction. (D.I.1 at ¶ 5). Even if the ultimate judgment favors

PDL, it will still be entitled to damages that accrued up to the date of the judgment. On the other

hand, two of Alexion's reasons for seeking separate trials and discovery -- speedier resolution

and economy of resources -- are at least as beneficial to PDL as they are to Alexion. Thus, PDL

cannot legitimately claim that it would be prejudiced by bifurcation and stay the discovery and

trial of damages and willfulness issues.

**E.    Bifurcation And Stay of Discovery And Trial Of Damages And Willfulness Issues Is
Timely At This Point In The Case**

PDL argues that the Court should wait until just before trial to decide whether or

not to bifurcate. (D.I. 3513-14). However, the proper time to stay discovery and trial of

damages and willfulness issues in order to achieve the greatest benefit to the parties and the

Court is now — before the parties engage in extensive document and witness discovery, and

before any substantial preparations for trial have been made. This Court has acknowledged the

efficiencies of bifurcation and stay in such circumstances[3]: "A preliminary finding on the

question of liability may well make unnecessary the damages inquiry, and thus result in

substantial saving of time of the Court and counsel and reduction of expense to the parties."

*Smith v. Alyeska Pipeline Service Co.*, 538 F. Supp. 977, 983 (D. Del. 1982) (the Court stayed

discovery and trial of damages); *see also Novo Nordisk Pharmaceuticals, Inc v. Bio-Technology*

---

[3] The *Crown Packaging* case is incorrectly cited by the Plaintiff and does not support their assertion that "a
bifurcation and stay of discovery is in fact unusual." (D.I. 35 at 6); *Crown Pack'g Tech., Inc. v. Rexam
Beverage Can Co.*, 498 F. Supp. 2d 718 (D. Del. 2007).

*General Corp.*, No. Civ.02-332-SLR, 2004 WL 1739720, *1 (D. Del. Aug. 3, 2004) ("the court stayed the question of damages pending resolution of liability").

The sooner the parties can focus their efforts on litigating the question of liability, the fewer unnecessary resources will be expended. Thus, the Court should grant Alexion's motion.

## CONCLUSION

For all of the reasons set forth above, as well as those set forth in Alexion's Motion and Opening Brief, Alexion respectfully requests that the Court grant its motion and enter Alexion's proposed order bifurcating and staying discovery and trial of damages and willfulness issues pending resolution of the underlying liability issues.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP


*/s/ Andrew A. Lundgren*
Josy W. Ingersoll (I.D. #1088)
Andrew A. Lundgren (I.D. #4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19801
Telephone:  (302) 571-6600

*Attorneys for Defendant*

*Of Counsel:*

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY  1002
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Dated: October 4, 2007

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on October 4, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> Karen Jacobs Louden, Esquire
> Morris Nichols Arsht & Tunnell LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347

I further certify that on October 4, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

> **BY E-MAIL**
>
> Matthew D. Powers, Esquire
> Vernon M. Winters, Esquire
> John D. Beynon, Esquire
> Weil, Gotshal & Manges LLP
> 201 Redwood Shores Parkway
> Redwood Shores, CA 94065

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> */s/ Andrew A. Lundgren*
> Josy W. Ingersoll (No. 1088)
> Andrew A. Lundgren (No. 4429)
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600
> alundgren@ycst.com
>
> *Attorneys for Defendant.*