## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PDL BIOPHARMA, INC.,

      Plaintiff,

v.

ALEXION PHARMACEUTICALS, INC.,

      Defendant.

C.A. No. 07-CV-156 -***

## NOTICE OF SUBPOENAS

      PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant, Alexion Pharmaceuticals, Inc., by their counsel, served the subpoenas attached hereto as Exhibits 1-9 and directed to the following:

    (1)    Capital Royalty L.P.
    (2)    Care Capital, LLC
    (3)    Challenger Capital Group LTD
    (4)    Cowen Healthcare Royalty Partners
    (5)    Highland Capital Management LP
    (6)    Royalty Pharma
    (7)    The Bank of New York Mellon Corp.
    (8)    Third Point LLC
    (9)    TPG-Axon Capital

DATED:  October 17, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Andrew A. Lundgren*

Josy W. Ingersoll (I.D. #1088)
Andrew Lundgren (I.D. #4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
alundgren@ycst.com

*Attorneys for Alexion Pharmaceuticals, Inc.*

*Of Counsel*:

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on October 17, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> Karen Jacobs Louden, Esquire
> Morris Nichols Arsht & Tunnell LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347

I further certify that on October 17, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

### BY E-MAIL

> Matthew D. Powers, Esquire
> Vernon M. Winters, Esquire
> John D. Beynon, Esquire
> Weil, Gotshal & Manges LLP
> 201 Redwood Shores Parkway
> Redwood Shores, CA 94065

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
Andrew A. Lundgren (No. 4429)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
alundgren@ycst.com

*Attorneys for Defendant.*

# EXHIBIT 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN                    DISTRICT OF                    TEXAS

PDL BIOPHARMA, INC.

V.

ALEXION PHARMACEUTICALS, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    Civil Action No. 07-cv-156-***
District of Delaware

TO:    Capital Royalty L.P.
       1000 Main, Suite 2500
       Houston, TX 77002

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Lone Star Attorney Service, Inc., 6065 Hillcroft, Suite 609, Houston, TX 77081 | October 22, 2007, at 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Alexander L. Greenberg*    Attorney for Defendant | October 5, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alexander Greenberg, Esq.
Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022, (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
     (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
     (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
     (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling.  Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
     (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
          (i) fails to allow reasonable time for compliance;
          (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
          (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
          (iv) subjects a person to undue burden.
     (B) If a subpoena
          (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
          (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
          (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
     (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
     (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
     (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
     (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.
     (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
     (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## DEFINITIONS

1. "PDL" means PDL Biopharma, Inc., Protein Design Labs, Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

2. "Alexion" means Alexion Pharmaceuticals, Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

3. "You" means the person to whom or entity to which this subpoena is directed.

4. "Document" means any medium in which information is retained.

5. "Communication" means any transmission of information, such as via telephone, letters, telegrams, e-mail, face-to-face conversations, or any other means.

6. "Queen Patents" means U.S. Patents Nos. 5,693,761; 5,693,762; and 6,180,370.

7. "Lawsuit" means the patent litigation lawsuit regarding PDL's Queen Patents captioned *PDL BioPharma, Inc. v. Alexion Pharmaceuticals, Inc.* (United States District Court, District of Delaware, Civil Action No. 07-156), in which Alexion has asserted that PDL's Queen Patents are invalid and not infringed by Alexion.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

You are commanded to produce and permit inspection and copying of the following documents:

## REQUEST NO. 1:

All documents concerning any communication with PDL regarding PDL's Queen Patents.

## REQUEST NO. 2:

All documents concerning any communication with PDL regarding the Lawsuit.

**REQUEST NO. 3:**

All documents concerning any communication with PDL regarding Alexion or Soliris™ (eculizumab).

**REQUEST NO. 4:**

All documents concerning any attempts by PDL, you, or any other person to assess, reassess, or reevaluate whether PDL's Queen Patents are valid or enforceable.

**REQUEST NO. 5:**

All documents concerning any reevaluation or assessment of the value of PDL's intellectual property portfolio, including the Queen Patents, in light of the recent Supreme Court decision that broadens the concept of obviousness.  *See KSR Intern. Co. v. Teleflex Inc.*,127 **S.Ct. 1727 (2007).**

**REQUEST NO. 6:**

All documents concerning any attempts by you or any other person to assess the impact of the *KSR Intern. Co. v. Teleflex Inc.* Supreme Court decision on the validity of PDL's Queen Patents.

**REQUEST NO. 7:**

All documents concerning any reevaluation or assessment of the value of PDL's intellectual property portfolio, including the Queen Patents, in light of the recent Supreme Court decision that allows licensees to challenge the validity or infringement of licensed patents without repudiating their licenses. *See MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764 **(2007).**

**REQUEST NO. 8:**

All documents concerning any attempts by you or any other person to assess the impact of the *MedImmune, Inc. v. Genentech, Inc.* Supreme Court decision on the ability or likelihood of current licensees to challenge the validity or enforceability of PDL's Queen Patents.

**REQUEST NO. 9:**

All documents concerning any attempts by you or any other person to assess the impact of the *MedImmune, Inc. v. Genentech, Inc.* Supreme Court decision on the ability or likelihood of PDL's current licensees to question in court whether their licensed antibody products infringe PDL's Queen Patents.

**REQUEST NO. 10:**

All documents concerning any attempts by you or any other person to assess whether any antibody products under license with PDL infringe PDL's Queen Patents.

**REQUEST NO. 11:**

All documents concerning any attempts by you or any other person to assess whether any antibody products by companies that do not hold a license with PDL infringe PDL's Queen Patents.

**REQUEST NO. 12:**

All documents concerning any attempts by you or any other person to assess whether any antibody products in clinical testing infringe PDL's Queen Patents.

**REQUEST NO. 13:**

All documents concerning any attempt by PDL to offer for sale or sell some or all of the Queen Patents.

**REQUEST NO. 14:**

All documents concerning any attempt by PDL to offer for sale, sell, or otherwise modify or encumber some or all of the royalty streams from the Queen Patents.

# EXHIBIT 2

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ NEW JERSEY _____

PDL BIOPHARMA, INC.

V.

ALEXION PHARMACEUTICALS, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   Civil Action No. 07-cv-156-***
District of Delaware

TO:  Care Capital, LLC
47 Hulfish Street, Suite 310
Princeton, NJ  08542

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY  10022 | October 22, 2007, at 5:00 pm |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Alexander L. Greenberg*   Attorney for Defendant | October 5, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alexander Greenberg, Esq.
Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY  10022, (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## DEFINITIONS

1. "PDL" means PDL Biopharma, Inc., Protein Design Labs, Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

2. "Alexion" means Alexion Pharmaceuticals, Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

3. "You" means the person to whom or entity to which this subpoena is directed.

4. "Document" means any medium in which information is retained.

5. "Communication" means any transmission of information, such as via telephone, letters, telegrams, e-mail, face-to-face conversations, or any other means.

6. "Queen Patents" means U.S. Patents Nos. 5,693,761; 5,693,762; and 6,180,370.

7. "Lawsuit" means the patent litigation lawsuit regarding PDL's Queen Patents captioned *PDL BioPharma, Inc. v. Alexion Pharmaceuticals, Inc.* (United States District Court, District of Delaware, Civil Action No. 07-156), in which Alexion has asserted that PDL's Queen Patents are invalid and not infringed by Alexion.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

You are commanded to produce and permit inspection and copying of the following documents:

## REQUEST NO. 1:

All documents concerning any communication with PDL regarding PDL's Queen Patents.

## REQUEST NO. 2:

All documents concerning any communication with PDL regarding the Lawsuit.

**REQUEST NO. 3:**

All documents concerning any communication with PDL regarding Alexion or Soliris™ (eculizumab).

**REQUEST NO. 4:**

All documents concerning any attempts by PDL, you, or any other person to assess, reassess, or reevaluate whether PDL's Queen Patents are valid or enforceable.

**REQUEST NO. 5:**

All documents concerning any reevaluation or assessment of the value of PDL's intellectual property portfolio, including the Queen Patents, in light of the recent Supreme Court decision that broadens the concept of obviousness. *See KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727 (2007).

**REQUEST NO. 6:**

All documents concerning any attempts by you or any other person to assess the impact of the *KSR Intern. Co. v. Teleflex Inc.* Supreme Court decision on the validity of PDL's Queen Patents.

**REQUEST NO. 7:**

All documents concerning any reevaluation or assessment of the value of PDL's intellectual property portfolio, including the Queen Patents, in light of the recent Supreme Court decision that allows licensees to challenge the validity or infringement of licensed patents without repudiating their licenses. *See MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764 (2007).

2

**REQUEST NO. 8:**

All documents concerning any attempts by you or any other person to assess the impact of the *MedImmune, Inc. v. Genentech, Inc.* Supreme Court decision on the ability or likelihood of current licensees to challenge the validity or enforceability of PDL's Queen Patents.

**REQUEST NO. 9:**

All documents concerning any attempts by you or any other person to assess the impact of the *MedImmune, Inc. v. Genentech, Inc.* Supreme Court decision on the ability or likelihood of PDL's current licensees to question in court whether their licensed antibody products infringe PDL's Queen Patents.

**REQUEST NO. 10:**

All documents concerning any attempts by you or any other person to assess whether any antibody products under license with PDL infringe PDL's Queen Patents.

**REQUEST NO. 11:**

All documents concerning any attempts by you or any other person to assess whether any antibody products by companies that do not hold a license with PDL infringe PDL's Queen Patents.

**REQUEST NO. 12:**

All documents concerning any attempts by you or any other person to assess whether any antibody products in clinical testing infringe PDL's Queen Patents.

**REQUEST NO. 13:**

All documents concerning any attempt by PDL to offer for sale or sell some or all of the Queen Patents.

3

**REQUEST NO. 14:**

All documents concerning any attempt by PDL to offer for sale, sell, or otherwise modify or encumber some or all of the royalty streams from the Queen Patents.

# EXHIBIT 3

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN _____    DISTRICT OF _____    ILLINOIS

PDL BIOPHARMA, INC.

V.

ALEXION PHARMACEUTICALS, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    Civil Action No. 07-cv-156-***
District of Delaware

TO:   Challenger Capital Group LTD
      227 West Monroe Street, Suite 2000
      Chicago, IL  60606

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
   in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):

                              See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, IL  60601-6636 | October 22, 2007, at 5:00 pm |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Alexander L. Greenberg*        Attorney for Defendant | October 5, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alexander Greenberg, Esq.
Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY  10022, (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |
| | |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## DEFINITIONS

1. "PDL" means PDL Biopharma, Inc., Protein Design Labs, Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

2. "Alexion" means Alexion Pharmaceuticals, Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

3. "You" means the person to whom or entity to which this subpoena is directed.

4. "Document" means any medium in which information is retained.

5. "Communication" means any transmission of information, such as via telephone, letters, telegrams, e-mail, face-to-face conversations, or any other means.

6. "Queen Patents" means U.S. Patents Nos. 5,693,761; 5,693,762; and 6,180,370.

7. "Lawsuit" means the patent litigation lawsuit regarding PDL's Queen Patents captioned *PDL BioPharma, Inc. v. Alexion Pharmaceuticals, Inc.* (United States District Court, District of Delaware, Civil Action No. 07-156), in which Alexion has asserted that PDL's Queen Patents are invalid and not infringed by Alexion.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

You are commanded to produce and permit inspection and copying of the following documents:

## REQUEST NO. 1:

All documents concerning any communication with PDL regarding PDL's Queen Patents.

## REQUEST NO. 2:

All documents concerning any communication with PDL regarding the Lawsuit.

**REQUEST NO. 3:**

All documents concerning any communication with PDL regarding Alexion or Soliris™ (eculizumab).

**REQUEST NO. 4:**

All documents concerning any attempts by PDL, you, or any other person to assess, reassess, or reevaluate whether PDL's Queen Patents are valid or enforceable.

**REQUEST NO. 5:**

All documents concerning any reevaluation or assessment of the value of PDL's intellectual property portfolio, including the Queen Patents, in light of the recent Supreme Court decision that broadens the concept of obviousness. *See KSR Intern. Co. v. Teleflex Inc.,*127 **S.Ct. 1727 (2007).**

**REQUEST NO. 6:**

All documents concerning any attempts by you or any other person to assess the impact of the *KSR Intern. Co. v. Teleflex Inc.* Supreme Court decision on the validity of PDL's Queen Patents.

**REQUEST NO. 7:**

All documents concerning any reevaluation or assessment of the value of PDL's intellectual property portfolio, including the Queen Patents, in light of the recent Supreme Court decision that allows licensees to challenge the validity or infringement of licensed patents without repudiating their licenses. *See MedImmune, Inc. v. Genentech, Inc.,* 127 S.Ct. 764 **(2007).**

2

**REQUEST NO. 8:**

All documents concerning any attempts by you or any other person to assess the impact of the *MedImmune, Inc. v. Genentech, Inc.* Supreme Court decision on the ability or likelihood of current licensees to challenge the validity or enforceability of PDL's Queen Patents.

**REQUEST NO. 9:**

All documents concerning any attempts by you or any other person to assess the impact of the *MedImmune, Inc. v. Genentech, Inc.* Supreme Court decision on the ability or likelihood of PDL's current licensees to question in court whether their licensed antibody products infringe PDL's Queen Patents.

**REQUEST NO. 10:**

All documents concerning any attempts by you or any other person to assess whether any antibody products under license with PDL infringe PDL's Queen Patents.

**REQUEST NO. 11:**

All documents concerning any attempts by you or any other person to assess whether any antibody products by companies that do not hold a license with PDL infringe PDL's Queen Patents.

**REQUEST NO. 12:**

All documents concerning any attempts by you or any other person to assess whether any antibody products in clinical testing infringe PDL's Queen Patents.

**REQUEST NO. 13:**

All documents concerning any attempt by PDL to offer for sale or sell some or all of the Queen Patents.

**REQUEST NO. 14:**

All documents concerning any attempt by PDL to offer for sale, sell, or otherwise modify or encumber some or all of the royalty streams from the Queen Patents.

# EXHIBIT 4

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

PDL BIOPHARMA, INC.

V.

ALEXION PHARMACEUTICALS, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    Civil Action No. 07-cv-156-***
District of Delaware

TO:   Cowen Healthcare Royalty Partners
1221 Avenue of the Americas
New York, NY  10020

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY  10022 | October 22, 2007, at 5:00 pm |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Alexander L. Greenberg*    Attorney for Defendant | October 5, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alexander Greenberg, Esq.
Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY  10022, (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |
| | |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## DEFINITIONS

1. "PDL" means PDL Biopharma, Inc., Protein Design Labs, Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

2. "Alexion" means Alexion Pharmaceuticals, Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

3. "You" means the person to whom or entity to which this subpoena is directed.

4. "Document" means any medium in which information is retained.

5. "Communication" means any transmission of information, such as via telephone, letters, telegrams, e-mail, face-to-face conversations, or any other means.

6. "Queen Patents" means U.S. Patents Nos. 5,693,761; 5,693,762; and 6,180,370.

7. "Lawsuit" means the patent litigation lawsuit regarding PDL's Queen Patents captioned *PDL BioPharma, Inc. v. Alexion Pharmaceuticals, Inc.* (United States District Court, District of Delaware, Civil Action No. 07-156), in which Alexion has asserted that PDL's Queen Patents are invalid and not infringed by Alexion.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

You are commanded to produce and permit inspection and copying of the following documents:

## REQUEST NO. 1:

All documents concerning any communication with PDL regarding PDL's Queen Patents.

## REQUEST NO. 2:

All documents concerning any communication with PDL regarding the Lawsuit.

**REQUEST NO. 3:**

All documents concerning any communication with PDL regarding Alexion or Soliris™ (eculizumab).

**REQUEST NO. 4:**

All documents concerning any attempts by PDL, you, or any other person to assess, reassess, or reevaluate whether PDL's Queen Patents are valid or enforceable.

**REQUEST NO. 5:**

All documents concerning any reevaluation or assessment of the value of PDL's intellectual property portfolio, including the Queen Patents, in light of the recent Supreme Court decision that broadens the concept of obviousness. *See KSR Intern. Co. v. Teleflex Inc.,* 127 S.Ct. 1727 (2007).

**REQUEST NO. 6:**

All documents concerning any attempts by you or any other person to assess the impact of the *KSR Intern. Co. v. Teleflex Inc.* Supreme Court decision on the validity of PDL's Queen Patents.

**REQUEST NO. 7:**

All documents concerning any reevaluation or assessment of the value of PDL's intellectual property portfolio, including the Queen Patents, in light of the recent Supreme Court decision that allows licensees to challenge the validity or infringement of licensed patents without repudiating their licenses. *See MedImmune, Inc. v. Genentech, Inc.,* 127 S.Ct. 764 (2007).

**REQUEST NO. 8:**

All documents concerning any attempts by you or any other person to assess the impact of the *MedImmune, Inc. v. Genentech, Inc.* Supreme Court decision on the ability or likelihood of current licensees to challenge the validity or enforceability of PDL's Queen Patents.

**REQUEST NO. 9:**

All documents concerning any attempts by you or any other person to assess the impact of the *MedImmune, Inc. v. Genentech, Inc.* Supreme Court decision on the ability or likelihood of PDL's current licensees to question in court whether their licensed antibody products infringe PDL's Queen Patents.

**REQUEST NO. 10:**

All documents concerning any attempts by you or any other person to assess whether any antibody products under license with PDL infringe PDL's Queen Patents.

**REQUEST NO. 11:**

All documents concerning any attempts by you or any other person to assess whether any antibody products by companies that do not hold a license with PDL infringe PDL's Queen Patents.

**REQUEST NO. 12:**

All documents concerning any attempts by you or any other person to assess whether any antibody products in clinical testing infringe PDL's Queen Patents.

**REQUEST NO. 13:**

All documents concerning any attempt by PDL to offer for sale or sell some or all of the Queen Patents.

3

**REQUEST NO. 14:**

 All documents concerning any attempt by PDL to offer for sale, sell, or otherwise modify or encumber some or all of the royalty streams from the Queen Patents.

# EXHIBIT 5

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

## UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ NEW YORK

PDL BIOPHARMA, INC.

V.

ALEXION PHARMACEUTICALS, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    Civil Action No. 07-cv-156-***
District of Delaware

TO:  Highland Capital Management LP
9 West 57th Street, 38th Floor
New York, NY  10019

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See attached Exhibit A.**

| PLACE | DATE AND TIME |
|---|---|
| Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY  10022 | October 22, 2007, at 5:00 pm |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Alexander C. Greenberg_    Attorney for Defendant | October 5, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alexander Greenberg, Esq.
Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY  10022, (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## DEFINITIONS

1. "PDL" means PDL Biopharma, Inc., Protein Design Labs, Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

2. "Alexion" means Alexion Pharmaceuticals, Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

3. "You" means the person to whom or entity to which this subpoena is directed.

4. "Document" means any medium in which information is retained.

5. "Communication" means any transmission of information, such as via telephone, letters, telegrams, e-mail, face-to-face conversations, or any other means.

6. "Queen Patents" means U.S. Patents Nos. 5,693,761; 5,693,762; and 6,180,370.

7. "Lawsuit" means the patent litigation lawsuit regarding PDL's Queen Patents captioned *PDL BioPharma, Inc. v. Alexion Pharmaceuticals, Inc.* (United States District Court, District of Delaware, Civil Action No. 07-156), in which Alexion has asserted that PDL's Queen Patents are invalid and not infringed by Alexion.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

You are commanded to produce and permit inspection and copying of the following documents:

## REQUEST NO. 1:

All documents concerning any communication with PDL regarding PDL's Queen Patents.

## REQUEST NO. 2:

All documents concerning any communication with PDL regarding the Lawsuit.

**REQUEST NO. 3:**

All documents concerning any communication with PDL regarding Alexion or Soliris™ (eculizumab).

**REQUEST NO. 4:**

All documents concerning any attempts by PDL, you, or any other person to assess, reassess, or reevaluate whether PDL's Queen Patents are valid or enforceable.

**REQUEST NO. 5:**

All documents concerning any reevaluation or assessment of the value of PDL's intellectual property portfolio, including the Queen Patents, in light of the recent Supreme Court decision that broadens the concept of obviousness.  See *KSR Intern. Co. v. Teleflex Inc.,* 127 S.Ct. 1727 (2007).

**REQUEST NO. 6:**

All documents concerning any attempts by you or any other person to assess the impact of the *KSR Intern. Co. v. Teleflex Inc.* Supreme Court decision on the validity of PDL's Queen Patents.

**REQUEST NO. 7:**

All documents concerning any reevaluation or assessment of the value of PDL's intellectual property portfolio, including the Queen Patents, in light of the recent Supreme Court decision that allows licensees to challenge the validity or infringement of licensed patents without repudiating their licenses. See *MedImmune, Inc. v. Genentech, Inc.,* 127 S.Ct. 764 (2007).

2

**REQUEST NO. 8:**

      All documents concerning any attempts by you or any other person to assess the impact of the ***MedImmune, Inc. v. Genentech, Inc.*** Supreme Court decision on the ability or likelihood of current licensees to challenge the validity or enforceability of PDL's Queen Patents.

**REQUEST NO. 9:**

      All documents concerning any attempts by you or any other person to assess the impact of the ***MedImmune, Inc. v. Genentech, Inc.*** Supreme Court decision on the ability or likelihood of PDL's current licensees to question in court whether their licensed antibody products infringe PDL's Queen Patents.

**REQUEST NO. 10:**

      All documents concerning any attempts by you or any other person to assess whether any antibody products under license with PDL infringe PDL's Queen Patents.

**REQUEST NO. 11:**

      All documents concerning any attempts by you or any other person to assess whether any antibody products by companies that do not hold a license with PDL infringe PDL's Queen Patents.

**REQUEST NO. 12:**

      All documents concerning any attempts by you or any other person to assess whether any antibody products in clinical testing infringe PDL's Queen Patents.

**REQUEST NO. 13:**

      All documents concerning any attempt by PDL to offer for sale or sell some or all of the Queen Patents.

**<u>REQUEST NO. 14:</u>**

All documents concerning any attempt by PDL to offer for sale, sell, or otherwise modify or encumber some or all of the royalty streams from the Queen Patents.

# EXHIBIT 6

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

PDL BIOPHARMA, INC.

V.

ALEXION PHARMACEUTICALS, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   Civil Action No. 07-cv-156-***
District of Delaware

TO:   Royalty Pharma
110 East 59th Street, 33rd Floor
New York, NY  10022

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE   Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY  10022 | DATE AND TIME   October 22, 2007, at 5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Alexander C. Greenberg*      Attorney for Defendant | October 5, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alexander Greenberg, Esq.
Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY  10022, (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim must be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

## DEFINITIONS

1. "PDL" means PDL Biopharma, Inc., Protein Design Labs, Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

2. "Alexion" means Alexion Pharmaceuticals, Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

3. "You" means the person to whom or entity to which this subpoena is directed.

4. "Document" means any medium in which information is retained.

5. "Communication" means any transmission of information, such as via telephone, letters, telegrams, e-mail, face-to-face conversations, or any other means.

6. "Queen Patents" means U.S. Patents Nos. 5,693,761; 5,693,762; and 6,180,370.

7. "Lawsuit" means the patent litigation lawsuit regarding PDL's Queen Patents captioned *PDL BioPharma, Inc. v. Alexion Pharmaceuticals, Inc.* (United States District Court, District of Delaware, Civil Action No. 07-156), in which Alexion has asserted that PDL's Queen Patents are invalid and not infringed by Alexion.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

You are commanded to produce and permit inspection and copying of the following documents:

## REQUEST NO. 1:

All documents concerning any communication with PDL regarding PDL's Queen Patents.

## REQUEST NO. 2:

All documents concerning any communication with PDL regarding the Lawsuit.

**REQUEST NO. 3:**

All documents concerning any communication with PDL regarding Alexion or Soliris™ (eculizumab).

**REQUEST NO. 4:**

All documents concerning any attempts by PDL, you, or any other person to assess, reassess, or reevaluate whether PDL's Queen Patents are valid or enforceable.

**REQUEST NO. 5:**

All documents concerning any reevaluation or assessment of the value of PDL's intellectual property portfolio, including the Queen Patents, in light of the recent Supreme Court decision that broadens the concept of obviousness. *See KSR Intern. Co. v. Teleflex Inc.,*127 S.Ct. 1727 (2007).

**REQUEST NO. 6:**

All documents concerning any attempts by you or any other person to assess the impact of the *KSR Intern. Co. v. Teleflex Inc.* Supreme Court decision on the validity of PDL's Queen Patents.

**REQUEST NO. 7:**

All documents concerning any reevaluation or assessment of the value of PDL's intellectual property portfolio, including the Queen Patents, in light of the recent Supreme Court decision that allows licensees to challenge the validity or infringement of licensed patents without repudiating their licenses. *See MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764 (2007).

**REQUEST NO. 8:**

All documents concerning any attempts by you or any other person to assess the impact of the *MedImmune, Inc. v. Genentech, Inc.* Supreme Court decision on the ability or likelihood of current licensees to challenge the validity or enforceability of PDL's Queen Patents.

**REQUEST NO. 9:**

All documents concerning any attempts by you or any other person to assess the impact of the *MedImmune, Inc. v. Genentech, Inc.* Supreme Court decision on the ability or likelihood of PDL's current licensees to question in court whether their licensed antibody products infringe PDL's Queen Patents.

**REQUEST NO. 10:**

All documents concerning any attempts by you or any other person to assess whether any antibody products under license with PDL infringe PDL's Queen Patents.

**REQUEST NO. 11:**

All documents concerning any attempts by you or any other person to assess whether any antibody products by companies that do not hold a license with PDL infringe PDL's Queen Patents.

**REQUEST NO. 12:**

All documents concerning any attempts by you or any other person to assess whether any antibody products in clinical testing infringe PDL's Queen Patents.

**REQUEST NO. 13:**

All documents concerning any attempt by PDL to offer for sale or sell some or all of the Queen Patents.

3

**REQUEST NO. 14:**

All documents concerning any attempt by PDL to offer for sale, sell, or otherwise modify or encumber some or all of the royalty streams from the Queen Patents.

# EXHIBIT 7

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN —————————— DISTRICT OF —————————— NEW YORK

| | |
|---|---|
| PDL BIOPHARMA, INC. | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| ALEXION PHARMACEUTICALS, INC. | Case Number:[1]   Civil Action No. 07-cv-156-***<br>District of Delaware |

TO:  The Bank of New York Mellon Corp.
120 Broadway, 19th Floor
New York, NY  10271

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY  10022 | October 22, 2007, at 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Alexander C. Greenberg*          Attorney for Defendant | October 5, 2007 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Alexander Greenberg, Esq.<br>Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY  10022, (212) 446-4800 | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## DEFINITIONS

1. "PDL" means PDL Biopharma, Inc., Protein Design Labs, Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

2. "Alexion" means Alexion Pharmaceuticals, Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

3. "You" means the person to whom or entity to which this subpoena is directed.

4. "Document" means any medium in which information is retained.

5. "Communication" means any transmission of information, such as via telephone, letters, telegrams, e-mail, face-to-face conversations, or any other means.

6. "Queen Patents" means U.S. Patents Nos. 5,693,761; 5,693,762; and 6,180,370.

7. "Lawsuit" means the patent litigation lawsuit regarding PDL's Queen Patents captioned *PDL BioPharma, Inc. v. Alexion Pharmaceuticals, Inc.* (United States District Court, District of Delaware, Civil Action No. 07-156), in which Alexion has asserted that PDL's Queen Patents are invalid and not infringed by Alexion.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

You are commanded to produce and permit inspection and copying of the following documents:

## REQUEST NO. 1:

All documents concerning any communication with PDL regarding PDL's Queen Patents.

## REQUEST NO. 2:

All documents concerning any communication with PDL regarding the Lawsuit.

**REQUEST NO. 3:**

All documents concerning any communication with PDL regarding Alexion or Soliris™ (eculizumab).

**REQUEST NO. 4:**

All documents concerning any attempts by PDL, you, or any other person to assess, reassess, or reevaluate whether PDL's Queen Patents are valid or enforceable.

**REQUEST NO. 5:**

All documents concerning any reevaluation or assessment of the value of PDL's intellectual property portfolio, including the Queen Patents, in light of the recent Supreme Court decision that broadens the concept of obviousness. *See KSR Intern. Co. v. Teleflex Inc.,***127 S.Ct. 1727 (2007).**

**REQUEST NO. 6:**

All documents concerning any attempts by you or any other person to assess the impact of the *KSR Intern. Co. v. Teleflex Inc.* Supreme Court decision on the validity of PDL's Queen Patents.

**REQUEST NO. 7:**

All documents concerning any reevaluation or assessment of the value of PDL's intellectual property portfolio, including the Queen Patents, in light of the recent Supreme Court decision that allows licensees to challenge the validity or infringement of licensed patents without repudiating their licenses. *See MedImmune, Inc. v. Genentech, Inc.*, **127 S.Ct. 764 (2007).**

2

**REQUEST NO. 8:**

All documents concerning any attempts by you or any other person to assess the impact of the *MedImmune, Inc. v. Genentech, Inc.* Supreme Court decision on the ability or likelihood of current licensees to challenge the validity or enforceability of PDL's Queen Patents.

**REQUEST NO. 9:**

All documents concerning any attempts by you or any other person to assess the impact of the *MedImmune, Inc. v. Genentech, Inc.* Supreme Court decision on the ability or likelihood of PDL's current licensees to question in court whether their licensed antibody products infringe PDL's Queen Patents.

**REQUEST NO. 10:**

All documents concerning any attempts by you or any other person to assess whether any antibody products under license with PDL infringe PDL's Queen Patents.

**REQUEST NO. 11:**

All documents concerning any attempts by you or any other person to assess whether any antibody products by companies that do not hold a license with PDL infringe PDL's Queen Patents.

**REQUEST NO. 12:**

All documents concerning any attempts by you or any other person to assess whether any antibody products in clinical testing infringe PDL's Queen Patents.

**REQUEST NO. 13:**

All documents concerning any attempt by PDL to offer for sale or sell some or all of the Queen Patents.

**REQUEST NO. 14:**

All documents concerning any attempt by PDL to offer for sale, sell, or otherwise modify or encumber some or all of the royalty streams from the Queen Patents.

# EXHIBIT 8

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN                DISTRICT OF                NEW YORK

PDL BIOPHARMA, INC.

V.                                                **SUBPOENA IN A CIVIL CASE**

ALEXION PHARMACEUTICALS, INC.

Case Number:[1]    Civil Action No. 07-cv-156-***
                   District of Delaware

TO:  Third Point LLC
     390 Park Avenue, 18th Floor
     New York, NY  10022

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY  10022 | October 24, 2007, at 5:00 pm |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Alexander L. Greenberg*    Attorney for Defendant | October 9, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alexander Greenberg, Esq.
Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY  10022, (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## DEFINITIONS

1. "PDL" means PDL Biopharma, Inc., Protein Design Labs, Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

2. "Alexion" means Alexion Pharmaceuticals, Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

3. "You" means the person to whom or entity to which this subpoena is directed.

4. "Document" means any medium in which information is retained.

5. "Communication" means any transmission of information, such as via telephone, letters, telegrams, e-mail, face-to-face conversations, or any other means.

6. "Queen Patents" means U.S. Patents Nos. 5,693,761; 5,693,762; and 6,180,370.

7. "Lawsuit" means the patent litigation lawsuit regarding PDL's Queen Patents captioned *PDL BioPharma, Inc. v. Alexion Pharmaceuticals, Inc.* (United States District Court, District of Delaware, Civil Action No. 07-156), in which Alexion has asserted that PDL's Queen Patents are invalid and not infringed by Alexion.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

You are commanded to produce and permit inspection and copying of the following documents:

## REQUEST NO. 1:

All documents concerning any communication with PDL regarding PDL's Queen Patents.

## REQUEST NO. 2:

All documents concerning any communication with PDL regarding the Lawsuit.

**REQUEST NO. 3:**

All documents concerning any communication with PDL regarding Alexion or Soliris™ (eculizumab).

**REQUEST NO. 4:**

All documents concerning any attempts by PDL, you, or any other person to assess, reassess, or reevaluate whether PDL's Queen Patents are valid or enforceable.

**REQUEST NO. 5:**

All documents concerning any reevaluation or assessment of the value of PDL's intellectual property portfolio, including the Queen Patents, in light of the recent Supreme Court decision that broadens the concept of obviousness.  *See KSR Intern. Co. v. Teleflex Inc.,*127 **S.Ct. 1727 (2007).**

**REQUEST NO. 6:**

All documents concerning any attempts by you or any other person to assess the impact of the *KSR Intern. Co. v. Teleflex Inc.* Supreme Court decision on the validity of PDL's Queen Patents.

**REQUEST NO. 7:**

All documents concerning any reevaluation or assessment of the value of PDL's intellectual property portfolio, including the Queen Patents, in light of the recent Supreme Court decision that allows licensees to challenge the validity or infringement of licensed patents without repudiating their licenses. *See MedImmune, Inc. v. Genentech, Inc.,* **127 S.Ct. 764 (2007).**

**REQUEST NO. 8:**

All documents concerning any attempts by you or any other person to assess the impact of the *MedImmune, Inc. v. Genentech, Inc.* Supreme Court decision on the ability or likelihood of current licensees to challenge the validity or enforceability of PDL's Queen Patents.

**REQUEST NO. 9:**

All documents concerning any attempts by you or any other person to assess the impact of the *MedImmune, Inc. v. Genentech, Inc.* Supreme Court decision on the ability or likelihood of PDL's current licensees to question in court whether their licensed antibody products infringe PDL's Queen Patents.

**REQUEST NO. 10:**

All documents concerning any attempts by you or any other person to assess whether any antibody products under license with PDL infringe PDL's Queen Patents.

**REQUEST NO. 11:**

All documents concerning any attempts by you or any other person to assess whether any antibody products by companies that do not hold a license with PDL infringe PDL's Queen Patents.

**REQUEST NO. 12:**

All documents concerning any attempts by you or any other person to assess whether any antibody products in clinical testing infringe PDL's Queen Patents.

**REQUEST NO. 13:**

All documents concerning any attempt by PDL to offer for sale or sell some or all of the Queen Patents.

**REQUEST NO. 14:**

  All documents concerning any attempt by PDL to offer for sale, sell, or otherwise modify

or encumber some or all of the royalty streams from the Queen Patents.

# EXHIBIT 9

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN       DISTRICT OF       NEW YORK

| | |
|---|---|
| PDL BIOPHARMA, INC.<br><br>V.<br><br>ALEXION PHARMACEUTICALS, INC. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1]   Civil Action No. 07-cv-156-***<br>District of Delaware |

TO:   TPG-Axon Capital
      888 7th Avenue, 38th Floor
      New York, NY 10106-0001

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 | October 22, 2007, at 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Alexander L. Greenberg*    Attorney for Defendant | October 5, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alexander Greenberg, Esq.
Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022, (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## DEFINITIONS

1. "PDL" means PDL Biopharma, Inc., Protein Design Labs, Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

2. "Alexion" means Alexion Pharmaceuticals, Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

3. "You" means the person to whom or entity to which this subpoena is directed.

4. "Document" means any medium in which information is retained.

5. "Communication" means any transmission of information, such as via telephone, letters, telegrams, e-mail, face-to-face conversations, or any other means.

6. "Queen Patents" means U.S. Patents Nos. 5,693,761; 5,693,762; and 6,180,370.

7. "Lawsuit" means the patent litigation lawsuit regarding PDL's Queen Patents captioned *PDL BioPharma, Inc. v. Alexion Pharmaceuticals, Inc.* (United States District Court, District of Delaware, Civil Action No. 07-156), in which Alexion has asserted that PDL's Queen Patents are invalid and not infringed by Alexion.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

You are commanded to produce and permit inspection and copying of the following documents:

## REQUEST NO. 1:

All documents concerning any communication with PDL regarding PDL's Queen Patents.

## REQUEST NO. 2:

All documents concerning any communication with PDL regarding the Lawsuit.

**REQUEST NO. 3:**

All documents concerning any communication with PDL regarding Alexion or Soliris™ (eculizumab).

**REQUEST NO. 4:**

All documents concerning any attempts by PDL, you, or any other person to assess, reassess, or reevaluate whether PDL's Queen Patents are valid or enforceable.

**REQUEST NO. 5:**

All documents concerning any reevaluation or assessment of the value of PDL's intellectual property portfolio, including the Queen Patents, in light of the recent Supreme Court decision that broadens the concept of obviousness. *See KSR Intern. Co. v. Teleflex Inc.,***127 S.Ct. 1727 (2007).**

**REQUEST NO. 6:**

All documents concerning any attempts by you or any other person to assess the impact of the *KSR Intern. Co. v. Teleflex Inc.* Supreme Court decision on the validity of PDL's Queen Patents.

**REQUEST NO. 7:**

All documents concerning any reevaluation or assessment of the value of PDL's intellectual property portfolio, including the Queen Patents, in light of the recent Supreme Court decision that allows licensees to challenge the validity or infringement of licensed patents without repudiating their licenses. *See MedImmune, Inc. v. Genentech, Inc.***, 127 S.Ct. 764 (2007).**

2

**REQUEST NO. 8:**

All documents concerning any attempts by you or any other person to assess the impact of the *MedImmune, Inc. v. Genentech, Inc.* Supreme Court decision on the ability or likelihood of current licensees to challenge the validity or enforceability of PDL's Queen Patents.

**REQUEST NO. 9:**

All documents concerning any attempts by you or any other person to assess the impact of the *MedImmune, Inc. v. Genentech, Inc.* Supreme Court decision on the ability or likelihood of PDL's current licensees to question in court whether their licensed antibody products infringe PDL's Queen Patents.

**REQUEST NO. 10:**

All documents concerning any attempts by you or any other person to assess whether any antibody products under license with PDL infringe PDL's Queen Patents.

**REQUEST NO. 11:**

All documents concerning any attempts by you or any other person to assess whether any antibody products by companies that do not hold a license with PDL infringe PDL's Queen Patents.

**REQUEST NO. 12:**

All documents concerning any attempts by you or any other person to assess whether any antibody products in clinical testing infringe PDL's Queen Patents.

**REQUEST NO. 13:**

All documents concerning any attempt by PDL to offer for sale or sell some or all of the Queen Patents.

**<u>REQUEST NO. 14:</u>**

All documents concerning any attempt by PDL to offer for sale, sell, or otherwise modify or encumber some or all of the royalty streams from the Queen Patents.