IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PDL BIOPHARMA, INC.,

        Plaintiff and Counter-
        Defendant,

    v.

ALEXION PHARMACEUTICALS, INC.,

        Defendant and Counter-
        Claimant.

C. A. No. 07-156 (***)

## PDL BIOPHARMA, INC.'S REPLY TO AMENDED COUNTERCLAIMS OF DEFENDANT ALEXION PHARMACEUTICALS, INC.

        Plaintiff, PDL BioPharma, Inc. ("PDL"), for its Reply to the Amended Answer and Counterclaims of Defendant, Alexion Pharmaceuticals, Inc. ("Alexion"), hereby states as follows:

### INTRODUCTION

        This lawsuit involves Alexion's infringement – its willful infringement – of PDL's pioneering antibody humanization patents.  As Alexion knows, the patents-in-suit have been widely licensed to industry-leading biotechnology companies such as Genentech, GlaxoSmithKline, MedImmune, Eli Lilly & Co., Abbott Laboratories – the list goes on. Excluding Alexion's infringing product, Soliris™, eight of the nine humanized antibodies approved by the U.S. Food and Drug Administration (FDA) are licensed under the patents-in-suit, and the combined annual worldwide sales of these products exceeded $4.0 billion in 2005. In short, biotechnology industry leaders had very strong economic incentives not to take a license to these patents – to challenge them, if a challenge could be made.  Each took a license.

        Alexion, however, did not.  Alexion is the first and only company to develop and launch an infringing humanized antibody product and then force PDL to sue.

Alexion did so fully aware of the patents-in-suit. As PDL's complaint notes, in filings with the United States Securities and Exchange Commission, Alexion acknowledged that it was "aware of broad patents owned by third parties relating to the manufacture, use, and sale of recombinant humanized antibodies, recombinant humanized single-chain antibodies, recombinant human antibodies and recombinant human single-chain antibodies." Alexion's pleading admitted this allegation. Alexion's pleadings further admitted that Alexion "was aware of [the patents-in-suit] prior to the filing of PDL's Complaint." Indeed, Alexion cited two of the patents-in-suit in a patent assigned to Alexion that claims priority to an Alexion patent application filed some <u>thirteen</u> <u>years</u> <u>ago</u>, on May 2, 1994.

Alexion filed amended counterclaims asserting that it does not infringe and that the patents-in-suit are invalid. If Alexion thought that it did not infringe or that the patents-in-suit were invalid, Alexion would plead facts to support those assertions. Indeed, before Alexion filed its counterclaims, the United States Supreme Court ruled in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (May 21, 2007), that "a [counterclaimant]'s obligations to provide the 'grounds' of his 'entitlement to relief' requires <u>more</u> <u>than</u> <u>labels</u> <u>and</u> <u>conclusions</u>, and a formulaic recitation of a cause of action's elements <u>will</u> <u>not</u> <u>do</u>." (Emphasis supplied). That is all that Alexion's Amended Counterclaims offer: labels and conclusions. Its anticipation (§ 102) and obviousness (§ 103) assertions, for example, are merely that the asserted patents are "invalid for failure to comply with one or more of the conditions of patentability and/or requirements specified in Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103 and/or 112." Those are mere labels and conclusions – a laundry list that does not even rise to the level of a formulaic recitation of a cause of action's elements. Alexion does not explain how any articles, patents or anything else suggest that the United States Patent and Trademark Office clearly and convincingly erred when it issued the patents-in-suit.

The industry has accepted the antibody humanization technologies disclosed, described, and claimed patents-in-suit. Billions of dollars of life-saving and life-enhancing

biotechnology products are sold each year under those patents.  Alexion is infringing those patents, and doing so willfully.

## REPLY TO AMENDED DECLARATORY JUDGMENT COUNTERCLAIMS

Alexion includes in its Amended Answer and Counterclaims an additional defense of unenforceability due to inequitable conduct (¶¶ 34-38), but does not assert an inequitable conduct counterclaim.  To the extent Alexion has incorporated its allegations in its prayer for relief, PDL states that it denies paragraphs 34-38 of Alexion's Amended Answer and Counterclaims.

1.     PDL admits that Alexion has filed a nominal declaratory judgment counterclaim for a declaration of noninfringement and invalidity of all the asserted claims of U.S. Patent No. 5,693,761 ("the '761 patent"), U.S. Patent No. 5,693,762 ("the '762 patent"), and U.S. Patent No. 6,180,370 B1 ("the '370 patent") under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, but PDL denies that Alexion has pleaded facts sufficient to state a counterclaim or that Alexion is entitled to any remedy under the foregoing laws.  Except as so admitted, PDL denies any remaining allegations in paragraph 1 of Alexion's Amended Counterclaims.

2.     PDL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of Alexion's Amended Counterclaims and, therefore, denies paragraph 2 of Alexion's Amended Counterclaims.

3.     PDL admits paragraph 3 of Alexion's Amended Counterclaims.

4.     PDL admits that Alexion asserts that its Amended Counterclaims seek a remedy under the patent laws of the United States and 28 U.S.C. §§ 2201-2202 and 28 U.S.C. §§ 1331 and 1338(a), but PDL denies that Alexion is entitled to any remedy under the foregoing laws.  PDL admits that it has alleged that Alexion infringes the patents-in-suit and that an actual and justiciable controversy exists between PDL and Alexion regarding whether Alexion infringes and whether Alexion's infringement is and has been willful.  Alexion did not plead facts sufficient to state a counterclaim with respect to its invalidity and other defenses and thus PDL denies the remaining allegations of paragraph 4 of Alexion's Amended Counterclaims.

5.     PDL admits paragraph 5 of Alexion's Amended Counterclaims.

6.     PDL admits paragraph 6 of Alexion's Amended Counterclaims.

7.     PDL admits paragraph 7 of Alexion's Amended Counterclaims.

## COUNT I: '761 Patent

**Declaratory Judgment Counterclaim for a
Declaration of Patent Noninfringement and Invalidity**

8.     PDL incorporates its Introduction and paragraphs 1 through 7 as though fully stated herein.

9.     PDL admits that it has sued Alexion for infringement of at least one claim of the '761 patent. PDL further admits that an actual controversy exists between PDL and Alexion as to whether Alexion has infringed a valid claim of the '761 patent and whether Alexion's infringement is and has been willful. Except as so admitted, PDL denies any remaining allegations in paragraph 9 of Alexion's Amended Counterclaims.

10.     PDL denies paragraph 10 of Alexion's Amended Counterclaims.

11.     PDL neither admits nor denies the averments of Paragraph 11 of Alexion's Amended Counterclaims because they are legal conclusions to which PDL is not required to respond. If a response by PDL is necessary, PDL denies the allegations in paragraph 11 of Alexion's Amended Counterclaims.

12.     PDL denies paragraph 12 of Alexion's Amended Counterclaims, and denies that Alexion has pleaded facts sufficient to state a counterclaim.

13.     PDL denies paragraph 13 of Alexion's Amended Counterclaims.

14.     PDL denies paragraph 14 of Alexion's Amended Counterclaims.

## COUNT II: '762 Patent

**Declaratory Judgment Counterclaim for a
Declaration of Patent Noninfringement and Invalidity**

15.     PDL incorporates its Introduction and paragraphs 1 through 14 as though fully stated herein.

16.    PDL admits that it has sued Alexion for infringement of at least one claim of the '762 patent.  PDL further admits that an actual controversy exists between PDL and Alexion as to whether Alexion has infringed a valid claim of the '762 patent and whether Alexion's infringement is and has been willful.  Except as so admitted, PDL denies any remaining allegations in paragraph 16 of Alexion's Amended Counterclaims.

17.    PDL denies paragraph 17 of Alexion's Amended Counterclaims.

18.    PDL neither admits nor denies the averments of Paragraph 18 of Alexion's Amended Counterclaims because they are legal conclusions to which PDL is not required to respond.  If a response by PDL is necessary, PDL denies the allegations in paragraph 18 of Alexion's Amended Counterclaims.

19.    PDL denies paragraph 19 of Alexion's Amended Counterclaims, and denies that Alexion has pleaded facts sufficient to state a counterclaim.

20.    PDL denies paragraph 20 of Alexion's Amended Counterclaims.

21.    PDL denies paragraph 21 of Alexion's Amended Counterclaims.

## COUNT III: '370 Patent
### Declaratory Judgment Counterclaim for a
### Declaration of Patent Noninfringement and Invalidity

22.    PDL incorporates its Introduction and paragraphs 1 through 21 as though fully stated herein.

23.    PDL admits that it has sued Alexion for infringement of at least one claim of the '370 patent.  PDL further admits that an actual controversy exists between PDL and Alexion as to whether Alexion has infringed a valid claim of the '370 patent and whether Alexion's infringement is and has been willful.  Except as so admitted, PDL denies any remaining allegations in paragraph 23 of Alexion's Amended Counterclaims.

24.    PDL denies paragraph 24 of Alexion's Amended Counterclaims.

25.    PDL neither admits nor denies the averments of Paragraph 25 of Alexion's Amended Counterclaims because they are legal conclusions to which PDL is not required to respond.  If a response by PDL is necessary, PDL denies the allegations in paragraph 25 of

Alexion's Amended Counterclaims.

26.    PDL denies paragraph 26 of Alexion's Amended Counterclaims, and denies that Alexion has pleaded facts sufficient to state a counterclaim.

27.    PDL denies paragraph 27 of Alexion's Amended Counterclaims.

28.    PDL denies paragraph 28 of Alexion's Amended Counterclaims.

## DEFENSES TO AMENDED DECLARATORY JUDGMENT COUNTERCLAIMS

29.    Without accepting any burden to plead or prove defenses to Alexion's nominal amended counterclaims beyond that imposed by law, and reserving its rights to allege additional defenses as they become known through the course of discovery, PDL pleads the following separate defenses to Alexion's nominal amended counterclaims.

### First Separate Defense

### Failure to State a Claim

30.    Based on *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (May 21, 2007), and its progeny, the amended counterclaims fail to show the grounds upon which Alexion could be entitled to relief and, for that reason, fail to state a claim.

### Second Separate Defense

### Laches

31.    The relief sought by Alexion is barred in whole or in part by the doctrine of laches.

### Third Separate Defense

### Unclean Hands

32.    The relief sought by Alexion is barred in whole or in part by the doctrine of unclean hands.

### DEMAND FOR JURY TRIAL

33.    Pursuant to Federal Rule of Civil Procedure 38(b), PDL demands a trial by jury on all issues triable of right by a jury.

## **PRAYER FOR RELIEF**

34.    WHEREFORE, PDL seeks the following relief:

a.    That Alexion take nothing by its amended counterclaims and that Alexion's amended counterclaims be dismissed with prejudice;

b.    That Alexion take nothing by its inequitable conduct allegations (to the extent those allegations are incorporated in Alexion's prayer for relief);

c.    An Order that this is an exceptional case under 35 U.S.C. § 285 and/or other applicable laws, and that PDL be awarded its attorneys' fees incurred in connection with the amended counterclaims; and

d.    That PDL be awarded such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
klouden@mnat.com
*Attorneys for Plaintiff and Counter-*
*Defendant PDL BioPharma, Inc.*

OF COUNSEL:
Matthew D. Powers
Vernon M. Winters
Eric P. Xanthopoulos
John D. Beynon
Weil, Gotshal & Manges LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Dated: January 4, 2008

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on January 4, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Josy W. Ingersoll

I also certify that copies were caused to be served on January 4, 2008, upon the following in the manner indicated:

### BY HAND AND EMAIL

Josy W. Ingersoll
Andrew A. Lundgren
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE 19801

### BY EMAIL

Gerald J. Flattmann, Jr.
Christine Willgoos
Gregory A. Morris
Kirkland & Ellis
153 East 53rd Street
New York, NY 10022-4611

*/s/ Karen Jacobs Louden*
_____
Karen Jacobs Louden