IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PDL BIOPHARMA, INC. | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) C.A. No. 07-156-JJF <br> ) |
| ALEXION PHARMACEUTICALS, INC. | ) <br> ) |
| Defendant. | ) <br> ) |

**JOINT AND UNOPPOSED MOTION FOR ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS AND THE EVIDENCE (PROCEEDINGS IN OTHER JURISDICTIONS) ACT OF 1975 (ENGLAND & WALES) IN REFERENCE TO SIR GREGORY WINTER**

Plaintiff, PDL BioPharma, Inc. ("PDL") and Defendant Alexion Pharmaceuticals, Inc. ("Alexion"), hereby jointly request that this Court issue the Letter of Request attached at Exhibit A, pursuant to Article 1 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), and Federal Rule of Civil Procedure 28(b) ("Rule 28(b)"). The attached Letter of Request is directed to the competent authority of England and Wales, the Senior Master of the Supreme Court, Queen's Bench Division, Royal Courts of Justice, Strand, London, WC2A 2LL, for the production of documents from Sir Gregory Winter and for the purpose of securing Sir Gregory Winter as a witness for deposition. Sir Gregory Winter has knowledge regarding important prior art publications that he authored and his testimony is highly material to this case.

In support of this Motion, the parties state as follows:

1. As the Court is aware, this action is brought by PDL against Alexion for infringement of U.S. Patent Nos. 5,693,761; 5,693,762; and 6,180,370 ("patents-in-suit").

2. PDL alleges that Alexion's drug product, Soliris®, infringes each of the three patents-in-suit that were issued by the U.S. Patent & Trademark Office. PDL represents that the patents have been widely licensed.

3. Alexion defends and counterclaims that its drug product, Soliris®, does not infringe the patents-in-suit and that the patents-in-suit are not novel and are invalid, *inter alia*, in light of earlier work done and prior art authored by Dr. Gregory Winter.

4. PDL believes that the patents-in-suit are novel, new inventions for making and using humanized antibodies that were properly issued by the United States Patent & Trademark Office over the prior art, including prior art by Dr. Gregory Winter.

5. Alexion believes that Dr. Gregory Winter has knowledge regarding important prior art publications that he authored, which were cited by PDL during prosecution of the patents-in-suit before the USPTO. Alexion believes that Dr. Winter possesses unique knowledge and can testify as to the state of the art relating to antibody humanization—the relevant technology in this litigation—at the alleged time of conception of PDL's purported invention in the 1980's and during the prosecution of the patents-in-suit. Alexion also believes that Dr. Winter has knowledge regarding practice of PDL's purported invention in the United States before the earliest priority date of the patents-in-suit.

6. In the circumstances, Alexion contends that Dr. Winter possesses knowledge of matters that are relevant to the determination of the issues in this matter.

7.  This Court has previously allowed foreign discovery under 28 U.S.C. § 1781 following a showing of the necessity of the discovery. *See Tulip Computers Int'l B.V. v. Dell Computers Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (relating to foreign discovery pursuant to Hague Evidence Convention).

**THEREFORE, THE PARTIES RESPECTFULLY REQUEST:**

A.  That the Court issue, and cause to be certified by the Clerk of the U.S. District Court for the District of Delaware, a Letter of Request addressed to the competent authority of England and Wales, Senior Master of the Supreme Court, Queen's Bench Division, Royal Courts of Justice, Strand, London WC2A 2LL, England;

B.  That said Letters of Request be issued in the form attached herewith.

| MORRIS, NICHOLS, ARSHT & TUNNELL, LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| /s/ *Karen Jacobs Louden* | *Andrew A. Lundgren* |
| Jack B. Blumenfeld, Esquire (No. 1014) | Josy W. Ingersoll (No. 1088) |
| Karen Jacobs Louden, Esquire (No. 2881) | Andrew A. Lundgren (No. 4429) |
| 1201 North Market Street | 1000 West Street, 17th Floor |
| P.O. Box 1347 | P.O. Box 391 |
| Wilmington, DE 19899-1347 | Wilmington, DE 19899 |
| (302) 658-9200 | (302) 571-6600 |
| *klouden@mnat.com* | *alundgren@ycst.com* |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

Dated: February 4, 2008

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on February 4, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> Karen Jacobs Louden, Esquire
> Morris Nichols Arsht & Tunnell LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347

I further certify that on February 4, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY E-MAIL**

> Matthew D. Powers, Esquire
> Vernon M. Winters, Esquire
> John D. Beynon, Esquire
> Weil, Gotshal & Manges LLP
> 201 Redwood Shores Parkway
> Redwood Shores, CA 94065

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Andrew A. Lundgren
_____
Josy W. Ingersoll (No. 1088)
Andrew A. Lundgren (No. 4429)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
alundgren@ycst.com

*Attorneys for Defendant.*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| PDL BIOPHARMA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-156-JJF |
| | ) | |
| ALEXION PHARMACEUTICALS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION 1970 ON THE TAKING OF EVIDENCE
IN CIVIL OR COMMERCIAL MATTERS AND THE EVIDENCE (PROCEEDINGS
IN OTHER JURISDICTIONS) ACT OF 1975 (ENGLAND & WALES)
IN REFERENCE TO SIR GREGORY WINTER[1]**

1.  Sender:[2]                         The Honorable Joseph J. Farnan, Jr.
                                       United States District Court, District of Delaware
                                       J. Caleb Boggs Federal Building
                                       844 N. King Street
                                       Wilmington, DE 19801

2.  Central Authority of the Requested     Foreign and Commonwealth Office
    State:[3]                              Clive House Petty France
                                           London SW1
                                           England

---

[1] This Letter Of Request is submitted in English. See Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 4.

[2] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(a).

[3] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(a).

| | | |
|---|---|---|
| 3. | Person to whom the executed request is to be returned:[4] | Christopher Colbridge<br>Kirkland & Ellis International LLP<br>30 St. Mary Axe<br>London EC3A 8AF<br>England |
| 4. | In conformity with Article 3 of the Convention, the undersigned applicant has the honor of submitting the following request: | |
| 5. | (a) Requesting judicial authority:[5] | United States District Court for the District of Delaware |
| | (b) To the competent authority of:[6] | England & Wales<br>Senior Master of the Supreme Court<br>Queen's Bench Division<br>Royal Courts of Justice<br>Strand, London WC2A 2LL<br>England |
| 6. | Names and addresses of the parties and their representatives: | |
| | (a) Plaintiff:[7] | PDL Biopharma, Inc.<br>1400 Seaport Blvd<br>Redwood City, CA 94063<br>Telephone: (650) 454 1000<br><br>Represented by:<br>*Morris, Nichols, Arsht & Tunnell LLP*<br>Jack B. Blumenfeld<br>Jacobs Louden<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>Telephone: (302) 658 9200 |

---

[4] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(a).

[5] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(a).

[6] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(a).

[7] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(b).

|   |   |
|---|---|
|   | *Weil, Gotshal & Manges LLP*<br>Matthew D. Powers<br>Vernon M. Winters<br>Eric Xanthopoulos<br>Silicon Valley Office<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Telephone (650) 802 3000<br><br>*Weil, Gotshal & Manges LLP*<br>Matthew Shankland<br>One South Place<br>London EC2M 2WG, England<br>+44-20-7903-1165 |
| (b)  Defendants:[8] | Alexion Pharmaceuticals, Inc.<br>352 Knotter Dr.<br>Cheshire, CT 06410<br>Telephone: (203) 272 2596<br><br>Represented by:<br>*Young Conaway Stargatt & Taylor, LLP*<br>John W. Shaw<br>Josy W. Ingersoll<br>Andrew Lundgren<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19801<br>Telephone: (302) 571 6600<br><br>*Kirkland & Ellis LLP*<br>John M. Desmarais<br>Gerald J. Flattmann, Jr.<br>Christine Willgoos<br>Gregory A. Morris<br>153 East 53rd Street<br>New York, NY 10022<br>Telephone: (212) 446 4800<br>Facsimile: (212) 446 4900 |

---

[8]  *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(b).

3

|  |  |
|---|---|
|  | *Kirkland & Ellis International LLP*<br>Christopher Colbridge<br>30 St. Mary Axe<br>London EC3A 8AF<br>England<br>Telephone: +44 20 7469 2000<br>Facsimile: +44 20 7469 2001 |
| (c) Other parties | None. |
| 7. Nature and purpose of the proceeding and summary of the facts:[9] | This action is a civil suit brought by Plaintiff PDL Biopharma, Inc. ("PDL") against Defendant Alexion Pharmaceuticals, Inc. ("Alexion") for infringement of U.S. Patent Nos. 5,693,761; 5,693,762; and 6,180,370 ("patents-in-suit").<br><br>PDL alleges that Alexion's drug product, Soliris®, infringes each of the three patents-in-suit that were issued by the U.S. Patent & Trademark Office. Under U.S. law, patents are presumed valid. PDL represents that the patents have been widely licensed.<br><br>Alexion defends and counterclaims that its drug product, Soliris®, does not infringe the patents-in-suit and that the patents-in-suit are not novel and are invalid, *inter alia*, in light of earlier work done and prior art authored by Dr. Gregory Winter.<br><br>PDL believes that the patents-in-suit are novel, new inventions for making and using humanized antibodies that were properly issued by the United States Patent & Trademark Office over the prior art, including prior art by Dr. Gregory Winter.<br><br>Alexion believes that Dr. Gregory Winter has knowledge regarding important prior art publications that he authored, which were cited by PDL during prosecution of the patents-in-suit before the USPTO. Alexion believes that Dr. Winter possesses unique knowledge and can testify as to the state of the art relating to antibody humanization—the relevant technology in this |

---

[9] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(c).

|    |    |    |
|----|----|----|
|    |    | litigation—at the alleged time of conception of PDL's purported invention in the 1980's and during the prosecution of the patents-in-suit. Alexion also believes that Dr. Winter has knowledge regarding practice of PDL's purported invention in the United States before the earliest priority date of the patents-in-suit. |
|    |    | In the circumstances, Alexion contends that Dr. Winter possesses knowledge of matters that are relevant to the determination of the issues in this matter. |
|    |    | This Court respectfully requests that you cause Dr. Winter, who is resident within your jurisdiction, to provide oral testimony by way of deposition as set forth in the attached **Appendix A** and produce documents responsive to requests set forth in **Appendix B**. |
| 8. | Evidence to be obtained or other judicial act to be performed:[10] | Plaintiff PDL and Defendant Alexion seek the oral deposition testimony of Dr. Winter as set forth in the attached **Appendix A**, and documents from Dr. Winter as set forth in the attached **Appendix B**. |
| 9. | Identity and address of person to be examined:[11] | Sir Gregory Winter<br>MRC Laboratory of Molecular Biology<br>Hills Road<br>Cambridge CB2 0QH<br>England |
| 10. | Subject matter about which the witness will be examined:[12] | Dr. Winter will testify to his research in the field of antibody humanization, as well as to the state of the art of same technology at the time of conception of PDL's purported invention. An overview of the evidence sought from Dr. Winter is set out at **Appendix A** hereto. |

---

[10] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(d).

[11] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(e).

[12] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(f).

| | | |
|---|---|---|
| 11. | Document or other property to be inspected:[13] | Dr. Winter shall be required to produce documents that are within his possession or control and which relate to his research and involvement in the field of antibody humanization. A list of the documents of which production is sought is set out at **Appendix B** hereto. |
| 12. | Any requirement that the evidence be given under oath or affirmation and any special form to be used: | It is requested that the witness be placed under oath or affirmation. The oath or affirmation should state: "I swear or affirm that the testimony that I will give will be the truth, the whole truth, and nothing but the truth." |
| 13. | Special methods or procedure to be followed:[14] | It is requested that: (1) Defendant's United States trial counsel be permitted to attend and conduct the examination of the witness; (2) Plaintiff's United States trial counsel be permitted to also attend and conduct the examination of the witness; (3) counsel for the Defendant and counsel for the Plaintiff be permitted to conduct the examination of the witness separately and consecutively and each party's representatives be permitted to be present when the other party conducts its examination of the witness; (4) Christopher Colbridge will be Defendant's English counsel present at the proceedings; (5) Matthew Shankland will be Plaintiff's English counsel present at the proceedings; (6) the proceedings take place at Kirkland & Ellis International LLP, 30 St. Mary Axe, London EC3A 8AF, England; (7) the proceedings take place on a date that is |

---

[13] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(g).

[14] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(i); *see also* Article 9.

| | | |
|---|---|---|
| | | mutually convenient to the parties and the witness, but in any event, before May 30, 2008; |
| | | (8) the documents of which production is sought be produced by the witness no later than seven days prior to the agreed upon date of the deposition; |
| | | (9) the deposition be transcribed by a qualified transcriber for one day of seven (7) hours, or as otherwise agreed by the parties; |
| | | (10) the deposition be videotaped; |
| | | (11) the transcript be returned by you to Christopher Colbridge at the address appearing in paragraph 6(b) above. |
| 14. | Request for notification of the time and place for the execution of the request and the identity and the address of any person to be notified:[15] | It is requested that when the time and place for execution of this request has been designated, you please inform Plaintiff's and Defendant's legal representatives, identified in paragraphs 6(a) and 6(b) above, of the date, time, and place of the execution of this request. |
| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request:[16] | None. |
| 16. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin:[17] | Dr. Winter may refuse to answer any question propounded, or to produce any document requested, if such answer or document (1) would subject him to a real and appreciable danger of criminal liability in the United States, or (2) would disclose a confidential communication between him and his attorney, or (3) would be protected under the laws of privilege of England and Wales. |

---

[15] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 7.

[16] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 8.

[17] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 9 & 11.

7

17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the convention will be borne by:     Defendant and Plaintiff in shares proportionate to their time spent questioning Dr. Winter.

18. Date of request:

19. Signature and seal of requesting authority:

 

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware

## Appendix A

### Evidence to be Obtained from Dr. Winter

1. Evidence concerning experiments involving antibody humanization performed by or under the direction of Dr. Winter in relation to the EP 0239 400 patent.

2. Evidence concerning Dr. Winter's Declaration in Opposition to the EP 0451 216 patent, dated October 21, 1996, and any other Declarations submitted by Dr. Winter in the European Opposition proceedings related to the European equivalents of the patents-in-suit (e.g. EP 0682 040).

3. Evidence concerning Dr. Winter's scientific research reflected in the following publication: Riechmann et al., "Reshaping Human Antibodies for Therapy," Nature, 332:323-327 (1988).

4. Evidence concerning Dr. Winter's scientific research reflected in the following publication: Verhoeyen et al., "Reshaping Human Antibodies: Grafting an Antilysozyme Activity," Science, 239:1534-1536 (1988).

5. Evidence concerning Dr. Winter's scientific research reflected in the following publication: Jones et al., "Replacing the Complementarity-Determining Regions in a Human Antibody with Those from a Mouse," Nature. 321:522-525 (1986).

6. Evidence concerning Dr. Winter's scientific research reflected in the following publication: Foote et al., "Antibody Framework Residues Affecting the Conformation of Hypervariable Loops." J. Mol. Biol., 224:487-499 (1992).

7. Evidence concerning Dr. Winter's knowledge of U.S. Pat. No. 5,693,761, U.S. Pat. No. 5,693,762, and U.S. Pat. No. 6,180,370.

8. Evidence concerning Dr. Winter's knowledge of the following publication: Queen et al., "A Humanized Antibody That Binds to the Interleukin 2 Receptor." Proc. Natl. Acad. Sci., 86:10029-10033 (1989).

9. Evidence concerning Dr. Winter's knowledge of the following publication: Chothia & Lesk, "The Relation Between the Divergence of Sequence and Structure in Proteins." EMBO Journal 5(4):823-26 (1986).

10. Evidence concerning Dr. Winter's knowledge of the following publication: Chothia & Lesk, "Canonical Structures for the Hypervariable Regions of Immunoglobulins." J. Mol. Biol., 196:901-917 (1987).

11. Evidence concerning Dr. Winter's knowledge of the following publication: Kabat et al., "Sequences of Proteins of Immunological Interest." U.S. Department of Health and Human Services, NIH, Bethesda (1983).

12. Evidence concerning Dr. Winter's work in the field of antibody humanization prior to June 7, 1995, the filing date of the patents-in-suit.

13. Evidence concerning Dr. Winter's knowledge of work being conducted in the field of antibody humanization prior to June 7, 1995, the filing date of the patents-in-suit.

14. Evidence concerning Dr. Winter's work in the United States in the field of antibody humanization during the 1980's.

15. Evidence concerning Dr. Winter's knowledge of work being conducted in the United States in the field of antibody humanization during the 1980's.

16. Evidence concerning Dr. Winter's work in the field of antibody humanization being presented or otherwise disclosed in the United States during the 1980's.

17. Evidence concerning Dr. Winter's understanding of the state of the art of antibody humanization during the 1980's.

18. Evidence concerning Dr. Winter's present and historical understanding of the concept of Complementarity Determining Regions ("CDRs") and other terms disclosed in the patents-in-suit..

19. Evidence concerning Dr. Winter's understanding of the state of the art of the technique of modification of amino acid residues outside of Complementarity Determining Regions ("CDRs"), also known as "back mutations" or "framework substitutions," in the context of antibody humanization during the 1980's.

20. Evidence concerning Dr. Winter's understanding of the state of the art of the technique of selecting a human acceptor heavy and/or light chain framework that is homologous to the murine donor heavy and/or light chain framework, also known as "homology matching," in the context of antibody humanization during the 1980's.

21. Evidence concerning Dr. Winter's communications with Alexion or lawyers for Alexion regarding (a) Soliris® or its development, (b) the lawsuit between PDL BioPharma and Alexion, or (c) preparation for the deposition of Dr. Winter.

22. Evidence concerning Dr. Winter's communications with PDL or lawyers for PDL regarding (a) patents-in-suit and related applications, (b) any agreement not to cooperate with others in related litigations, (c) the lawsuit between PDL BioPharma and Alexion, or (d) preparation for the deposition of Dr. Winter.

23. Evidence concerning any of the documents listed in **Appendix B** hereto.

## Appendix B

### Documents Requested from Dr. Winter

1. Documents made by or under the direction of Dr. Winter in preparation for the following publication: Riechmann *et al.*, "Reshaping Human Antibodies for Therapy," Nature, 332:323-327 (1988).

2. Documents made by or under the direction of Dr. Winter in preparation for the following publication: Verhoeyen *et al.*, "Reshaping Human Antibodies: Grafting an Antilysozyme Activity," Science, 239:1534-1536 (1988).

3. Documents made by or under the direction of Dr. Winter in preparation for the following publication: Jones *et al.*, "Replacing the Complementarity-Determining Regions in a Human Antibody with Those from a Mouse," Nature. 321:522-525 (1986).

4. Documents made by or under the direction of Dr. Winter in relation to Dr. Winter's Declaration in Opposition to the EP 0451 216 patent, dated October 21, 1996, and any other Declarations submitted by Dr. Winter in the European Opposition proceedings related to the European equivalents of the patents-in-suit (e.g. EP 0682 040).

5. Documents made by or under the direction of Dr. Winter during his research related to antibody humanization that was conducted in the United States during the decade of 1980's.

6. Documents concerning any presentations or other disclosures related to Dr. Winter's antibody humanization research made in the United States during the 1980's.

7. Documents concerning any laboratory notebooks made by or under the direction of Dr. Winter during his research related to antibody humanization that was conducted in the United States during the 1980's.

8. Documents concerning the technique of selecting a human acceptor heavy and/or light chain framework that is homologous to the murine donor heavy and/or light chain framework, also known as "homology matching," made by or under the direction of Dr. Winter during the 1980's.

9. Documents concerning the technique of modification of amino acid residues outside of the Complementarity Determining Regions ("CDRs"), also known as "back mutations" or "framework substitutions," made by or under the direction of Dr. Winter during the 1980's.

10. Documents concerning any litigation, dispute, contested proceeding, interference, request for reexamination, reexamination, opposition, reissue or charge of infringement that involved or involves humanized antibodies or any of the patents-in-suit or related applications that Dr. Winter may have participated in or had knowledge of, including, without limitation, oppositions to EP 0682 040 and EP 0451 216.

11. Documents concerning Dr. Winter's communications with Alexion or lawyers for Alexion regarding (a) Soliris® or its development, (b) the lawsuit between PDL BioPharma and Alexion, or (c) preparation for the deposition of Dr. Winter.

12. Documents concerning Dr. Winter's communications with PDL or lawyers for PDL regarding (a) patents-in-suit and related applications, (b) any agreement not to cooperate with others in related litigations, (c) the lawsuit between PDL BioPharma and Alexion, or (d) preparation for the deposition of Dr. Winter.

13. Documents concerning any of the topics listed in **Appendix A** hereto.