48

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PDL BIOPHARMA, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-156-JJF |
| ) | |
| ALEXION PHARMACEUTICALS, INC. ) | |
| ) | |
| Defendant. ) | |

RECEIVED FEB - 5 2008 U.S. DISTRICT COURT DISTRICT OF DELAWARE

**JOINT AND UNOPPOSED MOTION FOR ISSUANCE OF A LETTER OF REQUEST
FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE
HAGUE CONVENTION 1970 ON THE TAKING OF EVIDENCE
IN CIVIL OR COMMERCIAL MATTERS AND THE EVIDENCE
(PROCEEDINGS IN OTHER JURISDICTIONS) ACT OF 1975
(ENGLAND & WALES) IN REFERENCE TO DR. LUTZ RIECHMANN**

Plaintiff, PDL BioPharma, Inc. ("PDL") and Defendant Alexion Pharmaceuticals, Inc. ("Alexion"), hereby jointly request that this Court issue the Letter of Request attached at Exhibit A, pursuant to Article 1 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), and Federal Rule of Civil Procedure 28(b) ("Rule 28(b)"). The attached Letter of Request is directed to the competent authority of England and Wales, the Senior Master of the Supreme Court, Queen's Bench division, Royal Courts of Justice, Strand, London, WC2A 2LL, for the production of documents from Dr. Lutz Riechmann and for the purpose of securing Dr. Riechmann as a witness for deposition. Dr. Riechmann has knowledge regarding important prior art publications that he authored and his testimony is highly material to this case.

In support of this Motion, the parties state as follows:

1. As the Court is aware, this action is brought by PDL against Alexion for infringement of U.S. Patent Nos. 5,693,761; 5,693,762; and 6,180,370 ("patents-in-suit").

2. PDL alleges that Alexion's drug product, Soliris®, infringes each of the three patents-in-suit that were issued by the U.S. Patent & Trademark Office. PDL represents that the patents have been widely licensed.

3. Alexion defends and counterclaims that its drug product, Soliris®, does not infringe the patents-in-suit and that the patents-in-suit are not novel and are invalid, *inter alia*, in light of earlier work done and prior art authored by Dr. Lutz Riechmann.

4. PDL believes that the patents-in-suit are novel, new inventions for making and using humanized antibodies that were properly issued by the United States Patent & Trademark Office over the prior art, including prior art by Dr. Lutz Riechmann.

5. Alexion believes that Dr. Lutz Riechmann has knowledge regarding important prior art publications that he authored, which were cited by PDL during prosecution of the patents-in-suit before the USPTO. Alexion believes that Dr. Riechmann possesses unique knowledge and can testify as to the state of the art relating to antibody humanization —the relevant technology in this litigation—at the alleged time of conception of PDL's purported invention in the 1980's and during the prosecution of the patents-in-suit.

6. Alexion also believes that Dr. Riechmann has knowledge regarding practice of PDL's purported invention in the United States before the earliest priority date of the patents-in-suit.

7. In the circumstances, Alexion contends that Dr. Riechmann possesses knowledge of matters that are relevant to the determination of the issues in this matter and the parties seek the aid of this Court in obtaining evidence to make this determination.

8. This Court has previously allowed foreign discovery under 28 U.S.C. § 1781 following a showing of the necessity of the discovery. *See Tulip Computers Int'l B.V. v. Dell Computers Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (relating to foreign discovery pursuant to Hague Evidence Convention).

**THEREFORE, THE PARTIES RESPECTFULLY REQUEST:**

A. That the Court issue, and cause to be certified by the Clerk of the U.S. District Court for the District of Delaware, a Letter of Request addressed to the competent authority of England and Wales, Senior Master of the Supreme Court, Queen's Bench Division, Royal Courts of Justice, Strand, London WC2A 2LL, England;

B. That said Letters of Request be issued in the form attached herewith.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL, LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| /s/ Karen Jacobs Louden | *[signature]* |
| Jack B. Blumenfeld, Esquire (No. 1014) | Josy W. Ingersoll (No. 1088) |
| Karen Jacobs Louden, Esquire (No. 2881) | Andrew A. Lundgren (No. 4429) |
| 1201 North Market Street | 1000 West Street, 17th Floor |
| P.O. Box 1347 | P.O. Box 391 |
| Wilmington, DE 19899-1347 | Wilmington, DE 19899 |
| (302) 658-9200 | (302) 571-6600 |
| klouden@mnat.com | alundgren@ycst.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

Dated: February 4, 2008

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PDL BIOPHARMA, INC. | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    C.A. No. 07-156-JJF <br> ) |
| ALEXION PHARMACEUTICALS, INC. | ) <br> ) |
| Defendant. | ) <br> ) |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION 1970 ON THE TAKING OF EVIDENCE
IN CIVIL OR COMMERCIAL MATTERS AND THE EVIDENCE (PROCEEDINGS IN
OTHER JURISDICTIONS) ACT OF 1975 (ENGLAND & WALES)
IN REFERENCE TO DR. LUTZ RIECHMANN[1]**

1.    Sender:[2]                                   The Honorable Joseph J. Farnan, Jr.
                                                       United States District Court, District of Delaware
                                                       J. Caleb Boggs Federal Building
                                                       844 N. King Street
                                                       Wilmington, DE 19801

2.    Central Authority of the Requested      Foreign and Commonwealth Office
       State:[3]                                               Clive House Petty France
                                                       London SW1
                                                       England

---

[1]    This Letter Of Request is submitted in English. *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 4.

[2]    *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(a).

[3]    *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(a).

3.  Person to whom the executed request is to be returned:[4]

    Christopher Colbridge
    Kirkland & Ellis International LLP
    30 St. Mary Axe
    London EC3A 8AF
    England

4.  In conformity with Article 3 of the Convention, the undersigned applicant has the honor of submitting the following request:

5.  (a) Requesting judicial authority:[5]

    United States District Court for the District of Delaware

    (b) To the competent authority of:[6]

    England & Wales
    Senior Master of the Supreme Court
    Queen's Bench Division
    Royal Courts of Justice
    Strand, London WC2A 2LL
    England

6.  Names and addresses of the parties and their representatives:

    (a) Plaintiff:[7]

    PDL Biopharma, Inc.
    1400 Seaport Blvd
    Redwood City, CA 94063
    Telephone: (650) 454 1000

    Represented by:
    *Morris, Nichols, Arsht & Tunnell LLP*
    Jack B. Blumenfeld
    Karen Jacobs Louden
    1201 N. Market Street
    P.O. Box 1347
    Wilmington, DE 19899-1347
    Telephone: (302) 658 9200

    *Weil, Gotshal & Manges LLP*
    Matthew D. Powers

---

[4] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(a).

[5] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(a).

[6] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(a).

[7] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(b).

|  |  |
|---|---|
|  | Vernon M. Winters<br>Eric Xanthopoulos<br>Silicon Valley Office<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Telephone (650) 802 3000<br><br>*Weil, Gotshal & Manges LLP*<br>Matthew Shankland<br>One South Place<br>London EC2M 2WG, England<br>+44-20-7903-1165 |
| (b) Defendants:[8] | Alexion Pharmaceuticals, Inc.<br>352 Knotter Dr.<br>Cheshire, CT 06410<br>Telephone: (203) 272 2596<br><br>Represented by:<br>*Young Conaway Stargatt & Taylor, LLP*<br>John W. Shaw<br>Josy W. Ingersoll<br>Andrew Lundgren<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19801<br>Telephone: (302) 571 6600<br><br>*Kirkland & Ellis LLP*<br>John M. Desmarais<br>Gerald J. Flattmann, Jr.<br>Christine Willgoos<br>Gregory A. Morris<br>153 East 53rd Street<br>New York, NY 10022<br>Telephone: (212) 446 4800<br>Facsimile: (212) 446 4900<br><br>*Kirkland & Ellis International LLP*<br>Christopher Colbridge<br>30 St. Mary Axe<br>London EC3A 8AF |

---

[8] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(b).

3

|   |   |   |
|---|---|---|
|   |   | England<br>Telephone: +44 20 7469 2000<br>Facsimile: +44 20 7469 2001 |
|   | (c) Other parties | None. |
| 7. | Nature and purpose of the proceeding and summary of the facts:[9] | This action is a civil suit brought by Plaintiff PDL Biopharma, Inc. ("PDL") against Defendant Alexion Pharmaceuticals, Inc. ("Alexion") for infringement of U.S. Patent Nos. 5,693,761; 5,693,762; and 6,180,370 ("patents-in-suit").<br><br>PDL alleges that Alexion's drug product, Soliris®, infringes each of the three patents-in-suit that were issued by the U.S. Patent & Trademark Office. Under U.S. law, patents are presumed valid. PDL represents that the patents have been widely licensed.<br><br>Alexion defends and counterclaims that its drug product, Soliris®, does not infringe the patents-in-suit and that the patents-in-suit are not novel and are invalid, *inter alia*, in light of earlier work done and prior art authored by Dr. Lutz Riechmann.<br><br>PDL believes that the patents-in-suit are novel, new inventions for making and using humanized antibodies that were properly issued by the United States Patent & Trademark Office over the prior art, including prior art by Dr. Lutz Riechmann.<br><br>Alexion believes that Dr. Lutz Riechmann has knowledge regarding important prior art publications that he authored, which were cited by PDL during prosecution of the patents-in-suit before the USPTO. Alexion believes that Dr. Riechmann possesses unique knowledge and can testify as to the state of the art relating to antibody humanization —the relevant technology in this litigation—at the alleged time of conception of PDL's purported invention in the 1980's and during the prosecution of the patents-in-suit. |

---

[9] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(c).

|     |     |     |
| --- | --- | --- |
|     |     | Alexion also believes that Dr. Riechmann has knowledge regarding practice of PDL's purported invention in the United States before the earliest priority date of the patents-in-suit. |
|     |     | In the circumstances, Alexion contends that Dr. Riechmann possesses knowledge of matters that are relevant to the determination of the issues in this matter. |
|     |     | This Court respectfully requests that you cause Dr. Riechmann, who is resident within your jurisdiction, to provide oral testimony by way of deposition as set forth in the attached **Appendix A** and produce documents responsive to requests set forth in **Appendix B**. |
| 8.  | Evidence to be obtained or other judicial act to be performed:[10] | Plaintiff PDL and Defendant Alexion seek the oral deposition testimony of Dr. Riechmann as set forth in the attached **Appendix A**, and documents from Dr. Riechmann as set forth in the attached **Appendix B**. |
| 9.  | Identity and address of person to be examined[11] | Dr. Lutz Riechmann<br>MRC Laboratory of Molecular Biology<br>Hills Road<br>Cambridge CB2 0QH<br>England |
| 10. | Subject matter about which the witness will be examined:[12] | Dr. Riechmann will testify to his research in the field of antibody humanization, as well as to the state of the art of same technology at the time of conception of PDL's purported invention. An overview of the evidence sought from Dr. Riechmann is set out at Appendix A hereto. |
| 11. | Document or other property to be inspected:[13] | Dr. Riechmann shall be required to produce documents that are within his possession or control and which relate to his research and involvement in |

---

[10] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(d).

[11] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(e).

[12] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(f).

5

| | | |
|---|---|---|
| | | the field of antibody humanization. A list of the documents of which production is sought is set out at Appendix B hereto. |
| 12. | Any requirement that the evidence be given under oath or affirmation and any special form to be used: | It is requested that the witness be placed under oath or affirmation. The oath or affirmation should state: "I swear or affirm that the testimony that I will give will be the truth, the whole truth, and nothing but the truth." |
| 13. | Special methods or procedure to be followed:[14] | It is requested that:<br><br>(1) Defendant's United States trial counsel be permitted to attend and conduct the examination of the witness;<br><br>(2) Plaintiff's United States trial counsel be permitted to also attend and conduct the examination of the witness;<br><br>(3) counsel for the Defendant and counsel for the Plaintiff be permitted to conduct the examination of the witness separately and consecutively and each party's representatives be permitted to be present when the other party conducts its examination of the witness;<br><br>(4) Christopher Colbridge will be Defendant's English counsel present at the proceedings;<br><br>(5) Matthew Shankland will be Plaintiff's English counsel present at the proceedings;<br><br>(6) the proceedings take place at Kirkland & Ellis International LLP, 30 St. Mary Axe, London EC3A 8AF, England;<br><br>(7) the proceedings take place on a date that is mutually convenient to the parties and the witness, but in any event, before May 30, 2008; |

---

[13] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(g).

[14] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(i); see also Article 9.

6

|     |     |     |
| --- | --- | --- |
|     |     | (8) the documents of which production is sought be produced by the witness no later than seven days prior to the agreed upon date of the deposition; |
|     |     | (9) the deposition be transcribed by a qualified transcriber for one day of seven (7) hours, or as otherwise agreed by the parties; |
|     |     | (10) the deposition be videotaped; |
|     |     | (11) the transcript be returned by you to Christopher Colbridge at the address appearing in paragraph 6(b) above. |
| 14. | Request for notification of the time and place for the execution of the request and the identity and the address of any person to be notified:[15] | It is requested that when the time and place for execution of this request has been designated, you please inform Plaintiff's and Defendant's legal representatives, identified in paragraphs 6(a) and 6(b) above, of the date, time, and place of the execution of this request. |
| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request:[16] | None. |

---

[15] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 7.

[16] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 8.

| | | |
|---|---|---|
| 16. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin:[17] | Dr. Riechmann may refuse to answer any question propounded, or to produce any document requested, if such answer or document (1) would subject him to a real and appreciable danger of criminal liability in the United States, or (2) would disclose a confidential communication between him and his attorney, or (3) would be protected under the laws of privilege of England and Wales. |
| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the convention will be borne by: | Defendant and Plaintiff in shares proportionate to their time spent questioning Dr. Reichmann. |
| 18. | Date of request: *February 5, 2008* | |
| 19. | Signature and seal of requesting authority: | |

*[signature]*
The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware

---

[17] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 9 & 11.

8

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on February 4, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Karen Jacobs Louden, Esquire
>Morris Nichols Arsht & Tunnell LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347

I further certify that on February 4, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

>**BY E-MAIL**
>
>Matthew D. Powers, Esquire
>Vernon M. Winters, Esquire
>John D. Beynon, Esquire
>Weil, Gotshal & Manges LLP
>201 Redwood Shores Parkway
>Redwood Shores, CA  94065

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Andrew A. Lundgren
>
>Josy W. Ingersoll (No. 1088)
>Andrew A. Lundgren (No. 4429)
>1000 West Street, 17th Floor
>Wilmington, Delaware  19801
>(302) 571-6600
>alundgren@ycst.com
>
>*Attorneys for Defendant.*