IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PDL BIOPHARMA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 07-156 (JJF) |
| | ) | |
| ALEXION PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PDL'S OPENING BRIEF IN SUPPORT OF ITS**
**<u>MOTION TO COMPEL DISCOVERY FROM ALEXION</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
klouden@mnat.com

*Of Counsel:*

*Attorneys for Plaintiff PDL BioPharma, Inc.*

Matthew D. Powers
Vernon M. Winters
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Jennifer H. Wu
Rebecca E. Fett
WEIL, GOTSHAL & MANGES LLP
New York Office
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

Dated: March 10, 2008

i.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS .................................................................1

SUMMARY OF ARGUMENT ..................................................................................................2

STATEMENT OF FACTS .........................................................................................................3

ARGUMENT ..............................................................................................................................4

    I.    Alexion Cannot Refuse to Provide Discovery Pending Resolution of the Bifurcation Motion ........................................................................................4

    II.    Alexion Cannot Withhold or Limit the Scope of Production Based on its Unfounded Relevance Objections ..............................................................5

        A.    Alexion's Numerous Relevance And Undue Burden Objections Are Unfounded ..........................................................................6

        B.    Request Nos. 7 and 11 .................................................................................7

    III.    Alexion Has Refused To Produce Documents It Previously Agreed to Provide ...........................................................................................................8

CONCLUSION ...........................................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Applied Biosystems Inc., v Cruachem, Inc.,*
    No. 89-579-JRR, 1990 U.S. Dist. LEXIS 21003 (D. Del. Aug. 3, 1990) ............................ 4-5

*Graham v. John Deere Co.*,
    383 U.S. 1 (1966) ............................................................................................................. 5

*In re Madden,*
    151 F. 3d 125 (3d. Cir. 1998) ........................................................................................... 5

*Pacitti v. Macy's*,
    193 F.3d 766 (3d Cir. 1999) ............................................................................................. 5

*Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*
    707 F. Supp. 1429 (D. Del 1989) .................................................................................. 2, 4

**STATUTES**

Fed. R. Civ. P. 26(b)(1) ............................................................................................................ 5

1.

Plaintiff PDL BioPharma, Inc. ("PDL") respectfully moves for an Order compelling Alexion Pharmaceuticals, Inc. ("Alexion") to produce all documents responsive to PDL's Request for Production Nos. 2, 4, 7, 10, 11, 14-17, 19-30, 32-36, 41-44, 60, 65-80, 91-93, 95-101, 111-115 ("the Requests").

## NATURE AND STAGE OF THE PROCEEDINGS

PDL commenced this action on March 16, 2007, asserting that Alexion infringes U.S. Patent Nos. 5,693,761, 5,693,762, and 6,180,370. D.I. 1. Alexion moved to bifurcate and stay discovery and trial of damages and willfulness issues on September 6, 2007. D.I. 32. The Court has yet to rule on the motion.

In Alexion's responses to PDL's first set of interrogatories and document requests, served on August 22, 2007, Alexion refused to respond — at all — to 51 of the 115 document requests. Fett Decl. Ex. 1 (Alexion's Responses to PDL's First Set of Requests for Production). Alexion refused to respond to 35 of those Requests because they purportedly sought documents that were "directed solely to the issues of damages and/or willfulness," and/or because this Court had not ruled on its bifurcation motion. Id. at Request Nos. 23-28, 32-36, 41-44, 65-77, 80, 91-93, and 111-113. Alexion also refused to respond to 16 Requests, and limited the scope of its responses to two other Requests, on the basis that they purportedly were unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Id. at Request Nos. 7, 11, 14-17, 29, 30, 60, 78, 79, 97-101, 114 and 115. Alexion further has not produced documents in response to nine other uncontested Requests on the sole basis that the parties have not yet agreed to a comprehensive list of electronic search terms. Id. at Request Nos. 2, 4, 10, 19-22, 95, and 96. PDL advised Alexion that its refusal and failure to provide the requested discovery was improper. Alexion stood by its objections, necessitating this motion.

2.

See Fett Decl. Ex. 2 (1/24/08 Ltr. from E. Xanthopoulos to C. Willgoos); Fett Decl. Ex. 3 (3/3/08 Ltr. from J. Wu to C. Willgoos).

Under the current Scheduling Order, which was entered by Magistrate Judge Thynge, claim construction briefing closes on May 2, 2008, and a claim construction hearing is tentatively set for May 2008. D.I. 24. Fact discovery closes on July 2, 2008; expert discovery closes in September 2008; and case-dispositive motions will be heard in December 2008. Id. The Pretrial Conference is tentatively set for February 2009, and a trial scheduled for March 2009. Id.

## SUMMARY OF ARGUMENT

Alexion relies on three excuses to justify its refusal to satisfy its discovery obligations: (1) that the pendency of the bifurcation motion effectively stayed discovery; (2) that the requested discovery is not relevant; and (3) that its agreement to provide discovery is something it can retract. None of these excuses has any merit. Alexion's conduct has prejudiced PDL's ability to develop its case (including taking depositions).

1. Alexion's refusal to produce documents in response to 35 Requests, including about financial information necessary to calculate damages, is an impermissible attempt to grant itself the relief it seeks (but this Court has not granted) in its pending motion to bifurcate willfulness and damages from the liability issues in this case. The law is clear that the pending motion does not allow Alexion to avoid its discovery obligations. Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc., 707 F. Supp. 1429, 1441 (D. Del. 1989). And, in any event, the documents PDL seeks are not only relevant to damages but also to issues of validity and infringement.

2. Alexion's broad based relevance objections, including as to such matters as the manufacture and licensing of the accused product, Soliris, also are improper.

3. Alexion even has failed to produce documents that it previously agreed to provide, including product samples and documents relating to the development, testing, and characteristics of the accused product, Soliris. The only excuse Alexion has offered is that the parties have not agreed to a comprehensive set of electronic search terms. This is a red herring. Alexion cannot hide behind the parties' negotiations concerning electronic search terms as a basis to avoid producing indisputably relevant documents, and certainly cannot rely upon these negotiations as a basis for failing to produce physical product samples.

## STATEMENT OF FACTS

PDL's three patents-in-suit disclose and claim certain "humanized antibodies" (also called "humanized immunoglobulins") and methods of making them. Antibodies are Y-shaped "proteins found in higher animals that recognize and bind to foreign proteins such as viruses and bacteria." See Fett Decl. Ex. 4 (Excerpt of K. Drlica, Understanding DNA and Gene Cloning: A Guide for the Curious at 302 (3rd ed. 1997)). Proteins are made up of amino acid sequences. At a very general level, the humanized antibodies of the patents-in-suit are antibodies that have been genetically engineered so that particular amino acid sequences from a human antibody (called an "acceptor antibody") have been replaced with amino acid sequences of a mammalian, but non-human, antibody (called a "donor antibody"). The resulting humanized antibodies are very useful in humans, because they bind to foreign proteins with generally the same strength as the non-human donor antibodies and are not rejected as foreign by the human immune system. Humanized antibody products having sales, in the aggregate, of billions of dollars per year are sold under license to the patents-in-suit by companies such as Genentech, Inc., MedImmune, Inc., Wyeth, and Elan Corporation, Plc. See id. at Fett Decl. Ex. 5 (portions of PDL's fiscal year 2006 SEC Form 10-K, filed March 1, 2007). Alexion, however, has no

4.

license. See D.I. 11 at ¶ 2 (Alexion's Answer and Counterclaims). This is the only lawsuit on the patents-in-suit that PDL has ever been forced to bring.

Alexion's infringing product is sold under the trade name Soliris™. Alexion has described Soliris™ as a "humanized antibody that . . . is designed for the chronic treatment of . . . disorders such as PNH," which is a rare type of blood disorder that can lead to disability and premature death. On March 16, 2007, the FDA approved Soliris™ for the treatment of PNH. See Fett Decl. Ex. 6 (FDA announcement of Soliris approval). Later that day, PDL filed this lawsuit.

## ARGUMENT

### I. ALEXION CANNOT REFUSE TO PROVIDE DISCOVERY PENDING RESOLUTION OF THE BIFURCATION MOTION

Alexion has refused to respond to 35 Requests until the Court has ruled on bifurcation on the basis that these Requests purportedly are "directed solely to the issues of damages and/or willfulness." Fett Decl. Ex. 1 (Alexion's Responses to PDL's First Set of Requests for Production) at Request Nos. 23-28, 32-36, 41-44, 65-77, 80, 91-93, and 111-113. It is well-established in this district that a party cannot unilaterally grant itself a stay of discovery merely by filing a motion. Willemijn, 707 F. Supp. at 1441 (compelling discovery despite pending motion to sever); see also Applied Biosystems Inc., v Cruachem, Inc., No. 89-579-JRR, 1990 U.S. Dist. LEXIS 21003 at *4 (D. Del. Aug. 3, 1990)) (same). In Willemijn, the defendant moved for a stay of discovery and trial on damages. 707 F. Supp. at 1441. The defendant then refused to respond to discovery on damages pending a hearing on its motion. Id. This Court noted that: "Simple logic teaches that defendant has put the presumption on the wrong side: unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all." Id. The Court thus ordered defendant to provide the requested

5.

discovery. Id. Likewise, here, until this Court rules upon the motion to bifurcate, Alexion cannot grant itself the relief it seeks in its motion.

Alexion's refusal to respond to the Requests also is improper because the requested documents are relevant not only to damages and willfulness but also to liability issues such as infringement and nonobviousness. For example, Request Nos. 66-69 and 71-75 seek documents concerning the commercial success of the accused product, Soliris, which is relevant to non-obviousness. See Graham v. John Deere Co., 383 U.S. 1, 17-18 (1966) (secondary "indicia of nonobviousness" includes evidence of commercial success). Request No. 34, which seeks documents that relate to any attempt to redesign or reformulate Alexion's Humanized Antibody Products and Methods, also is relevant to infringement. Indeed, any such redesign attempt may constitute an act of infringement of the method and composition claims asserted here. Therefore, Alexion's failure to provide the requested discovery has prejudiced PDL's ability to develop not only its damages and willfulness case, but also its infringement and validity cases. Alexion should be compelled to respond to these Requests without further delay.

## II. ALEXION CANNOT WITHHOLD OR LIMIT THE SCOPE OF PRODUCTION BASED ON ITS UNFOUNDED RELEVANCE OBJECTIONS

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." Pacitti v. Macy's, 193 F.3d 766, 777-78 (3d Cir. 1999) (citing In re Madden, 151 F.3d 125, 128 (3d Cir.1998)).

6.

### A. Alexion's Numerous Relevance And Undue Burden Objections Are Unfounded

Alexion has refused to respond to Request Nos. 14-17, 29, 30, 60, 78, 79, 97-101, 114 and 115, claiming that the information requested is not relevant to the issues in this case, and that the requests are overly broad and unduly burdensome. Alexion has never explained its basis for these objections. In fact, these Requests are reasonably tailored to seek documents that are highly relevant to the issues of infringement, validity, damages, and willfulness.

- *Request Nos. 14, 15 and 16, and 17* seek documents relating to the manufacture of Alexion's Humanized Antibody Products And Methods (including Soliris), and *Request No. 60* seeks documents that refer to Alexion Humanized Antibody Products and Methods (including Soliris), including products and methods made, used, sold and offered for sale, or imported into the United States by PDL, Genentech, GlaxoSmithKline, MedImmune, Eli Lilly and Co., and Abbott Laboratories. These Requests are reasonably calculated to lead to the discovery of relevant evidence because the patents-in-suit claim methods of producing humanized immunoglobulin, and therefore design and manufacture information as to how the accused product is produced is central to a determination of infringement. See, e.g., '370 patent, claim 1 ("method of producing a humanized immunoglobulin which specifically binds to an antigen").

- *Request Nos. 29 & 30* seek communications by or on behalf of Alexion to financial, securities analysts, or reporters about the patents-in-suit or this litigation, and *Request Nos. 114 and 115* seek documents relating to actual or proposed communications to third parties (including customers or prospective customers) regarding this lawsuit. These Requests are reasonably calculated to lead to the discovery of relevant evidence because such communications may include statements reflecting Alexion's analysis of the scope and validity of the patents-in-suit, Alexion's infringement and/or the value of the patents-in-suit, which are relevant to willfulness and the calculation of reasonable royalty damages.

7.

- *Request Nos. 78 and 79* seek documents from <u>Oklahoma Med. Res. Found. v. Alexion Pharm., Inc.</u>, Case No. 4:07-CV-00163-GKF-SAJ and communications between those parties that refer to the litigation, Humanized Antibody Products And Methods, PDL, or the Patent-in-Suit.  The litigation involved a license dispute regarding the accused product, Soliris.  These Requests are reasonably calculated to lead to the discovery of relevant evidence because such documents may include statements about the accused product which are relevant to infringement, and the license issues may be relevant to the calculation of reasonable royalty damages.

- *Request Nos. 97, 98, 99, 100, and 101* seek documents relating to Dr. Max Link, his work on the Alexion Compliance and Quality Committee relating to Alexion's Humanized Antibody Products And Methods, and the Alexion Compliance and Quality Committee.  Dr. Link is a former PDL director and presently is the Chairman of Alexion's Board of Directors, and a member of Alexion's Compliance and Quality Committee, which the Alexion Board of Directors established in December 2004 to provide "leadership and guidance" to Alexion "on all aspects of regulatory and product compliance matters."  These Requests are reasonably calculated to lead to discovery of relevant evidence about the accused product and Alexion's knowledge of the patents-in-suit.

      **B.**     **<u>Request Nos. 7 and 11</u>**

Alexion has improperly limited its responses to these two additional Requests concerning the testing and characteristics of Soliris.

- *Request No. 7* seeks documents relating to actions taken or activities initiated by Alexion to seek FDA approval of Alexion's Humanized Antibody Products And Methods (including Soliris) for any use.  Alexion has improperly limited its response to only its communications with the FDA.  Documents describing the testing and analysis of Soliris are relevant to infringement irrespective of whether that information was communicated to the FDA.

8.

Indeed, internal development data may contradict the data submitted to the FDA, and are thus central to a determination of infringement.

- *Request No. 11* seeks documents that constitute, refer to, or reflect the composition, sequence, or characterization of Alexion's Humanized Antibody Products And Methods (including Soliris). Alexion has agreed to provide sequence information only. This limitation is inappropriate given that PDL has asserted both method and composition claims, and therefore the characteristics of accused product, such as binding affinity, are relevant to infringement.

### III. ALEXION HAS REFUSED TO PRODUCE DOCUMENTS IT PREVIOUSLY AGREED TO PROVIDE

Alexion still has not produced responsive documents that it agreed to provide more than six months ago in response to PDL's first set of document requests. The parties are filing their joint claim chart on March 27, 2008, yet PDL still does not have any documents responsive to the following requests. Alexion's only excuse for failing to comply with its discovery obligations is that the parties have not yet agreed to a comprehensive set of electronic search terms.[1] Alexion cannot hide behind the negotiations concerning electronic search terms, however, as a basis for failing to produce indisputably relevant documents. Morever, PDL's failure to produce physical samples of Soliris does not depend on an electronic search.

Alexion has not produced *any* documents responsive to the following uncontested requests:

---

[1] PDL has cooperated with Alexion in developing electronic search terms. See Fett Decl. Ex. 7 (3/4/08 Ltr. from J. Wu to C. Willgoos) (narrowing PDL's list of electronic search terms).

- *Request No. 2* seeking board minutes, board presentations, and other documents from Alexion's Board of Directors meetings concerning Alexion's Humanized Antibody Products and Methods (including Soliris).

- *Request No. 4* seeking documents that describe Alexion's corporate and personnel structure, including organizational charts.

- *Request No. 10* seeking documents relating to Alexion's early access program for Alexion's Humanized Antibody Products And Methods (including Soliris), or any other distribution program for Alexion's Humanized Antibody Products And Methods.

- *Request No. 19* seeking manuals, user guides, white papers, training guide, brochures, instructions for use, specifications and licenses (both express and implied) for each of Alexion's Humanized Antibody Products And Methods (Soliris), including prototypes thereof.

- *Request No. 20* seeking two representative samples of each Alexion Humanized Antibody Product And Method (including Soliris).

- *Request No. 21* seeking documents that constitute, refer to, or reflect Alexion's investigation, assessment, or study of the claims of the patent-in-suit or related patents.

- *Request No. 22* seeking documents that refer to or reflect the scope of equivalents that Alexion contends should be applied to any claim element of the Patent-in-Suit.

- *Request Nos. 95 and 96* seeking documents that constitute, refer to, or reflect Dr. Max Link's knowledge of Alexion's Humanized Antibody Products And Methods and the patents-in-suit.

## CONCLUSION

For the foregoing reasons, PDL respectfully requests that the Court grant its Motion to Compel Discovery From Alexion.

10.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden (#2881)*
_____
Jack B. Blumenfeld (ID # 1014)
Karen Jacobs Louden (ID # 2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
klouden@mnat.com

*Attorneys for PDL BioPharma, Inc.*

*Of Counsel:*

Matthew D. Powers
Vernon M. Winters
Weil, Gotshal & Manges LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
650-802-3000

Jennifer H. Wu
Rebecca E. Fett
Weil, Gotshal & Manges LLP
New York Office
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
March 10, 2008

1870264

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on March 10, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

    Joey W. Ingersoll

I also certify that copies were caused to be served on March 10, 2008, upon the following in the manner indicated:

**BY HAND**

Joey W. Ingersoll
Andrew A. Lundgren
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE  19801

**BY EMAIL**

Gerald J. Flattmann, Jr.
Christine Willgoos
Gregory A. Morris
Kirkland & Ellis
153 East 53rd Street
New York, NY  10022-4611

*/s/ Karen Jacobs Louden (#2881)*
_____
Karen Jacobs Louden