IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PDL BIOPHARMA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 07-156 (JJF) |
| | ) | |
| ALEXION PHARMACEUTICALS, INC., | ) | **REDACTED -** |
| | ) | **PUBLIC VERSION** |
| Defendant. | ) | |

## REBECCA E. FETT'S DECLARATION IN SUPPORT OF PDL'S MOTION TO COMPEL DISCOVERY FROM ALEXION

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
klouden@mnat.com

*Attorneys for Plaintiff PDL BioPharma, Inc.*

*Of Counsel:*

Matthew D. Powers
Vernon M. Winters
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Jennifer H. Wu
Rebecca E. Fett
WEIL, GOTSHAL & MANGES LLP
New York Office
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

Original Filing Date:  March 10, 2008

Redacted Filing Date:  March 18, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PDL BIOPHARMA, INC.                    )
                         Plaintiff,    )
                                       )
          v.                           )    C.A. No. 07-156 (JJF)
                                       )
ALEXION PHARMACEUTICALS, INC.,         )    REDACTED –
                                       )    PUBLIC VERSION
                         Defendant.    )

## REBECCA E. FETT'S DECLARATION IN SUPPORT OF PDL'S MOTION TO COMPEL DISCOVERY FROM ALEXION

1.      I am an associate at Weil, Gotshal & Manges, LLP, counsel for plaintiff PDL BioPharma, Inc. I submit this Declaration in support of PDL BioPharma's Motion to Compel Discovery from Alexion.

2.      Attached as Exhibit 1 is a true and correct copy of Alexion's Responses to PDL's First Set of Requests for Production served on August 22, 2007.

3.      Attached as Exhibit 2 is a true and correct copy of a letter from E. Xanthopoulos of Weil, Gotshal & Manges LLP to C. Willgoos of Kirkland & Ellis dated January 24, 2008.

4.      Attached as Exhibit 3 is a true and correct copy of a letter from J. Wu of Weil, Gotshal & Manges LLP to C. Willgoos of Kirkland & Ellis dated March 3, 2008.

5.      Attached as Exhibit 4 is a true and correct copy of excerpt from the publication entitled "Understanding DNA and Gene Cloning: A Guide for the Curious at 302" by K. Drlica, published by Public Health Research Institute, New York (3rd ed. 1997).

6.      Attached as Exhibit 5 is a true and correct copy of excerpts from Form 10-K filed by PDL BioPharma, Inc. with the SEC for the fiscal year ended December 31, 2006, describing humanization patent license agreements and bearing bates numbers PDL-A0036174, PDL-A0036183 and PDL-A0036283.

7.    Attached as Exhibit 6 is a true and correct copy of FDA News Release announcing approval of Soliris issued on March 16, 2007.

8.    Attached as Exhibit 7 is a true and correct copy of a letter from J. Wu of Weil, Gotshal & Manges LLP to C. Willgoos of Kirkland & Ellis dated March 4, 2008.

I declare under penalty of perjury that the foregoing is true and correct.


WEIL, GOTSHAL & MANGES LLP


_Rebecca Fett_
_____
Rebecca E. Fett

March 10, 2008

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 18, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Joey W. Ingersoll

I also certify that copies were caused to be served on March 18, 2008, upon the following in the manner indicated:

**BY HAND**

Joey W. Ingersoll
Andrew A. Lundgren
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE  19801

**BY EMAIL**

Gerald J. Flattmann, Jr.
Christine Willgoos
Gregory A. Morris
Kirkland & Ellis
153 East 53rd Street
New York, NY  10022-4611

*/s/ Karen Jacobs Louden*
_____
Karen Jacobs Louden

**Exhibit 1**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| PDL BIOPHARMA, INC. | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 07-CV-156-*** |
| | ) |
| ALEXION PHARMACEUTICALS, INC. | ) |
| Defendant. | ) |
| | ) |

## ALEXION PHARMACEUTICALS, INC.'S RESPONSES TO PDL BIOPHARMA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule Of Civil Procedure 33 and Local Rules 26.1 and 26.2, Defendant Alexion Pharmaceuticals, Inc. ("Alexion") hereby makes the following objections and responses to Plaintiff PDL BioPharma, Inc.'s ("PDL") First Set Of Requests For Production To Defendant.

Pursuant to Federal Rule Of Civil Procedure 26(e), Alexion reserves the right to supplement its responses to these requests for production if it learns of additional information.

## GENERAL OBJECTIONS

Alexion makes the following general objections to PDL's First Set Of Requests For Production ("General Objections"), which General Objections are hereby incorporated by reference and made part of its response to each such request for production:

1.    Alexion objects to each request for production to the extent that it seeks to impose requirements or obligations on Alexion in addition to or different from those imposed by the Federal Rules of Civil Procedure and/or Local Civil Rules For The District of Delaware.

2.      Alexion objects to each request for production to the extent that it calls for the production of documents and things that are protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege or immunity. Inadvertent production of any such documents and things shall not be deemed a waiver of any privilege or immunity, and Alexion reserves the right to object to the inspection, copying and admissibility of any such documents and things and to have such documents and things returned to Alexion. Nothing contained in any of these responses is intended to be, or in any way constitutes, a waiver of any such applicable privilege, immunity or doctrine.

3.      Alexion objects to each request for production to the extent that it calls for the production of documents and things that are not relevant to any claim or defense of any party to this action, or not reasonably calculated to lead to the discovery of admissible evidence.

4.      Alexion objects to PDL's "Definitions" and "Instructions" to the extent that they seek to impose requirements or obligations on Alexion in addition to or different from those imposed by the Federal Rules of Civil Procedure and/or Local Civil Rules For The District of Delaware. Alexion further objects to these definitions and instructions to the extent that they purport to alter the plain meaning and/or scope of any specific request for production on the ground that such alteration renders the request for production vague, ambiguous, overly broad, unduly burdensome and/or uncertain.

5.      Alexion objects to each request for production to the extent that it purports to require Alexion to search for, locate and/or produce "all" documents. Consistent with its obligations under the Federal Rules of Civil Procedure and subject to its General Objections and any specific objections, Alexion will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

6.    Alexion further objects to PDL's definition of "Alexion" as overly broad, unduly burdensome, vague and ambiguous in its use of the terms "partners,", "divisions," "subsidiaries," "affiliates," and "related companies."

7.    Alexion objects to PDL's definition of "Humanized Antibody Products and Methods" as overly broad, unduly burdensome, vague and ambiguous to the extent that this definition purports to include any products and/or methods other than those concerning eculizumab and/or Soliris™.

8.    Alexion objects to each request for production to the extent that it seeks confidential Alexion documents in the absence of an appropriate protective order.. Pending entry of an appropriate protective order, Alexion will produce any confidential documents under, and subject to, the protections of Local Civil Rule 26.2.

9.    Alexion objects to each request for production to the extent that it seeks documents and things directed solely to the issue of damages.  Alexion objects to each such request as premature pending the Court's decision regarding bifurcation of liability and damages issues, which, pursuant to the Court's August 7, 2007 oral ruling, will be filed on or before September 6, 2007.

10.    Alexion objects to each request for production to the extent that it seeks documents and things directed solely to the issue of willfulness.  Alexion objects to each such request as premature pending the Court's decision regarding bifurcation of liability and damages issues, which, pursuant to the Court's August 7, 2007 oral ruling, will be filed on or before September 6, 2007.

11.    Alexion objects to each request for production to the extent that it seeks documents and things directed solely to manufacture, use, sale or offer for sale outside of the

U.S., or importation into the U.S. Alexion objects to each such request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

12.    Alexion objects to each request for production to the extent that it seeks the production of documents generated on or after March 16, 2007.

13.    Alexion objects to each request for production to the extent that it seeks production of documents subject to a protective order or confidentiality agreement with non-parties.

14.    Alexion objects to each and every request for production to the extent that it calls for the production of documents and things that are already in PDL's possession, custody or control.

15.    Alexion objects to each and every request for production to the extent that it calls for the production of documents and things that are publicly available and therefore of no greater burden for PDL to obtain than for Alexion to obtain and/or produce.

16.    Alexion objects to each request for production to the extent that Alexion has requested similar documents from PDL and PDL has objected to producing them.

### SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 1:

All Documents that describe Alexion's email and document deletion, backup, destruction and retention policies from 1987 to the present.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Subject to its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

### REQUEST FOR PRODUCTION NO. 2:

All board minutes, board presentations, and other documents from Alexion's board of directors meetings concerning Alexion's Humanized Antibody Products And Methods.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Alexion further objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

### REQUEST FOR PRODUCTION NO. 3:

All Documents and things concerning PDL including, without limitation, all letters, faxes, emails, presentations, marketing materials, Documents that constitute, refer to, or reflect actual or prospective business relationships, and discussions pertaining to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

  Alexion objects to this request as calling for documents and things already within the possession of PDL. Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Alexion further objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:**

  All Documents that describe Alexion's corporate and personnel structure including, without limitation, organizational charts, from 1987 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

  Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Alexion further objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search sufficient to demonstrate Alexion personnel involved in the research and development of Soliris™.

**REQUEST FOR PRODUCTION NO. 5:**

  All Documents that identify Alexion's affiliates including, without limitation, parent companies, subsidiaries, partnerships, joint ventures, and divisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents that constitute, refer to, or reflect communications between Alexion and the FDA regarding the FDA's approval of Alexion's Humanized Antibody Products And Methods for any use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search and that constitute communications with the FDA concerning Soliris™ to the extent that such communications do not contain individual patient data.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents that constitute, refer to, or reflect actions taken or activities initiated by Alexion to seek FDA approval of Alexion's Humanized Antibody Products And Methods for any use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Alexion objects to this request as cumulative and duplicative of Request No. 6. Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Alexion further objects to this request as vague and ambiguous with respect to the terms "actions taken or activities

initiated". Subject to these and its General Objections, Alexion responds that it will produce

responsive, non-privileged documents within its possession, custody or control that constitute

communications with the FDA concerning Soliris™ to the extent that such communications do

not contain individual patient data.

**REQUEST FOR PRODUCTION NO. 8:**

        All Documents that constitute, refer to, or reflect a relationship between any
manufacture, use, sale, offer for sale, or importation of Alexion's Humanized Antibody Products
And Methods and the development and submission of information to the FDA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

        Alexion objects to this request as cumulative and duplicative of Requests Nos. 6

and 7. Subject to this and its General Objections, Alexion responds that it will produce

responsive, non-privileged documents within its possession, custody or control that comprise

relevant portions of Alexion's Biologic License Application (BLA) for Soliris™ to the extent

that such documents or portions thereof do not contain individual patient data.

**REQUEST FOR PRODUCTION NO. 9:**

        All Documents that constitute, refer to, or reflect distribution of Alexion's
Humanized Antibody Products And Methods for any purpose.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

        Alexion objects to this request as vague and ambiguous with respect to the term

"distribution". Alexion further objects to this request as overly broad, unduly burdensome and

calling for the production of documents that are neither relevant to any claim or defense in this

action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these

and its General Objections, Alexion responds that it will produce responsive, non-privileged

documents within its possession, custody or control that are located after a reasonable search.

8

**REQUEST FOR PRODUCTION NO. 10:**

All Documents that constitute, refer to, or reflect Alexion's early access program for Alexion's Humanized Antibody Products And Methods, or any other distribution program for Alexion's Humanized Antibody Products And Methods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Alexion objects to this request as vague and ambiguous with respect to the term "distribution program". Subject to this and its General Objections, Alexion responds that it will produce relevant and responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search, excluding any clinical, personal, or financial data of any individual.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents that constitute, refer to, or reflect the composition, sequence, or characterization of Alexion's Humanized Antibody Products And Methods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Alexion further objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control, located after a reasonable search, that are sufficient to demonstrate sequence information concerning Soliris™.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents that constitute, refer to, or reflect the *in vivo* or *in vitro* studies of Alexion's Humanized Antibody Products And Methods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control, located after a reasonable search, that are sufficient to demonstrate the design, testing, and results of *in vivo* and *in vitro* studies concerning Soliris™ to the extent that such documents do not contain individual patient data.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents that constitute, refer to, or reflect the characterization of Alexion's Humanized Antibody Products And Methods, including any studies of the binding strength, binding efficiency, binding selectivity, binding constant, or dissociation constant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Alexion objects to this request as cumulative and duplicative of Requests Nos. 11 and 12. Subject to this and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents that constitute, refer to, or reflect agreements to manufacture Alexion's Humanized Antibody Products And Methods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents that constitute, refer to, or reflect the entities manufacturing Alexion's Humanized Antibody Products And Methods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Alexion objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents that refer to or reflect the time periods and the locations where Alexion's Humanized Antibody Products And Methods have been manufactured.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Alexion objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents that constitute, refer to, or reflect any agreement by which Alexion agreed to indemnify any other entity for manufacturing, using, importing, offering to sell, or selling Alexion's Humanized Antibody Products And Methods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Alexion objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents that constitute, refer to, or reflect any investigation, testing, analysis, or study of Alexion's Humanized Antibody Products And Methods conducted by or on the behalf of Alexion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Alexion objects to this request as cumulative and duplicative of Request No. 12. Alexion further objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control, located after a reasonable search, that are sufficient to demonstrate the design, testing, and results of *in vivo* and *in vitro* studies concerning Soliris™ to the extent that such documents do not contain individual patient data.

**REQUEST FOR PRODUCTION NO. 19:**

One copy of each version (including each paper, magnetic, and electronic version) of all manuals, user guides, white papers, training guide, brochures, instructions for use, specifications and licenses (both express and implied) for each of Alexion's Humanized Antibody Products And Methods, including prototypes thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Alexion further objects to this request to the extent that it purports to impose obligations greater than those imposed by the Federal Rules or Local Rules. Alexion objects to this request as vague and ambiguous with respect to the terms "user guides," "white papers," "training guide," "brochures," "instructions for use," "specifications" and "licenses (both express and implied)." Subject to this and its General Objections, Alexion responds that it will produce relevant, responsive, non-privileged documents that have been publicly disclosed that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 20:**

Two representative samples of each Alexion Humanized Antibody Product And Method.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Alexion objects to this request as vague and ambiguous as to the term "samples of each Alexion Humanized Antibody ... Method". Subject to this and its General Objections, Alexion responds that it will produce two representative samples of Soliris™ for the treatment of PNH.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents that constitute, refer to, or reflect Alexion's investigation, assessment, or study of the claims of the Patents-In-Suit or Related Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents concerning patents other than the patents-in-suit. Alexion further objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to this and its General Objections, Alexion responds that it will produce responsive, non-privileged documents concerning the patents-in-suit that are within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents that refer to or reflect the scope of equivalents that Alexion contends should be applied to any claim element of the Patents-In-Suit.

13

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

        Alexion objects to this request as calling for a legal conclusion.  Alexion further

objects to this request as calling for the production of documents that are protected from

discovery by the attorney-client privilege and/or work-product doctrine.  Subject to this and its

General Objections, Alexion responds that it will produce responsive, non-privileged documents

within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 23:**

        All Documents that refer to or reflect what Alexion contends are any
noninfringing alternatives to the inventions claimed in any of the Patents-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

        Alexion objects to this request as calling for a legal conclusion.  Alexion further

objects to this request as calling for the production of documents that are protected from

discovery by the attorney-client privilege and/or work-product doctrine.  Alexion objects to this

request because it seeks documents and things directed solely to the issues of damages and/or

willfulness.  Subject to the Court's ruling regarding bifurcation, this objection and its General

Objections, Alexion responds that it will produce responsive, non-privileged documents within

its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 24:**

        All Documents, things and Communications that constitute, refer to, or reflect
potential or actual enforcement of the Patents-In-Suit and Related Patents, including allegations
of infringement and notifications of the existence of the aforementioned patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

        Alexion objects to this request as calling for a legal conclusion.  Alexion further

objects to this request as calling for the production of documents that are protected from

discovery by the attorney-client privilege and/or work-product doctrine.  Alexion objects to this

request because it seeks documents and things directed solely to the issues of damages and/or
willfulness. Subject to the Court's ruling regarding bifurcation, this objection and its General
Objections, Alexion responds that it will produce responsive, non-privileged documents within
its possession, custody or control that are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 25:

All Documents and things that constitute, refer to, or reflect the circumstances
under which Alexion contends that it received notice of the Patents-In-Suit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Alexion objects to this request as cumulative and duplicative of Request No. 24.
Alexion objects to this request because it seeks documents and things directed solely to the
issues of damages and/or willfulness. Subject to the Court's ruling regarding bifurcation, this
objection and its General Objections, Alexion responds that it will produce responsive, non-
privileged documents within its possession, custody or control that are located after a reasonable
search.

## REQUEST FOR PRODUCTION NO. 26:

All Documents that constitute, refer to, or reflect Communications, meetings,
discussions, negotiations, or agreements between Alexion and PDL regarding any of the Patents-
In-Suit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Alexion objects to this request as calling for documents and things already within
the possession of PDL. Alexion further objects to this request as calling for the production of
documents that are protected from discovery by the attorney-client privilege and/or work-product
doctrine. Alexion objects to this request because it seeks documents and things directed solely to
the issues of damages and/or willfulness. Subject to the Court's ruling regarding bifurcation, this
objection and its General Objections, Alexion responds that it will produce responsive, non-

15

privileged documents within its possession, custody or control that are located after a reasonable

search.

## REQUEST FOR PRODUCTION NO. 27:

All Documents that refer to or reflect analysis by or on behalf of Alexion about the need to establish accounting reserves in light of the Patents-In-Suit or this litigation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Alexion objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for

the production of documents related to patents other than the patents-in-suit. Alexion further

objects to this request as calling for the production of documents that are protected from

discovery by the attorney-client privilege and/or work-product doctrine. Alexion objects to this

request because it seeks documents and things directed solely to the issues of damages and/or

willfulness.

## REQUEST FOR PRODUCTION NO. 28:

All Documents that refer to or reflect the amount of accounting reserves that Alexion has established, or considered establishing, in light of the Patents-In-Suit or this litigation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Alexion objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for

the productions of documents related to patents other than the patents-in-suit. Alexion further

objects to this request as calling for the production of documents that are protected from

discovery by the attorney-client privilege and/or work-product doctrine. Alexion objects to this

16

request because it seeks documents and things directed solely to the issues of damages and/or willfulness.

### REQUEST FOR PRODUCTION NO. 29:

All Documents that constitute, refer to, or reflect communications by or on behalf of Alexion to financial or securities analysts about the Patents-In-Suit or this litigation.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST FOR PRODUCTION NO. 30:

All Documents that constitute, refer to, or reflect communications by or on behalf of Alexion to reporters about the Patents-In-Suit or this litigation.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST FOR PRODUCTION NO. 31:

All Documents that constitute, refer to, or reflect communications by or on behalf of Alexion to any other third person or entity about the Patents-In-Suit or this litigation.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.   Subject to this objection and its General Objections, Alexion responds that it will produce relevant, responsive,

non-privileged documents within its possession, custody or control that are located after a

reasonable search.

## REQUEST FOR PRODUCTION NO. 32:

All Documents that refer to or reflect what Alexion contends are alternatives to
Alexion's Humanized Antibody Products And Methods.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Alexion objects to this request as calling for the production of documents that are

neither relevant to any claim or defense in this action nor reasonably calculated to lead to the

discovery of admissible evidence. Alexion further objects to this request as vague and

ambiguous with respect to the term "alternatives." Alexion objects to this request because it

seeks documents and things directed solely to the issues of damages and/or willfulness. Subject

to the Court's ruling regarding bifurcation, this objection and its General Objections, Alexion

responds that it will produce responsive, non-privileged documents within its possession,

custody or control that are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 33:

All Documents that refer to or reflect what any third party has asserted are
alternatives to Alexion's Humanized Antibody Products And Methods.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Alexion objects to this request as calling for documents and things that are not

within Alexion's custody or control or are within the possession of a third party. Alexion objects

to this request as calling for the production of documents that are neither relevant to any claim or

defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Alexion objects to this request because it seeks documents and things directed solely to the

issues of damages and/or willfulness. Subject to the Court's ruling regarding bifurcation, this

objection and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents that constitute, refer to, or reflect any attempt to redesign or reformulate Alexion's Humanized Antibody Products And Methods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Alexion objects to this request as vague and ambiguous with respect to the terms "redesign" and "reformulate." Alexion further objects to this request as calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Alexion objects to this request because it seeks documents and things directed solely to the issues of damages and/or willfulness.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents that constitute, refer to, or reflect knowledge at Alexion of the Patents-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Alexion objects to this request as cumulative and duplicative of Request No. 24. Alexion further objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Alexion objects to this request because it seeks documents and things directed solely to the issues of damages and/or willfulness. Subject to the Court's ruling regarding bifurcation, this objection and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents that constitute, refer to, or reflect the possibility of redesigning or seeking an alternative to Alexion's Humanized Antibody Products And Methods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Alexion objects to this request as vague and ambiguous with respect to the terms "redesigning" and "seeking an alternative". Alexion objects to this request as calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Alexion objects to this request because it seeks documents and things directed solely to the issues of damages and/or willfulness. Subject to the Court's ruling regarding bifurcation, this objection and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents that constitute, refer to, or reflect the first commercial sale of Alexion's Humanized Antibody Products And Methods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Alexion objects to this request as calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents that constitute, refer to, or reflect knowledge at Alexion of European Patent Office proceedings regarding the Patents-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

        Alexion objects to this request as vague and ambiguous as to the term "European Patent Office proceedings regarding the Patents-In-Suit." Alexion further objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 39:**

        All Documents that constitute, refer to, or reflect any Communications regarding European Patent Office proceedings regarding the Patents-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

        Alexion objects to this request as vague and ambiguous with respect to the term "European Patent Office proceedings regarding the Patents-In-Suit." Alexion further objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 40:**

        All Documents that constitute, refer to, or reflect involvement by Alexion in European Patent Office proceedings regarding the Patents-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

        Alexion objects to this request as vague and ambiguous with respect to the term "European Patent Office proceedings regarding the Patents-In-Suit." Alexion further objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 41:**

        All Documents that constitute, refer to, or reflect Alexion's first, and any subsequent awareness of the Patents-In-Suit (having admitted in ¶¶ 14, 20, and 26 "that it was aware of the ['761, '762, and '370] patent[s] prior to the filing of PDL's Complaint.").

## RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Alexion objects to this request as cumulative and duplicative of Request No. 24. Alexion further objects to this request as vague and ambiguous with respect to the term "any subsequent awareness". Alexion objects to this request because it seeks documents and things directed solely to the issues of damages and/or willfulness. Subject to the Court's ruling regarding bifurcation, this objection and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 42:

All Documents that constitute, refer to, or reflect the patents to which Alexion was referring in its Securities and Exchange Commission Form 10-K filings that it was aware of "broad patents owned by third parties relating to the manufacture, use, and sale of recombinant humanized antibodies, recombinant humanized single-chain antibodies, recombinant human antibodies and recombinant human single-chain antibodies."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Alexion further objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Alexion objects to this request because it seeks documents and things directed solely to the issues of damages and/or willfulness. Subject to the Court's ruling regarding bifurcation, this objection and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents that constitute, refer to, or reflect the patents to which Alexion was referring in its Securities and Exchange Commission Form 10-K filings that it was aware of "broad patents owned by third parties relating to the manufacture, use, and sale of recombinant humanized antibodies, recombinant humanized single-chain antibodies, recombinant human antibodies, recombinant human single-chain antibodies, and genetically engineered animals."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Alexion objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence.  Alexion further

objects to this request as calling for the production of documents that are protected from

discovery by the attorney-client privilege and/or work-product doctrine.  Alexion objects to this

request because it seeks documents and things directed solely to the issues of damages and/or

willfulness.  Subject to the Court's ruling regarding bifurcation, this objection and its General

Objections, Alexion responds that it will produce responsive, non-privileged documents within

its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents that constitute, refer to, or reflect the patents to which Alexion was referring in its Securities and Exchange Commission Form 10-K filings that it was aware of "broad patents owned by third parties relating to the manufacture, use, and sale of recombinant humanized antibodies, recombinant humanized single-chain antibodies and genetically engineered animals."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Alexion objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence.  Alexion further

objects to this request as calling for the production of documents that are protected from

discovery by the attorney-client privilege and/or work-product doctrine. Alexion objects to this request because it seeks documents and things directed solely to the issues of damages and/or willfulness. Subject to the Court's ruling regarding bifurcation, this objection and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

### REQUEST FOR PRODUCTION NO. 45:

All Documents that constitute, refer to, or reflect the Patents-In-Suit.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Alexion objects to this request to the extent it calls for the production of documents that are publicly available and/or already in the custody of Plaintiff and therefore are of no greater burden for Plaintiff to obtain than for Defendant to obtain and produce. Alexion further objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these and its General Objections, Alexion responds that it will produce relevant, responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

### REQUEST FOR PRODUCTION NO. 46:

All Documents and things that constitute, refer to, or reflect any test, evaluation, comparison, analysis, consideration, study, or reverse engineering conducted by Alexion, or on behalf of Alexion, of any PDL humanized antibody.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Alexion objects to this request as vague and ambiguous with respect to the term "PDL humanized antibody". Alexion further objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and things that Alexion contends support its contention that the Patents-In-Suit are invalid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Alexion objects to this request as calling for a legal conclusion. Alexion further objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and things that refer to or reflect any nexus, or lack thereof, between any secondary indicia of nonobviousness - including commercial success of each invention disclosed or claimed in the Patents-In-Suit and Related Patents - and the advantages of the invention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Alexion objects to this request as calling for a legal conclusion. Alexion further objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Alexion further objects

to this request as vague with respect to the term "advantages of the invention." Subject to these

and its General Objections, Alexion responds that it will produce responsive, non-privileged

documents within its possession, custody or control that are located after a reasonable search.

### REQUEST FOR PRODUCTION NO. 49:

All Documents that refer to or reflect the commercial success, or lack thereof, of
any of the subject matters claimed in any of the Patents-In-Suit.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

Alexion objects to this request as calling for a legal conclusion. Alexion further

objects to this request as calling for the production of documents that are protected from

discovery by the attorney-client privilege and/or work-product doctrine. Subject to this and its

General Objections, Alexion responds that it will produce responsive, non-privileged documents

within its possession, custody or control that are located after a reasonable search.

### REQUEST FOR PRODUCTION NO. 50:

All Documents that refer to or reflect any long felt need, or lack thereof, for any
of the subject matter claimed in any of the Patents-In-Suit including, without limitation, all
Documents Concerning the attempts of others to meet any such need.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

Alexion objects to this request as calling for a legal conclusion. Alexion further

objects to this request as calling for the production of documents that are protected from

discovery by the attorney-client privilege and/or work-product doctrine. Alexion further objects

to this request as calling for the production of documents that are publicly available and therefore

are of no greater burden for Plaintiff to obtain than for Defendant to obtain and produce. Subject

to these and its General Objections, Alexion responds that it will produce responsive, non-

privileged documents within its possession, custody or control that are located after a reasonable

search.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents that refer to or reflect any unexpected results, or lack thereof, achieved by practicing any of the subject matter claimed in the Patents-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Alexion objects to this request as vague with respect to the term "unexpected results." Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents that constitute, refer to, or reflect any copying, or lack thereof, by anyone of any of the subject matter claimed in the Patents-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Alexion objects to this request as overly broad, vague and ambiguous with respect to the term "anyone." Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Alexion objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Alexion objects to this request as calling for documents and things outside of Alexion's possession, custody or control. Alexion further objects to this request to the extent it calls for the production of documents that are publicly available and therefore are of no greater burden for Plaintiff to obtain than for Defendant to obtain and produce. Subject to these and its General Objections, Alexion responds

that it will produce responsive, non-privileged documents within its possession, custody or

control that are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 53:

   All Documents that constitute, refer to, or reflect any skepticism or disbelief, or lack thereof, expressed by anyone regarding any of the subject matter claimed in the Patents-In-Suit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

   Alexion objects to this request as overly broad, vague and ambiguous with respect

to the term "anyone." Alexion objects to this request as overly broad, unduly burdensome and

calling for the production of documents that are neither relevant to any claim or defense in this

action nor reasonably calculated to lead to the discovery of admissible evidence. Alexion objects

to this request as calling for the production of documents that are protected from discovery by

the attorney-client privilege and/or work-product doctrine. Alexion objects to this request as

calling for documents and things outside of Alexion's possession, custody or control. Alexion

further objects to this request to the extent it calls for the production of documents that are

publicly available and therefore are of no greater burden for Plaintiff to obtain than for

Defendant to obtain and produce. Subject to these and its General Objections, Alexion responds

that it will produce responsive, non-privileged documents within its possession, custody or

control that are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 54:

   All Documents that constitute, refer to, or reflect any criticism by anyone of any inventions disclosed in the Patents-In-Suit or of the patentability of any inventions disclosed in the Patents-In-Suit.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

        Alexion objects to this request as vague with respect to the term "anyone." Alexion objects to this request as vague with respect to the term "anyone." Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Alexion objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Alexion objects to this request as calling for documents and things outside of Alexion's possession, custody or control. Alexion further objects to this request to the extent it calls for the production of documents that are publicly available and therefore are of no greater burden for Plaintiff to obtain than for Defendant to obtain and produce. Subject to these and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 55:**

        All documents that constitute, refer to, or reflect prior art Alexion intends to rely on.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

        Alexion further objects to this request to the extent it calls for the production of documents that are publicly available and therefore are of no greater burden for Plaintiff to obtain than for Defendant to obtain and produce. Subject to this objection and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

29

**REQUEST FOR PRODUCTION NO. 56:**

      ·All Documents, things and Communications that constitute, refer to, or reflect actual or potential prior art to the Patents-In-Suit and Related Patents obtained by or received from any person at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

      Alexion objects to this request as cumulative and duplicative of Request No. 64.

Alexion objects to this request as overly broad, unduly burdensome and calling for the

production of documents that are neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence. Alexion further objects to

this request as calling for documents and things outside of Alexion's possession, custody or

control. Subject to its General Objections, Alexion responds that it will produce responsive,

non-privileged documents within its possession, custody or control that are located after a

reasonable search.

**REQUEST FOR PRODUCTION NO. 57:**

      All Documents and things that refer to or reflect the state of the art relevant to each of the Patents-In-Suit and Related Patents as of the effective filing date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

      Alexion objects to this request as calling for a legal conclusion. Alexion objects

to this request as calling for the production of documents that are protected from discovery by

the attorney-client privilege and/or work-product doctrine. Alexion further objects to this

request as calling for the production of documents that are publicly available and therefore are of

no greater burden for Plaintiff to obtain than for Defendant to obtain and produce. Subject to

these and its General Objections, Alexion responds that it will produce responsive, non-

privileged documents within its possession, custody or control that are located after a reasonable

search.

## REQUEST FOR PRODUCTION NO. 58:

All Documents and things that constitute, refer to, or reflect actual or potential prior art, or asserted as comprising actual or potential prior art, to the Patents-In-Suit and Related Patents, including all prior art and alleged prior art identified by Alexion or asserted by any person not a party to this lawsuit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

Alexion objects to this request as cumulative and duplicative of Request No. 64. Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Alexion further objects to this request as calling for documents and things outside of Alexion's possession, custody or control. Subject to its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 59:

All Documents and things that constitute, refer to, or reflect any search for, investigation of, or evaluation of, any actual or potential prior art to the Patents-In-Suit and Related Patents, including all results obtained from such searches or investigations.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

Alexion objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to this and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

31

**REQUEST FOR PRODUCTION NO. 60:**

All Documents and things that constitute, refer to, or reflect Alexion Humanized Antibody Products and Methods including, without limitation, Documents that constitute, refer to, or reflect Humanized Antibody Products and Methods made, used, sold, offered for sale, or imported into the United States by PDL, Genentech, GlaxoSmithKline, Medimmune, Eli Lilly and Co., and Abbott Laboratories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Alexion objects to this request as vague and ambiguous as far at it requests

documents referring to "Alexion Humanized Antibody Products and Methods including ...

Humanized Antibody Products and Methods made, used, sold, offered for sale, or imported into

the United States by PDL, Genentech, GlaxoSmithKline, Medimmune, Eli Lilly and Co., and

Abbott Laboratories." Alexion further objects to this request as overly broad, unduly

burdensome and calling for the production of documents that are neither relevant to any claim or

defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents or things that refer to or reflect the scope, validity, or enforceability of any Patent-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Alexion objects to this request as cumulative and duplicative of Requests Nos. 22,

45, 47, and 94. Alexion objects to this request as calling for the production of documents that

are protected from discovery by the attorney-client privilege and/or work-product doctrine.

Subject to these and its General Objections, Alexion responds that it will produce responsive,

non-privileged documents within its possession, custody or control that are located after a

reasonable search.

**REQUEST FOR PRODUCTION NO. 62:**

All publications or other public Documents that refer to or reflect any of the subject matter disclosed in the Patents-In-Suit or Related Applications including, without limitation, articles, speeches, presentations, and other like documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Alexion objects to this request as calling for the production of documents that are publicly available and therefore are of no greater burden for Plaintiff to obtain than for Defendant to obtain and produce. Subject to these and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents that refer to or reflect any conference, symposium, seminar, trade show, convention, exhibition or panel discussion Concerning, in whole or in part, any subject matter disclosed in the Patents-In-Suit or Related Applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Alexion objects to this request as calling for the production of documents that are publicly available and therefore are of no greater burden for Plaintiff to obtain than for Defendant to obtain and produce. Subject to these and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents that constitute, refer to, or reflect prior art to the Patents-In-Suit and Related Applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence. Alexion further

objects to this request to the extent it calls for the production of documents that are publicly

available and therefore are of no greater burden for Plaintiff to obtain than for Defendant to

obtain and produce. Subject to this and its General Objections, Alexion responds that it will

produce responsive, non-privileged documents within its possession, custody or control that are

located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 65:**

Copies of all of Alexion's financial statements including annual reports, required financial filings, statements of operations, balance sheets, statements of changes in retained earnings and notes thereto, whether prepared for internal or external purposes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Alexion objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence. Alexion further

objects to this request to the extent it calls for the production of documents that are publicly

available and therefore are of no greater burden for Plaintiff to obtain than for Defendant to

obtain and produce. Alexion objects to this request because it seeks documents and things

directed solely to the issues of damages and/or willfulness.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents and things that constitute, refer to, or reflect actual or potential market research or consumer perception studies that refer to Alexion Humanized Antibody Products And Methods, including prototypes and samples of the aforementioned products and methods, and competing methods or products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Alexion objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence. Alexion objects to this

request because it seeks documents and things directed solely to the issues of damages and/or

willfulness. Subject to the Court's ruling regarding bifurcation, this objection and its General

Objections, Alexion responds that it will produce responsive, non-privileged documents within

its possession, custody or control, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents and things that constitute, refer to, or reflect the actual and projected profitability of each Alexion Humanized Antibody Product And Method, including sales forecasts, projected profit, profit calculations, unit sales, revenues, cost of sales, order contribution, product margin, product contribution margin, gross margins, and operating margins, and a list of the top twenty customers for each of the aforementioned products and methods by unit sales and revenue for each year from March 16, 2007 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Alexion objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence. Alexion objects to this

request because it seeks documents and things directed solely to the issues of damages and/or

willfulness. Subject to the Court's ruling regarding bifurcation, this objection and its General

Objections, Alexion responds that it will produce responsive, non-privileged documents within

its possession, custody or control, located after a reasonable search, sufficient to demonstrate

sales, revenues, and costs regarding Soliris™.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents and things that constitute, refer to, or reflect the actual and forecasted market share of each Alexion Humanized Antibody Product And Method.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

        Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Alexion objects to this request because it seeks documents and things directed solely to the issues of damages and/or willfulness. Subject to the Court's ruling regarding bifurcation, this objection and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control, located after a reasonable search, sufficient to demonstrate sales, revenues, and costs regarding Soliris™.

**REQUEST FOR PRODUCTION NO. 69:**

        All Documents that refer to or reflect Alexion's competition in the market for Alexion Humanized Antibody Products And Methods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

        Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Alexion objects to this request because it seeks documents and things directed solely to the issues of damages and/or willfulness. Subject to the Court's ruling regarding bifurcation, this objection and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control, located after a reasonable search, sufficient to demonstrate sales, revenues, and costs regarding Soliris™.

**REQUEST FOR PRODUCTION NO. 70:**

        All Documents that constitute, refer to, or reflect Alexion's attempts to purchase, license or otherwise obtain a right, title or interest in the Patents-In-Suit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 70:

Alexion objects to this request as calling for the production of documents that are

protected from discovery by the attorney-client privilege and/or work-product doctrine. Alexion

objects to this request to the extent that it calls for documents or things protected from disclosure

pursuant to Federal Rule of Civil Procedure 408 or the related confidentiality agreement entered

by the parties. Alexion objects to this request as calling for documents and things already within

the possession of PDL. Alexion further objects to this request because it seeks documents and

things directed solely to the issues of damages and/or willfulness. Subject to the Court's ruling

regarding bifurcation, this objection and its General Objections, Alexion responds that it will

produce responsive, non-privileged documents within its possession, custody or control that are

located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 71:

All Documents that reflect Alexion's net profits or losses selling Alexion's
Humanized Antibody Products And Methods, including Documents that reflect gross sales, all
costs of sales, manufacturing costs, research and development costs, marketing costs, support
costs, and profit margins.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 71:

Alexion objects to this request as cumulative and duplicative of Request No. 67.

Alexion objects to this request as overly broad, unduly burdensome and calling for the

production of documents that are neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence. Alexion objects to this

request because it seeks documents and things directed solely to the issues of damages and/or

willfulness. Subject to the Court's ruling regarding bifurcation, this objection and its General

Objections, Alexion responds that it will produce responsive, non-privileged documents within

its possession, custody or control, located after a reasonable search, sufficient to demonstrate sales, revenues, and costs regarding Soliris™.

## REQUEST FOR PRODUCTION NO. 72:

All Documents that refer to or reflect the projected profit or profit calculations for any Alexion Humanized Antibody Products And Methods, whether or not such products were completed and/or commercialized including, without limitation, unit sales and revenues.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

Alexion objects to this request as cumulative and duplicative of Request No. 67.

Alexion objects to this request as overly broad, unduly burdensome and calling for the

production of documents that are neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence. Alexion objects to this

request because it seeks documents and things directed solely to the issues of damages and/or

willfulness. Subject to the Court's ruling regarding bifurcation, this objection and its General

Objections, Alexion responds that it will produce responsive, non-privileged documents within

its possession, custody or control, located after a reasonable search, sufficient to demonstrate

sales, revenues, and costs regarding Soliris™.

## REQUEST FOR PRODUCTION NO. 73:

All Documents that constitute, refer to, or reflect market studies, reports, or analyses that refer to or reflect product design, competition, consumer surveys, outside consultant surveys, advertising campaigns, promotional and sales training materials, market segments, market share, or market revenue (whether actual or projected) that refer to or reflect Alexion's Humanized Antibody Products And Methods.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

Alexion objects to this request as cumulative and duplicative of Request No. 66.

Alexion objects to this request as overly broad, unduly burdensome and calling for the

production of documents that are neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence. Alexion objects to this request because it seeks documents and things directed solely to the issues of damages and/or willfulness. Subject to the Court's ruling regarding bifurcation, this objection and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

### REQUEST FOR PRODUCTION NO. 74:

All Documents and things sufficient to identify on a customer-by-customer basis the unit sales and revenue for each Alexion Humanized Antibody Product And Method, including prototypes thereof.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Alexion objects to this request because it seeks documents and things directed solely to the issues of damages and/or willfulness. Subject to the Court's ruling regarding bifurcation, this objection and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control, located after a reasonable search, sufficient to demonstrate sales, revenues, and costs regarding Soliris™.

### REQUEST FOR PRODUCTION NO. 75:

Documents that constitute, refer to, or reflect royalties paid by Alexion to every licensor of any patent in the fields of recombinant DNA, antibodies, or humanized antibodies to which Alexion has obtained a license.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence to the extent it refers to

"any patent in the fields of recombinant DNA, antibodies, or humanized antibodies." Alexion

objects to this request because it seeks documents and things directed solely to the issues of

damages and/or willfulness. Subject to the Court's ruling regarding bifurcation, this objection

and its General Objections, Alexion responds that it will produce responsive, non-privileged

documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 76:**

All Documents that constitute, refer to, or reflect discussions between Alexion and any other entity for a license to a patent or patents in the fields of recombinant DNA, antibodies, or humanized antibodies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Alexion objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence to the extent it refers

to" patent or patents in the fields of recombinant DNA, antibodies, or humanized antibodies."

Alexion further objects to this request because it seeks documents and things directed solely to

the issues of damages and/or willfulness.

**REQUEST FOR PRODUCTION NO. 77:**

All Documents that constitute, refer to, or reflect Communications between Alexion and any third parties that refer to the Patents-In-Suit and any Related Applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Alexion objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence. Alexion further

objects to this request because it seeks documents and things directed solely to the issues of damages and/or willfulness.

## REQUEST FOR PRODUCTION NO. 78:

Pleadings, discovery, discovery responses, briefs, submissions to the court, transcripts, and correspondence between the parties in Oklahoma Medical Research Foundation *v.* Alexion Pharmaceuticals, Inc., Case No. 4:07-CV-00163-GKF-SAJ.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Alexion further objects to this request to the extent it calls for the production of documents that are publicly available and therefore are of no greater burden for Plaintiff to obtain than for Defendant to obtain and produce.

## REQUEST FOR PRODUCTION NO. 79:

All Documents that constitute, refer to, or reflect Communications between Oklahoma Medical Research Foundation and Alexion that refer to Oklahoma Medical Research Foundation v. Alexion Pharmaceuticals, Inc., Case No. 4:07-CV-00163-GKF-SAJ, Humanized Antibody Products And Methods, PDL, or the Patents-In-Suit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

Alexion objects to this request as cumulative and duplicative of Request No. 78. Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents, things, and Communications that constitute, refer to, or reflect any contract, assignment, license, effort to license, agreement, covenant not to sue, or settlement agreement that refer to the Patents-In-Suit and Related Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Alexion objects to this request as calling for the production of documents that are already in the custody of Plaintiff and therefore are of no greater burden for Plaintiff to obtain than for Defendant to obtain and produce. Alexion further objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Alexion objects to this request because it seeks documents and things directed solely to the issues of damages and/or willfulness. Subject to the Court's ruling regarding bifurcation, this objection and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents that refer to or reflect any litigation, dispute, contested proceeding, interference, request for reexamination, reexamination, opposition, reissue or charge of infringement that involved or involves any of the Patents-In-Suit or Related Applications including, without limitation, oppositions to EP 0682040 and EP 0451216.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Alexion objects to this request as calling for the production of documents that are already in the custody of Plaintiff and therefore are of no greater burden for Plaintiff to obtain than for Defendant to obtain and produce. Alexion further objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these and its General Objections, Alexion responds

that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 82:**

All Documents and things subpoenaed by Alexion, or at the direction of Alexion, from third parties to any action that refer to or reflect the Patents-In-Suit or Related Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Alexion objects to this request to the extent it calls for documents and things within the possession of a third party. Subject to this and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 83:**

All Documents produced to Alexion in response to any subpoena served in this action to any third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Alexion objects to this request as cumulative and duplicative of Request No. 82. Subject to this and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 84:**

All Documents and things identified or described (individually or by category) by Alexion in its Federal Rule of Civil Procedure 26(a) Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Subject to its General Objections, Alexion responds that it will produce

responsive, non-privileged documents within its possession, custody or control that are located

after a reasonable search.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents and things that Alexion was requested to identify, or that Alexion

identified in its responses to any PDL interrogatory to Alexion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Subject to its General Objections and objections made in response to PDL's

interrogatories, Alexion responds that it will produce responsive, non-privileged documents

within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents and things that PDL reviewed, considered, or relied upon in

answering any PDL interrogatory to Alexion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Alexion objects to this request as vague and ambiguous with respect to the term

"Documents and things that PDL reviewed, considered, or relied upon". Alexion further objects

to this request as calling for the production of documents that are already in the custody of

Plaintiff.

**REQUEST FOR PRODUCTION NO. 87:**

All Documents that Alexion contends support its assertion in paragraph 12 of its

*Answer And Counterclaims* that "Alexion denies that the '761 patent was duly and legally

issued."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Alexion objects to this request as calling for a legal conclusion. Alexion objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 88:**

All Documents that Alexion contends support its assertion in paragraph 18 of its *Answer And Counterclaims* that "Alexion denies that the '762 patent was duly and legally issued."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Alexion objects to this request as calling for a legal conclusion. Alexion objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 89:**

All Documents that Alexion contends support its assertion in paragraph 24 of its *Answer And Counterclaims* that "Alexion denies that the '370 patent was duly and legally issued."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Alexion objects to this request as calling for a legal conclusion. Alexion objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these and its General

Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 90:**

All Documents and things that Alexion contends support its allegation in its *Answer And Counterclaims* that (1) it does not infringe any asserted claim of the Patents-In-Suit, and (2) it does not contribute to the infringement of any asserted claim of the Patents-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Alexion objects to this request as calling for a legal conclusion. Alexion objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 91:**

All Documents and things that Alexion contends support its allegation in its *Answer And Counterclaims* that this case is in any way exceptional pursuant to 35 U.S.C. § 285.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Alexion objects to this request as calling for a legal conclusion. Alexion objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Alexion further objects to this request because it seeks documents and things directed solely to the issues of damages and/or willfulness. Subject to the Court's ruling regarding bifurcation, this objection and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

46

**REQUEST FOR PRODUCTION NO. 92:**

      All Documents and things that Alexion contends support its allegation in its *Answer And Counterclaims* that any infringement of the Patents-In-Suit is or was not willful.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

      Alexion objects to this request as calling for a legal conclusion.  Alexion objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine.  Alexion further objects to this request because it seeks documents and things directed solely to the issues of damages and/or willfulness.  Subject to the Court's ruling regarding bifurcation, this objection and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 93:**

      All Documents and things that Alexion contends support its allegation in its *Answer And Counterclaims* that PDL is not entitled to relief.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

      Alexion objects to this request as calling for a legal conclusion.  Alexion objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine.  Alexion further objects to this request to the extent it seeks documents and things directed solely to the issues of damages and/or willfulness.  Subject to the Court's ruling regarding bifurcation, this objection and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 94:**

All Documents and things that Alexion contends support its allegations in its *Answer And Counterclaims* that the Patents-In-Suit are invalid for failure to comply with the requirements of U.S.C. § 101 *et seq.* including, without limitation, §§ 102, 103 and 112.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Alexion objects to this request as calling for a legal conclusion. Alexion objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 95:**

All Documents that constitute, refer to, or reflect Dr. Max Link's knowledge of Alexion's Humanized Antibody Products And Methods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 96:**

All Documents that constitute, refer to, or reflect Dr. Max Link's knowledge of the Patents-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action

48

nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this and its

General Objections, Alexion responds that it will produce responsive, non-privileged documents

within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 97:**

All Documents that constitute, refer to, or reflect any discussion or attempt to limit the information Dr. Max Link received regarding Alexion's Humanized Antibody Products And Methods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Alexion objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence. Alexion further

objects to this request as calling for the production of documents that are protected from

discovery by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 98:**

All Documents that constitute, refer to, or reflect Dr. Max Link's work on the

Alexion Compliance and Quality Committee relating to Alexion's Humanized Antibody

Products And Methods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Alexion objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 99:**

All Documents that constitute the meeting minutes or other official records of the

Alexion Compliance and Quality Committee on which Dr. Max Link served.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

   Alexion objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 100:**

   All Documents provided to, received by, or created by the Alexion Compliance
and Quality Committee that refer to the Patents-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

   Alexion objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 101:**

   All Documents provided to, received by, or created by the Alexion Compliance
and Quality Committee that refer to PDL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

   Alexion objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 102:**

   All Documents that constitute, refer to, or reflect email sent or received by Dr.
Max Link at Alexion that refer to or reflect the Patents-In-Suit including, without limitation
whether the Patents-In-Suit are infringed, valid, or should be licensed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

   Alexion objects to this request as cumulative and duplicative of Request No. 95.

Alexion objects to this request as calling for the production of documents that are protected from

discovery by the attorney-client privilege and/or work-product doctrine.  Subject to these and its

General Objections, Alexion responds that it will produce responsive, non-privileged documents

within its possession, custody or control that are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 103:

All Documents and things that constitute, refer to, or reflect the level of skill, knowledge, education, experience or expertise of a person having ordinary skill in the art that refer to or reflect any invention disclosed or claimed in the Patents-In-Suit and Related Patents as of the filing date of the foregoing.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 103:

Alexion objects to this request as calling for a legal conclusion.  Alexion objects

to this request as calling for the production of documents that are protected from discovery by

the attorney-client privilege and/or work-product doctrine.  Subject to these and its General

Objections, Alexion responds that it will produce responsive, non-privileged documents within

its possession, custody or control that are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 104:

Any research conducted by, or on behalf of, any individual in his or her capacity as an expert witness or consultant hired by Alexion in connection with this action including any study, analysis, evaluation, research, or discussion that refer to or reflect the Patents-In-Suit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 104:

Alexion objects to this request as calling for the production of documents that are

protected from discovery by the attorney-client privilege and/or work-product doctrine.

## REQUEST FOR PRODUCTION NO. 105:

All Documents that constitute, refer to, or reflect any study, analysis, evaluation, research, or discussion regarding whether any of Alexion's Humanized Antibody Products And Methods infringes one or more claims of the Patents-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

    Alexion objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to this and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 106:**

    All Documents that constitute, refer to, or reflect each consulting relationship that exists between any expert witness or consultants and Alexion in this action including, without limitation, consulting agreements, invoices, and Documents that refer to or reflect the total hours worked and the amount of fees paid by, or on behalf of, Alexion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

    Alexion objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 107:**

    All Documents that constitute, refer to, or reflect each consulting relationship that has existed between any expert witnesses or consultants and any attorneys for Alexion including, without limitation, consulting agreements, invoices, and Documents that refer to or reflect the total hours worked and the amount of fees paid by Alexion's attorneys.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

    Alexion objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 108:**

    All Documents that constitute, refer to, or reflect any past or present negotiations between Alexion or Alexion's attorneys and any expert witnesses or consultants that refer to or reflect consulting, experiments, research, or other analyses to be conducted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Alexion objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 109:**

All Documents and things that constitute, refer to, or reflect any Communication, interview, meeting or contact with the U.S. Patent Office or any foreign patent office that refer to or reflect the Patents-In-Suit or Related Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Alexion objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to this and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 110:**

All Documents and things that constitute, refer to, or reflect Communications with third parties that refer to or reflect Alexion's Humanized Antibody Products And Methods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Alexion objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Alexion further objects to this request as calling for the production of documents that are not within its possession, custody, or control. Subject to these and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 111:**

All Documents and things that constitute, refer to, or reflect the marketing, advertising, promotion, or training of each version, revision or prototype of any of Alexion's Humanized Antibody Products And Methods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Alexion objects to this request to the extent it seeks documents and things directed solely to the issues of damages and/or willfulness. Alexion objects to this request as vague and ambiguous in its use of the term "version, revision or prototype of any of Alexion's Humanized Antibody . . . Methods." Subject to the Court's ruling regarding bifurcation, this objection and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control, located after a reasonable search, sufficient to demonstrate the marketing, advertising or promotion of Soliris™.

**REQUEST FOR PRODUCTION NO. 112:**

All Documents and things that constitute, refer to, or reflect sales, promotion or customer training programs and materials for any of Alexion's Humanized Antibody Products And Methods, including prototypes thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Alexion objects to this request to the extent it seeks documents and things directed solely to the issues of damages and/or willfulness. Subject to the Court's ruling regarding bifurcation, this objection and its General Objections, Alexion responds that it will produce responsive, non-privileged documents within its possession, custody or control, located after a reasonable search, sufficient to demonstrate the marketing, advertising or promotion of Soliris™.

**REQUEST FOR PRODUCTION NO. 113:**

All Documents that constitute, refer to, or reflect the training of customers, sales representatives, or other individuals in the operation, design, and/or functionality of any Alexion's Humanized Antibody Products And Methods, prototypes, or technologies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Alexion further objects to this request to the extent it seeks documents and things

directed solely to the issues of damages and/or willfulness. Subject to the Court's ruling

regarding bifurcation, this objection and its General Objections, Alexion responds that it will

produce responsive, non-privileged documents within its possession, custody or control, located

after a reasonable search, sufficient to demonstrate the marketing, advertising or promotion of

Soliris™.

**REQUEST FOR PRODUCTION NO. 114:**

All Documents that constitute, refer to, or reflect Communications to any third party - including, without limitation, customers or prospective customers - regarding this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Alexion objects to this request as overly broad, unduly burdensome and calling

for the production of documents that are neither relevant to any claim or defense in this action

nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 115:**

All Documents that constitute, refer to, or reflect proposed, contemplated, or actual statements or explanations to any third party - including, without limitation, customers or prospective customers - regarding this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Alexion objects to this request as cumulative and duplicative of Request No. 114.

Alexion further objects to this request as overly broad, unduly burdensome and calling for the

production of documents that are neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence.

YOUNG CONWAY STARGATT & TAYLOR, LLP

_[signature]_

Josy W. Ingersoll (I.D. #1088)
Andrew A. Lundgren (I.D. #4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19801
Telephone:  (302) 571-6600
alundgren@ycst.com

*Attorneys for Defendant*

*Of Counsel:*

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY  1002
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on August 22, 2007, I caused a copy of the foregoing document to be served on the following in the manner indicated:

### BY E-MAIL AND HAND DELIVERY

Jack B. Blumenfeld, Esquire
Karen Jacobs Louden, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

### BY E-MAIL

Matthew D. Powers, Esquire
Vernon M. Winters, Esquire
John D. Beynon, Esquire
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Josy W. Ingersoll (No. 1088)
Andrew A. Lundgren (No. 4429)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
alundgren@ycst.com

*Attorneys for Defendant.*

**Exhibit 2**

WEIL, GOTSHAL & MANGES LLP

SILICON VALLEY OFFICE
201 REDWOOD SHORES PARKWAY
REDWOOD SHORES, CALIFORNIA 94065

(650) 802-3000
FAX: (650) 802-3100

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
NEW YORK
PARIS
PRAGUE
SINGAPORE
WARSAW
WASHINGTON, D.C.

WRITER'S DIRECT LINE

650-802-3174
eric.xanthopoulos@weil.com

January 24, 2008

**VIA EMAIL**

Christine Willgoos, Esq.
Kirkland & Ellis LLP
153 E. 53rd Street
New York, NY 10022-4611
*CWillgoos@kirkland.com*

Re:     **PDL BioPharma, Inc. v. Alexion Pharmaceuticals, Inc.**
        **D. Del. Case No. 07-156**

Dear Christine:

I write further to your January 23, 2008 letter regarding the exchange of E-Discovery search terms.   Alexion's letter mischaracterizes PDL's position and is inconsistent with the case law.   Contrary to Alexion's assertion, PDL is prepared to exchange search terms and produce electronic documents.   Indeed, PDL will provide Alexion with its initial list of proposed search terms on Monday, January 28, 2008, even if Alexion continues to withhold its list of search terms.   This initial list will be served subject to Alexion's January 16 proposal to a subsequent meet-and-confer to discuss appropriate modifications to the parties' initial lists of terms.   For the reasons previously articulated repeatedly, it is inappropriate and impractical to differentiate and carve out damages, willfulness, and exceptional case issues from liability.   Even assuming *arguendo* that it were possible to parse out non-liability and liability search terms, Alexion has no basis to withhold discovery based simply on the fact that Alexion's motion to bifurcate is pending.[1]   Accordingly, PDL's initial list of terms will be

---

[1]   *See, e.g., Paradigm Sales, Inc. v. Weber Marketing Systems, Inc.*, 880 F.Supp. 1247, 1250 (N.D. Ind. 1995) ("The ensuing agreed stay [during the pendency of defendant's bifurcation motion] with respect

(#287564)

WEIL, GOTSHAL & MANGES LLP

Christine Willgoos, Esq.
January 24, 2008
Page 2

comprehensive because it cannot – and will not – distinguish between liability and non-liability search terms.

Best regards,

Eric P. Xanthopoulos

cc:    Josy Ingersoll, Esq. (via email) (*JIngersoll@ycst.com*)
       Karen Jacobs Louden, Esq. (via email) (*KLouden@MNAT.com*)
       Wendy Adams (via email) (*WAdams@kirkland.com*)

---

to damages discovery provides no excuse for non-disclosure during the months preceding the agreed stay.").

(#287564)

**Exhibit 3**

WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE • NEW YORK, NY 10153-0119

(212) 310-8000

FAX: (212) 310-8007

AUSTIN
BOSTON
BUDAPEST
DALLAS
FRANKFURT
HONG KONG
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
WARSAW
WASHINGTON, D.C.

DIRECT LINE
(212)310-8683
jennifer.wu@weil.com

March 3, 2008

**BY ELECTRONIC MAIL**

Christine Willgoos, Esq.
Kirkland & Ellis LLP
153 E. 53rd Street
New York, NY 10022
cwillgoos@kirkland.com

Re:  PDL BioPharma, Inc. v. Alexion Pharmaceuticals, Inc.
     <u>Case No. 07-156-JJF (D. Del.)</u>

Dear Christine:

I write regarding outstanding deficiencies in Alexion's document production.

*First*, it appears that Alexion has failed to produce any documents responsive to a number of uncontested requests for production, and has provided only limited documents in response to other such requests. Our review of Alexion's document production has not turned up any documents responsive to the following requests:

- Request No. 2. All board minutes, board presentations, and other documents from Alexion's board of directors meetings concerning Alexion's Humanized Antibody Products and Methods.

- Request No. 4. All Documents that describe Alexion's corporate and personnel structure including, without limitation, organizational charts, from 1987 to the present.

- Request No. 10. All Documents that constitute, refer to, or reflect Alexion's early access program for Alexion's Humanized Antibody Products And

WEIL, GOTSHAL & MANGES LLP

March 3, 2008
Page 2

      Methods, or any other distribution program for Alexion's Humanized
Antibody Products And Methods.

- Request No. 19.  One copy of each version (including each paper, magnetic,
  and electronic version) of all manuals, user guides, white papers, training
  guide, brochures, instructions for use, specifications and licenses (both
  express and implied) for each of Alexion's Humanized Antibody Products
  And Methods, including prototypes thereof.

- Request No. 20.  Two representative samples of each Alexion Humanized
  Antibody Product And Method.

- Request No. 21.  All Documents that constitute, refer to, or reflect Alexion's
  investigation, assessment, or study of the claims of the Patent-in-Suit or
  Related Patents.

- Request No. 22. All Documents that refer to or reflect the scope of equivalents
  that Alexion contends should be applied to any claim element of the Patent-in-
  Suit.

- Request No. 95.  All Documents that constitute, refer to, or reflect Dr. Max
  Link's knowledge of Alexion's Humanized Antibody Products And Methods

- Request No. 96.  All Documents that constitute, refer to, or reflect Dr. Max
  Link's knowledge of the Patent-in-Suit.

Please identify the production numbers associated with these responsive documents or
produce them immediately.

      It also appears that Alexion has provided only limited production relating
to the following categories of documents:

- Request No. 6.  All Documents that constitute, refer to, or reflect
  communications between Alexion and the FDA regarding the FDA's approval
  of Alexion's Humanized Antibody Products And Methods for any use.

- Request No. 7.  All Documents that constitute, refer to, or reflect actions taken
  or activities initiated by Alexion to seek FDA approval of Alexion's
  Humanized Antibody Products And Methods for any use

WEIL, GOTSHAL & MANGES LLP

March 3, 2008
Page 3

- Request No. 11. All Documents that constitute, refer to, or reflect the composition, sequence, or characterization of Alexion's Humanized Antibody Products And Methods.

- Request No. 18. All Documents that constitute, refer to, or reflect any investigation, testing, analysis, or study of Alexion's Humanized Antibody Products And Methods conducted by or on the behalf of Alexion.

Again, please verify that all responsive documents have been produced and identify the production numbers associated with these responsive documents or produce such documents immediately.

Second, Alexion has refused to produce certain documents until the Court has ruled on bifurcation and refused to produce other documents at all because they are "directed solely to the issues of damages and/or willfulness." Alexion's response that it will only produce documents responsive to Request Nos. 23-26, 32, 35, 36, 41-44, 66-75, 80, 91-93, 111-113 subject to the Court's ruling on bifurcation is improper. The mere filing of a bifurcation motion does not provide a shield that somehow precludes discovery of relevant documents. Further, Alexion's objection is improper for the additional reason that the requested documents are relevant not only to damages and willfulness but also liability issues such as infringement and nonobviousness. Please provide the requested discovery immediately.

Also, Alexion has refused to produce documents responsive to Request Nos. 27, 28, 34, 65, 76 & 77 on the ground that they are "directed solely to the issues of damages and/or willfulness." As discussed, the pendency of a bifurcation motion does not absolve Alexion of its discovery obligations. Please confirm that Alexion will produce all documents responsive to these requests without further delay.

Third, Alexion has refused to produce any documents responsive to the following requests:

- Request Nos. 14, 15, & 16. These requests seek documents relating to the manufacture of Alexion's Humanized Antibody Products And Methods (including Soliris). Agreements to manufacture the accused products, the entities which manufacture the accused products, and the time periods and locations where the accused products have been manufactured is relevant to determining infringement of the composition and method claims asserted in this case. Please confirm that Alexion will produce all responsive documents to these requests without further delay.

WEIL, GOTSHAL & MANGES LLP

March 3, 2008
Page 4

- Request No. 17:  This request seeks agreements that indemnify any third-party for manufacturing, using, importing, offering to sell, or selling Alexion's Humanized Antibody Products and Methods.  These agreements are relevant to determining infringement of the composition and method claims asserted in this case.  Please confirm that Alexion will produce all responsive documents to these requests without further delay.

- Request Nos. 29 & 30.  These requests seek communications by or on behalf of Alexion to financial, securities analysts, or reporters about the Patent-in-Suit or this litigation.  Alexion's statements are relevant to determining infringement, nonobviousness, willfulness, and reasonable royalty damages.  Please confirm that Alexion will produce all responsive documents to these requests without further delay.

- Request Nos. 38, 39 and 40. These requests seek documents relating to Alexion's knowledge of, communications regarding, and involvement in European Patent Office proceedings concerning the Patent-in-Suit.  Statements made by Alexion in connection with these proceedings are relevant to determining infringement, nonobviousness, willfulness, and reasonable royalty damages.  Please confirm that Alexion will produce all responsive documents to these requests without further delay.

- Request No 60.  This request seeks documents that refer to Alexion Humanized Antibody Products and Methods, including products and methods made, used, sold and offered for sale, or imported into the United States by PDL, Genentech, Glaxosmithkline, Medimmune, Eli Lilly and Co., and Abbott Laboratories.  These documents are relevant to determining infringement, nonobviousness, willfulness, and reasonable royalty damages.  Please confirm that Alexion will produce all responsive documents to these requests without further delay.

- Request Nos. 78 and 79.  These requests seek documents between the parties in Oklahoma Med. Res. Found. v. Alexion Pharm., Inc., Case No. 4:07-CV-00163-GKF-SAJ and communications between those parties that refer to the litigation, Humanized Antibody Products And Methods, PDL, or the Patent-in-Suit.  Alexion's arguments and statements regarding the accused technology in this litigation are relevant to determining infringement, validity, willfulness, and reasonable royalty damages.  Please confirm that Alexion will produce all responsive documents to these requests without further delay.

WEIL, GOTSHAL & MANGES LLP

March 3, 2008
Page 5

- Request Nos. 97, 98, 99, 100, & 101. These requests seek documents relating to Dr. Max Link, his work on the Alexion Compliance and Quality Committee relating to Alexion's Humanized Antibody Products And Methods, and the Alexion Compliance and Quality Committee. Dr. Link is the Chairman of Alexion's Board of Directors and was formerly a director of PDL. He is also a member of Alexion Compliance and Quality Committee, which the Alexion Board of Directors established in December 2004 to provide "leadership and guidance" to Alexion "on all aspects of regulatory and product compliance matters." Dr. Link and the Committee's activities are relevant to determining infringement, validity, willfulness, and reasonable royalty damages. Please confirm that Alexion will produce all responsive documents to these requests without further delay.

- Request Nos. 114 and 115. These requests seek documents relating to actual or proposed communications to third parties (including customers or prospective customers) regarding this lawsuit. Alexion's actual or proposed statements are relevant to determining infringement, nonobviousness, willfulness, and reasonable royalty damages. Please confirm that Alexion will produce all nonprivileged responsive documents to these requests without further delay.

To the extent that Alexion refuses to honor PDL's requests in this letter, please advise me whether you are available for a meet-and-confer on those request(s) during any of the following times: Tuesday, March 4 after 12pm ET; Wednesday March 5 before 12pm ET; or Friday, March 7 before 3pm ET.

Sincerely,

Jennifer H. Wu

**Exhibit 4**

# Understanding DNA and Gene Cloning

## A GUIDE FOR THE CURIOUS

### *Third Edition*

**KARL DRLICA**

*Public Health Research Institute*
*455 First Avenue*
*New York, NY*



John Wiley & Sons, Inc.

New York • Chichester • Brisbane • Toronto • Singapore • Weinheim

| | |
|---|---|
| *Acquisitions Editor* | David Harris |
| *Executive Marketing Manager* | Catherine Faduska |
| *Production Editor* | Deborah Herbert |
| *Designer* | Kevin Murphy |
| *Cover Designer* | Lynn Rogan |
| *Manufacturing Manager* | Mark Cirillo |
| *Illustration* | Rosa Bryant |

This book was set in 10 on 12 Palatino by TCSystems, Inc. and printed and bound by Courier Westford. The cover was printed by Phoenix Color Corp.

Recognizing the importance of preserving what has been written, it is a policy of John Wiley & Sons, Inc. to have books of enduring value published in the United States printed on acid-free paper, and we exert our best efforts to that end.

The following material was adapted from K. Drlica, DOUBLE-EDGED SWORD: THE PROMISES AND RISKS OF THE GENETIC REVOLUTION, © 1994 by Karl A. Drlica and reprinted by permission of Addison-Wesley Longman Publishing Co., Inc.: descriptions of patterns of inheritance, Mendelian inheritance, DNA fingerprinting, and Figures 13-2, 13-3, 13-4, 14-3, and 14-5.

Copyright © 1997, by John Wiley & Sons, Inc.

All rights reserved. Published simultaneously in Canada.

Reproduction or translation of any part of this work beyond that permitted by Sections 107 and 108 of the 1976 United States Copyright Act without the permission of the copyright owner is unlawful. Requests for permission or further information should be addressed to the Permissions Department, John Wiley & Sons, Inc.

*Library of Congress Cataloging-in-Publication Data*
Drlica, Karl.
    Understanding DNA and gene cloning: a guide for the curious/
Karl Drlica.
        p.    cm.
    Second ed. published in 1992.
    Includes bibliographical references and index.
    ISBN 0-471-13774-X (pbk. : alk. paper)
    1. Molecular cloning.   2. Recombinant DNA.   3. Genetic
engineering.      I. Title.
QH442.2.D75     1996
574.87'3282—dc20                                      96-23077
                                                       CIP

Printed in the United States of America

10 9 8 7 6 5 4

# GLOSSARY

**adenine (A)** one of the bases that forms a part of DNA or RNA; the others are cytosine, guanine, thymine, and uracil. (Figure 2-5)

**agar** a gelatinlike substance obtained from seaweed. When mixed with nutrients and allowed to solidify in petri dishes, agar serves as a solid substrate for growing bacterial colonies. (Figure 5-2)

**agar plate** a petri dish containing solid agar. (Figure 5-2)

**amino acid** a small molecule that serves as a subunit of protein. Twenty different types of amino acid are commonly found in natural proteins, and they share the structure shown below. The letter R represents chemical side chains, which are different for each amino acid. The chemical properties of the side chains help determine how a protein folds; thus the arrangement of amino acids dictates the three-dimensional structure of a protein.



<em>amino acids</em>

| | |
|---|---|
| alanine (Ala) | leucine (Leu) |
| arginine (Arg) | lysine (Lys) |
| asparagine (Asn) | methionine (Met) |
| aspartic acid (Asp) | phenylalanine (Phe) |
| cysteine (Cys) | proline (Pro) |
| glutamine (Gln) | serine (Ser) |
| glutamic acid (Glu) | threonine (Thr) |
| glycine (Gly) | tryptophan (Trp) |
| histidine (His) | tyrosine (Tyr) |
| isoleucine (Ile) | valine (Val) |

**aminoacyl–tRNA synthetases** members of a class of enzyme that link specific amino acids with specific transfer RNA molecules. One synthetase

*301*

recognizes one particular type of transfer RNA and one particular type of amino acid. (Figure 4-3)

**antibiotic** a substance, produced by a microorganism, that inhibits the growth of bacteria, often killing them. Most antibiotics in clinical use have been extensively modified to increase their potency. Common examples are streptomycin, erythromycin, penicillin, ampicillin, and tetracycline. (p. 93)

**antibiotic resistance gene** a gene encoding a protein which allows a bacterium to live in the presence of an antibiotic that normally would kill it. Some resistance genes change the target of the drug so it no longer binds the drug. Others cause active secretion of the drug, and still others break down the drug. Plasmids often contain such genes. (p. 93).

**antibodies** proteins found in higher animals that recognize and bind to foreign proteins such as viruses and bacteria. After binding the foreign protein (often called an antigen), the antibody can participate in a variety of reactions that lead to the destruction of the antigen. Antibodies are an important component of the immune system, which serves to guard us from attack by microorganisms. (Figure 11-7)

**anticodon** a particular three-nucleotide region in transfer RNA that is complementary to a specific three-nucleotide codon in messenger RNA. Alignment of codons and anticodons is the basis for establishing the order of amino acids in a protein chain. (Figure 4-4)

**antigen** a microorganism or foreign molecule that is recognized by, and attaches to, an antibody. (Figure 11-10)

**antigenic determinant** a region of an antigen that elicits an immune response.

**antisense RNA** an RNA molecule that is the complement of another RNA molecule and can therefore form a double helix. Antisense RNA molecules can be designed to hybridize with particular mRNA molecules and thereby prevent the translation of the mRNA.

**assay** a method or way of measuring chemical or biological compounds. (Figure 3-8)

**atom** a particle composed of a nucleus (protons and neutrons) and electrons. Atoms differ from one another by having different numbers of protons, neutrons, and electrons. Groups of atoms bonded together are called molecules. See **element**. (p. 3; Figure 1-3)

**ATP** adenosine triphosphate, a relatively small molecule that serves as an energy carrier and as one of the precursors to RNA. ATP has high energy bonds that are easily broken by enzymes to release the energy needed to drive many cellular chemical reactions.

**B lymphocyte** a type of cell in mammals that produces antibodies. (Figure 11-10)

**Exhibit 5**

Table of Contents

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

## FORM 10–K

☒ **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(D) OF THE SECURITIES EXCHANGE ACT OF 1934**

FOR THE FISCAL YEAR ENDED DECEMBER 31, 2006

OR

☐ **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the transition period from          to

Commission File Number: 000–19756



## PDL BioPharma, Inc.
*(Exact name of registrant as specified in its charter)*

| | |
|---|---|
| Delaware | 94–3023969 |
| *(State or other jurisdiction of* | *(I.R.S. Employer* |
| *incorporation or organization)* | *Identification No.)* |

34801 Campus Drive
Fremont, CA 94555
*(Address of principal executive offices)*
*Registrant's telephone number, including area code*
**(510) 574–1400**

Securities registered pursuant to Section 12(b) of the Act: None

Securities registered pursuant to Section 12(g) of the Act:
Common Stock, par value $0.01 per share
Preferred Stock Purchase Rights, no par value
*(Title of Class)*

Indicate by check mark if the registrant is a well–known seasoned issuer, as defined in Rule 405 of the Securities Act.   Yes ☒   No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.   Yes ☐   No ☒

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   Yes ☒   No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S–K is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10–K or any amendment to this Form 10–K.   ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer or a non–accelerated filer. See definition of "accelerated filer and

Source: PDL BIOPHARMA, INC., 10–K, March 01, 2007

Table of Contents

TECHNOLOGY OUT–LICENSE AGREEMENTS

**Humanization Patent License Agreements**

We have been issued patents in the United States and elsewhere, covering the humanization of antibodies, which are known generally as the Queen, *et. al.* patents, which expire in 2013 and 2014, and are described in more detail below under the heading "Our Patents and Other Proprietary Rights." We have entered into license agreements with numerous entities that are independently developing or have developed humanized antibodies pursuant to which we have licensed certain rights under our Queen patents to make and sell therapeutic antibodies targeting antigens specified in the license agreements. In general, we received an upfront licensing fee, and rights to receive annual maintenance fees and royalties on any product sales under these license agreements. Under some of these agreements, we also may receive milestone payments. In addition to granting licenses under our Queen patents, some of these agreements provide that we will perform for a fee certain services related to the humanization of specified antibodies for the licensee.

We have entered into agreements for the license of rights under our Queen patents with several drug development companies, including, among others, Genentech, Inc. (Genentech), MedImmune, Inc. (MedImmune), Wyeth and Elan Corporation, Plc (Elan), each of which pays us royalties under their respective license agreements. Nine humanized antibodies currently approved by the U.S. Food and Drug Administration (FDA) are licensed under our patents and generated royalties to PDL in 2006: Genentech's *Avastin*®, *Herceptin*®, *Xolair*®, *Raptiva*® and *Lucentis*™; MedImmune's *Synagis*®; Wyeth's *Mylotarg*®; Elan's *Tysabri*® and Hoffmann–La Roche's *Zenapax*®. We are aware of more than 75 humanized antibodies in development worldwide by various pharmaceutical and biotechnology companies, and we have entered into patent license agreements that may cover many of these products.

Under most of these patent license agreements, we are entitled to receive a flat–rate royalty based upon our licensees' net sales of covered products. Our master patent license agreement with Genentech, however, provides for a tiered royalty structure under which the royalty rate Genentech must pay on royalty–bearing products sold in the United States or manufactured in the United States and sold anywhere (U.S.–based Sales) in a given calendar year decreases on incremental U.S.–based Sales above several net sales thresholds. As a result, Genentech's average annual royalty rate will decline as Genentech's U.S.–based Sales increase. Because we receive royalties in arrears, the average royalty rate for the payments we receive from Genentech in the second calendar quarter—which would be for Genentech's sales from the first calendar quarter—will be higher than the average royalty rate for following quarters and will be lowest for royalty payments we receive with respect to Genentech's fourth quarter sales in the first calendar quarter when more of Genentech's U.S.–based Sales bear royalties at lower royalty rates.

In 2006, we received $183.6 million of royalty revenues under the license agreements with the entities identified above. Because of the fundamental and significant value of the Queen patents, we will continue to pursue discussions with entities involved in research and development of humanized antibodies and from time to time expect to enter into additional agreements under which we would license rights under our Queen patents to these entities.

**Other Out–License Agreements**

In addition to our Queen patents, we have developed other intellectual property and been issued patents covering a variety of other technology, including with respect to potential drug products. In addition to the collaboration agreements described above under the heading "Collaboration and Strategic Agreements," we have entered into agreements pursuant to which we have licensed to other entities certain of our intellectual property rights, including patent rights. For example, in 2005, we outlicensed PR–1, a prostate cancer antibody, to Genentech and we outlicensed Iintuzumab, an antibody targeting certain hematologic malignancies, formerly named Zamyl or HuM195, to Seattle Genetics, a biotechnology company focused on the development of monoclonal antibody–based therapies for the treatment of cancer and immunologic diseases. Because some of these potential drug products to which we have rights are humanized antibodies, some of these license agreements include licenses under our Queen patents as well. From time to time we may pursue discussions with companies regarding the outlicense of our intellectual property rights and may enter into other agreements under which we will outlicense our rights to our intellectual property, including rights to drug products.

9

Source: PDL BIOPHARMA, INC., 10–K, March 01, 2007

PDL-A 0036183

Table of Contents
SIGNATURES

Pursuant to the requirements of Section 13 or 15(d) of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned, thereunto duly authorized.

PDL BIOPHARMA, INC. (Registrant)

By: /s/ MARK MCDADE
Mark McDade,
*Chief Executive Officer*

Date: March 1, 2007

Pursuant to the requirements of the Securities Exchange Act of 1934, this report has been signed below by the following persons on behalf of the Registrant and in the capacities and on the dates indicated.

| Signature | Title | Date |
|---|---|---|
| /s/ MARK MCDADE<br>(Mark McDade) | Chief Executive Officer and Director<br>(Principal Executive Officer) | March 1, 2007 |
| /s/ ANDREW L. GUGGENHIME<br>(Andrew L. Guggenhime) | Senior Vice President and Chief Financial Officer<br>(Principal Financial Officer and Principal<br>Accounting Officer) | March 1, 2007 |
| /s/ MAX LINK<br>(Max Link) | Chairman of the Board of Directors | March 1, 2007 |
| /s/ LAURENCE JAY KORN<br>(Laurence Jay Korn) | Director | March 1, 2007 |
| /s/ JON S. SAXE<br>(Jon S. Saxe) | Director | March 1, 2007 |
| /s/ SAMUEL BRODER<br>(Samuel Broder) | Director | March 1, 2007 |
| /s/ L. PATRICK GAGE<br>(L. Patrick Gage) | Director | March 1, 2007 |
| /s/ KAREN A. DAWES<br>(Karen A. Dawes) | Director | March 1, 2007 |
| /s/ BRADFORD S. GOODWIN<br>(Bradford S. Goodwin) | Director | March 1, 2007 |
| /s/ RICH MURRAY<br>(Rich Murray) | Director | March 1, 2007 |

109

Source: PDL BIOPHARMA, INC., 10-K, March 01, 2007

**Exhibit 6**

**FDA**  U.S. Food and Drug Administration

# FDA News

**FOR IMMEDIATE RELEASE**
P07-47
March 16, 2007

**Media Inquiries:**
Heidi Rebello, 301-827-6242
**Consumer Inquiries:**
888-INFO-FDA

## FDA Approves First-of-its-Kind Drug to Treat Rare Blood Disorder

The U.S. Food and Drug Administration (FDA) today approved Soliris (eculizumab), the first product for the treatment of paroxysmal nocturnal hemoglobinuria (PNH), a rare type of blood disorder that can lead to disability and premature death. Soliris is classified as an Orphan Drug and is a new molecular entity containing an ingredient not previously marketed in the United States.

"This product is important in that it offers a treatment other than blood transfusion that may help this small population of patients who are often very ill," said Steven Galson, M.D., M.P.H., director, Center for Drug Evaluation and Research, FDA. "This approval is one of multiple examples of how the orphan products program can benefit the public health with urgently needed products that would otherwise not be commercially available."

PNH, which usually develops in adults, is a disease characterized by red blood cells that develop abnormally. Once the abnormal cells are present in the bloodstream, naturally occurring proteins (called the complement system) designed to destroy bacteria and other infection-causing organisms break these cells down. This leads to abnormally darkened urine and, more importantly, causes anemia. Depending upon the severity of the disorder, patients with PNH may have pain, fatigue and debilitating weakness, the need for frequent blood transfusions, blood clots, and life-threatening or fatal strokes, heart attacks and intestinal disease.

Soliris does not cure PNH, but treats the breakdown of red blood cells, the most common characteristic of PNH. Soliris acts to block the complement system activity, including the destruction of PNH red blood cells.

FDA based its approval on the company's randomized, double-blind, placebo-controlled clinical study of 87 patients with PNH and a series of other clinical studies. The controlled study showed that over a 26-week period half of the participants receiving Soliris had stabilization of blood hemoglobin concentrations compared with no stabilization among placebo-treated patients. Soliris-treated patients also required significantly fewer blood transfusions.

Soliris' blockade of the body's natural immune system increases the patient's susceptibility to certain serious infections, particularly meningococcal infections that can cause bacterial meningitis, an infection of the tissue surrounding the spinal cord and brain. Serious meningococcal infection was the most important adverse reaction experienced by patients who received Soliris in clinical studies. Because of the high risk for serious meningococcal infections, all 196 PNH patients in the clinical studies were vaccinated with a meningococcal vaccine; two of them developed meningococcal sepsis (an infection of the bloodstream caused by meningococcal bacteria) during treatment with Soliris.

A special risk management plan for Soliris has been developed to address the risk of serious meningococcal infection. The labeling of the product contains a boxed warning

and requires that patients receive meningococcal vaccination prior to receiving Soliris. The labeling also includes a Medication Guide for patients. In addition, the risk management plan includes an educational program for physicians.

Orphan products are developed to treat rare diseases or conditions that affect fewer than 200,000 people in the United States. The Orphan Drug Act provides a seven-year period of exclusive marketing to the first manufacturer who obtains marketing approval for a designated orphan product. About one person out of a million people will be diagnosed with PNH.

Soliris is manufactured by Alexion Pharmaceuticals, Inc. (Cheshire, Ct.).

#### ####

RSS Feed for FDA News Releases [what's this?]

Get free weekly updates about FDA press releases, recalls, speeches, testimony and more.

FDA Newsroom

FDA Home Page | Search FDA Site | FDA A-Z Index | Contact FDA | Privacy | Accessibility

FDA Website Management Staff

**Exhibit 7**

REDACTED