IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PDL BIOPHARMA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 07-156 (JJF) |
| | ) | |
| ALEXION PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PDL'S REPLY BRIEF IN FURTHER SUPPORT OF ITS
## MOTION TO COMPEL DISCOVERY FROM ALEXION

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
klouden@mnat.com
Attorneys for plaintiff PDL BioPharma, Inc.

OF COUNSEL:

Matthew D. Powers
Vernon M. Winters
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Jennifer H. Wu
Rebecca E. Fett
WEIL, GOTSHAL & MANGES LLP
New York Office
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

April 3, 2008

i.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .......................................................................................... ii

INTRODUCTION .........................................................................................................1

      I.     ALEXION IMPROPERLY WITHHELD PRODUCTION BASED ON ITS PENDING MOTION TO BIFURCATE DAMAGES AND WILLFULNESS.........................................................2

      II.    ALEXION HAS FAILED TO PRODUCE MANY CATEGORIES OF RELEVANT DOCUMENTS....................................3

      III.   THIS MOTION IS NOT PREMATURE....................................................4

CONCLUSION...............................................................................................................5

ii.

## TABLE OF CONTENTS

Page

There are no authorities cited in this brief.

# INTRODUCTION

For over eight months, Alexion has refused to produce relevant discovery. Alexion consistently represented that it would not produce documents relating to damages or willfulness and failed to make production of broad categories of documents. Accordingly, PDL was forced to file this motion. This action has been pending for more than a year, and PDL is entitled to finally receive the documents it requested more than eight months ago. Alexion's arguments otherwise are both factually and legally incorrect.

*First*, Alexion's position that it has not withheld any documents based on its pending motion to bifurcate is wrong. Alexion consistently has taken the position that it would not produce documents relating to damages or willfulness pending decision on its motion. Alexion should be ordered to produce these documents.

*Second*, Alexion has not produced many categories of relevant and responsive documents, including laboratory notebooks or documents relating to damages or willfulness, even though PDL has been seeking these documents for more than eight months.

*Third,* this motion is not premature. Alexion Br. [D.I. 78] at 2 ("PDL's Motion to compel discovery is premature" and that "compelling discovery at such an early stage is illogical and inappropriate."). PDL's first set of document requests, served on July 23, 2007, has been pending for more than eight months. And Alexion's delay in producing relevant documents is not excused by the parties' agreement to an extension of fact discovery. PDL was forced to ask for this extension because of Alexion's refusal to produce relevant documents.

## ARGUMENT

I.    **Alexion Improperly Withheld Production Based On Its Pending Motion To Bifurcate Damages and Willfulness**

        Alexion has consistently refused to search for (let alone produce) damages discovery pending resolution of the bifurcation motion.  In light of the discovery correspondence between the parties, Alexion's position that it "has *not* withheld any document production because of its motion to bifurcate" is wrong. Alexion Br. [D.I. 78] at 4.

        On September 18, 2007, Alexion asserted that it would "not exchange [electronic] terms, *nor will we search our documents for any such terms* indicated by PDL, until the appropriate time for damages discovery as indicated by the Court *after deciding Alexion's bifurcation motion*."  Wu Decl. Ex. 1 (9/18/07 Ltr. from C. Willgoos to E. Xanthopoulos) (emphasis added).  PDL disputed that damages discovery could or should be segregated, but agreed to defer the exchange for the time being pending resolution of the motion.  Alexion Br. [D.I. 78] at Ex. B.

        On January 16, 2008, Alexion proposed that the parties exchange search terms, but still sought to limit the exchange "only to liability issues," given the pendency of Alexion's motion to bifurcate.  Id. at Ex. D.  PDL responded on January 22, 2008, that "Alexion [had] no basis to withhold discovery based simply on the fact that Alexion's motion to bifurcate [was] pending," and that there is "substantial, unparseable overlap between liability and damages, willfulness, and exceptional case issues."  Wu Decl. Ex. 2 (1/22/08 Ltr. from E. Xanthopoulos to C. Willgoos).

        On January 23, 2008, Alexion again refused to produce damages and willfulness-related documents, reiterating its belief that "until the Court decides Alexion's pending bifurcation motion, *it is inappropriate and impractical for the parties to conduct discovery*

3.

*regarding damages issues*, including willfulness and exceptional case issues." Wu Decl. Ex. 3 (1/23/08 Ltr. from C. Willgoos to E. Xanthopoulos) (emphasis added).

Alexion never withdrew its position or agreed to produce documents relating to damages, willfulness or exceptional case. And a review of Alexion's production reveals that few, if any, such documents have been produced to date. Accordingly, Alexion should be ordered to produce these documents.

## II.    Alexion Has Failed To Produce Many Categories of Relevant Documents

Over an eight-month period, Alexion has produced little more than its submissions to the FDA (consisting of about 62,000 pages). Alexion has failed to produce broad categories of documents relating to the issues of infringement, validity, damages or willfulness. Most significantly, Alexion has produced few, if any, financial documents relevant to damages, documents relating to its knowledge or review of the patents in suit, documents relating to the manufacture of the accused product, or laboratory notebooks.

The only significant set of documents that Alexion asserts it has produced is the Biologics License Application ("BLA"). But even the completeness of that production is doubtful because the BLA cites to numerous laboratory notebooks, none of which have been produced. See, e.g., Wu Decl. Ex. 4 (citing "Alexion Pharmaceuticals lab notebooks #118, #149, #173, #216, #246, #252, #269, #272, #285."). Indeed, Alexion has failed to produced *any* laboratory notebooks from the development of Soliris. And although Alexion has now offered to produce samples of Soliris—after PDL filed this motion—Alexion should still be ordered to produce the samples and other relevant discovery, as discussed on pages 5-10 of PDL's opening brief.

4.

Alexion never provided any explanation for its failure to produce relevant discovery. But it now argues that certain of the requests are overly broad, unduly burdensome or irrelevant. PDL disputes these objections, as well as Alexion's assertions as to the scope of the requests. For example, PDL does not believe that requests for documents relating to agreements to manufacture, or reflecting the entities manufacturing, Alexion's Humanized Antibody Products And Methods (Request Nos. 17 and 18), or requests for communications with analysts, reporters or third parties about the patents in suit or this litigation (Request Nos. 29, 30, 114, 115), are overbroad or unduly burdensome.

PDL remains willing to discuss reasonable means to address Alexion's concerns, but such objections cannot provide a basis for PDL's wholesale failure to produce plainly responsive documents. For example, Alexion does not dispute that it has not yet produced what it concedes are relevant and responsive manufacturing documents. Alexion Br. [D.I. 78] at 6. Alexion also cannot dispute that its litigation with Oklahoma Medical Research Foundation involved the same accused product (Soliris) and that documents from that litigation may include statements about Soliris that are relevant to infringement and that the license issues may be relevant to the calculation of reasonable royalty damages. Yet Alexion does not deny that it has not yet produced any documents relating to that litigation.

## III.    This Motion Is Not Premature

There is nothing illogical or inappropriate about requiring Alexion to produce documents in response to requests that have been pending for more than eight months. Alexion does not explain why it could not have produced its documents in eight months or why additional time is needed.

5.

Instead, Alexion relies on the fact that discovery has been extended to excuse its delay. Given the delay in production, however, PDL requires this additional time to review the documents, once finally produced, and take depositions. Thus, Alexion's purported assurance that "Alexion's production is ongoing and will be completed *by the close of discovery*" does nothing to resolve the issue. Alexion Br. [D.I. 78] at 5 (emphasis added).

Alexion also relies on the fact that the parties have not yet agreed on electronic search terms. That fact, however, cannot justify Alexion's wholesale failure to produce many categories of relevant documents. Indeed, although Alexion claims that it "has not withheld production of relevant and responsive documents" (Alexion Br. [D.I. 78] at 4), and touts that it "produced over 77,800 pages of documents" (id.), the fact is that the bulk of those documents (about 62,000 pages) consist only of Alexion's filings with the FDA. Alexion had an obligation to search for and produce all documents responsive to PDL's requests, including its paper documents and electronic documents in response to searches to which the parties had agreed.

## CONCLUSION

For the foregoing reasons, PDL's motion to compel discovery from Alexion should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
klouden@mnat.com
Attorneys for plaintiff PDL BioPharma, Inc.

6.

OF COUNSEL:

Matthew D. Powers
Vernon M. Winters
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Jennifer H. Wu
Rebecca E. Fett
WEIL, GOTSHAL & MANGES LLP
New York Office
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

April 3, 2008

2280567

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on April 3, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Josy W. Ingersoll

I also certify that copies were caused to be served on April 3, 2008, upon the following in the manner indicated:

### BY HAND AND EMAIL

Josy W. Ingersoll
Andrew A. Lundgren
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE  19801

### BY EMAIL

Gerald J. Flattmann, Jr.
Christine Willgoos
Gregory A. Morris
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY  10022-4611

*/s/ Karen Jacobs Louden*
_____
Karen Jacobs Louden (#2881)