IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PDL BIOPHARMA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 07-156-JJF |
| | ) | |
| ALEXION PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF VERNON M. WINTERS IN SUPPORT OF
PDL'S REPLY BRIEF SUPPORTING ITS RULE 12(B)(1)
MOTION TO DISMISS ALEXION'S DECLARATORY JUDGMENT
COUNTERCLAIMS AS TO UNASSERTED PATENT CLAIMS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
*Attorneys for Plaintiff PDL BioPharma, Inc.*

*Of Counsel*:

Matthew D. Powers
Vernon M. Winters
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

Jennifer H. Wu
Rebecca E. Fett
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

April 4, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PDL BIOPHARMA, INC. | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    C.A. No. 07-156 (JFF) |
| | ) |
| ALEXION PHARMACEUTICALS, INC., | ) |
| Defendant. | ) |

I, Vernon M. Winters, declare:

      1.     I am a partner at Weil, Gotshal & Manges, LLP, which is counsel for plaintiff, PDL BioPharma, Inc., and I am counsel of record for PDL.   The facts stated herein are true of my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

      2.     Attached as Exhibit 1 is a true and correct copy of an email thread between me and Gerald Flattmann of Kirkland & Ellis LLP, which is counsel of record for defendant, Alexion Pharmaceuticals, Inc.   The thread is in reverse chronological order, i.e., the initial email that I received from Mr. Flattmann is at the bottom, and the response that I emailed to Mr. Flattmann on March 20, 2008, is at the top.

      3.     Attached as Exhibit 2 is a true and correct copy of a letter dated February 27, 2008, from me to Mr. Flattmann.

      4.     Attached as Exhibit 3 is a true and correct copy of a letter dated February 27, 2008, that Eric Xanthopoulos, M.D., formerly a lawyer at Weil, Gotshal & Manges LLP, received from Christine Willgoos of Kirkland & Ellis LLP, which is counsel of record for defendant, Alexion Pharmaceuticals, Inc.

5.    Attached as Exhibit 4 is a true and correct copy of Alexion Pharmaceuticals, Inc.'s First Supplemental Response to PDL Biopharma, Inc.'s Interrogatory No. 3 served on February 18, 2008.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that the foregoing is executed on April 3, 2008, in Redwood Shores, California.

_____

Vernon M. Winters

2

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on April 4, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> Andrew A. Lundren
> YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

I also certify that copies were caused to be served on April 4, 2008, upon the following in the manner indicated:

**VIA ELECTRONIC MAIL
and HAND DELIVERY**

Josy W. Ingersoll, Esquire
Andrew A. Lundgren, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street
17th Floor
Wilmington, DE 19801

**VIA ELECTRONIC MAIL**

Gerald J. Flattmann, Jr., Esquire
Christine Willgoos, Esquire
Gregory A. Morris , Esquire
KIRKLAND & ELLIS, LLP
153 East 53rd Street
New York, NY 10022-4611

Jack B. Blumenfeld (#1014)

# EXHIBIT 1

**Vern Winters/SV/WGM/US**

03/20/2008 10:25 AM

To  GFlattmann@kirkland.com

cc

Subject  Re: PDL v. Alexion

Dear Gerald:

We write in response to Alexion's request that PDL BioPharma stipulate that Alexion does not infringe claims that PDL has not asserted, which you correctly refer to as the "unasserted claims." The request is not appropriate. PDL has not asserted the unasserted claims against Alexion, and there is no case or controversy between the parties with respect to those claims.

Best regards,

Vern


*****************
Vernon M. Winters
Weil, Gotshal & Manges LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
t: 650.802.3005
f: 650.802.3100
m.: 650.339.5037
w: www.weil.com
"Gerald J Flattmann Jr" <GFlattmann@kirkland.com>



**"Gerald J Flattmann Jr"**
**<GFlattmann@kirkland.com>**

03/17/2008 09:19 AM

To  vern.winters@weil.com

cc

Subject  PDL v. Alexion

Dear Vern:

Thanks for talking this morning about PDL's pending motion to dismiss Alexion's counterclaim of invalidity as to "unasserted claims." I asked you whether PDL would be willing to stipulate to Alexion's non-infringement of the claims of the three patents-in-suit that have yet to be specifically asserted by PDL. I would be grateful if PDL would consider that question and get back to us with an answer in the next day or two.

Best regards,

Gerald
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************

< END >

EXHIBIT 2

# WEIL, GOTSHAL & MANGES LLP

SILICON VALLEY OFFICE

201 REDWOOD SHORES PARKWAY

REDWOOD SHORES, CALIFORNIA 94065

(650) 802-3000

FAX: (650) 802-3100

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SINGAPORE
WARSAW
WASHINGTON, D.C.

VERNON M. WINTERS
DIRECT LINE (650) 802-3005
E-MAIL: vern.winters@weil.com

February 27, 2008

**VIA EMAIL**

Gerald Flattmann, Esq.
Kirkland & Ellis LLP
153 E. 53rd Street
New York, NY 10022-4611
*GFlattmann@kirkland.com*

Re:     **PDL BioPharma, Inc. v. Alexion Pharmaceuticals, Inc.**
         **D. Del. Case No. 07-156**

Dear Gerald:

Plaintiff, PDL BioPharma, Inc., provides the following list of claim terms or phrases for, absent agreement by the parties, construction by the Court with respect to the asserted claims of PDL's U.S. Patents Nos. 5,693,761, 5,693,762, and 6,180,370.

PDL's investigation is ongoing and the defendant, Alexion Pharmaceuticals, Inc., has not yet disclosed to PDL its list of terms and claim elements for construction. In addition, and in violation of an agreement between the parties, defendant has failed to identify with any sort of reasonable specificity its invalidity contentions. Accordingly, PDL reserves its right to supplement, amend, or modify this disclosure.

1.     "acceptor immunoglobulin";

2.     "complementarity determining regions (CDRs) from a [the] donor immunoglobulin";

(#289548)

WEIL, GOTSHAL & MANGES LLP

Gerald Flattmann, Esq.
February 27, 2008
Page 2


3.    "donor immunoglobulin";

4.    "variable region framework"; and

5.    "is at least 65% [70%] identical to the [sequence of the] donor
      immunoglobulin heavy [light] chain variable region framework."


Best regards,

Vernon M. Winters

cc:    Josy Ingersoll, Esq. (via email) (*JIngersoll@ycst.com*)
       Karen Jacobs Louden, Esq. (via email) (*KLouden@MNAT.com*)
       Wendy Adams (via email) (WAdams@kirkland.com)

(#289548)

EXHIBIT 3

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Christine Willgoos
To Call Writer Directly:
212 446-4964
cwillgoos@kirkland.com

212 446-4800

www.kirkland.com

Facsimile:
212 446-4900

February 27, 2008

**VIA E-MAIL**

Eric Xanthopoulos
Weil, Gotshal & Manges LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065

Re: *PDL Biopharma, Inc. v. Alexion Pharmaceuticals, Inc.*

Dear Eric:

As per the stipulation agreed by the parties and entered by the Court, below please find Alexion's tentative proposed claim terms for construction by the Court. Alexion reserves the right to modify the claim terms proposed for construction. In addition, Alexion reserves the right to propose constructions for any claim terms for which PDL requests construction.

**Alexion's Proposed Terms For Construction**

1.    First and second polynucleotides respectively encoding heavy and light chain variable regions of a humanized immunoglobulin

2.    humanized immunoglobulin

3.    humanized immunoglobulin heavy and light chains

4.    complementarity determining regions (CDRs)

5.    donor immunoglobulin

6.    heavy and light chain variable region frameworks / heavy and light chain frameworks

7.    human acceptor immunoglobulin / acceptor human immunoglobulin

8.    variable region

9.    framework region / framework / variable region framework

10.   sequence of the humanized immunoglobulin heavy chain variable framework region

11.   humanized immunoglobulin heavy chain variable region framework

Chicago          London          Los Angeles          Munich          San Francisco          Washington, D.C.

## KIRKLAND & ELLIS LLP

Eric Xanthopoulos
February 27, 2008
Page 2

12.    humanized immunoglobulin light chain variable region framework

13.    sequence of the humanized immunoglobulin light chain variable framework region

14.    outside the Kabat and Chothia CDRs

15.    DNA segment encoding a humanized heavy chain variable region / DNA segment encoding the humanized immunoglobulin heavy chain variable region

16.    DNA segment encoding a humanized light chain variable region / DNA segment encoding the humanized immunoglobulin light chain variable region

17.    DNA segments encoding the humanized heavy and light chains

18.    DNA segments encoding humanized light and heavy chain variable regions / DNA segments encoding heavy and light chain variable regions of a humanized immunoglobulin

19.    hypervariable regions

20.    outside the hypervariable regions

21.    Kabat CDRs

22.    outside the Kabat CDRs

23.    Chothia CDR H1

24.    outside the Chothia CDR H1 (amino acids 26-32)

Sincerely,

*Christine Willgoos*

Christine Willgoos

EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PDL BIOPHARMA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-156-JJF |
| | ) | |
| ALEXION PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ALEXION PHARMACEUTICALS, INC.'S FIRST SUPPLEMENTAL RESPONSE TO PDL BIOPHARMA, INC.'S INTERROGATORY NO. 3

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.1, Defendant

Alexion Pharmaceuticals, Inc. ("Alexion") hereby submits its first supplemental response to

Plaintiff PDL BioPharma, Inc.'s ("PDL's") Interrogatory No. 3 to Alexion Pharmaceuticals, Inc.

Pursuant to Federal Rule of Civil Procedure 26(e), Alexion reserves the right to

supplement its responses to these interrogatories if it learns of additional information.

### GENERAL OBJECTIONS

Alexion hereby incorporates by reference its General Objections set forth in

Alexion Pharmaceuticals, Inc.'s Objections And Responses To PDL Biopharma, Inc.'s First Set

Of Interrogatories and makes said General Objections part of its response to each interrogatory.

### SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 3:

Separately for each claim in each of the Patents-In-Suit, please state all facts, and identify all witnesses to any facts, that You contend support Your second defense set forth in paragraph 33 of Alexion's *Answer and Counterclaims* that the Patents-In-Suit are invalid.

**RESPONSE TO INTERROGATORY NO. 3:**

Alexion objects to this interrogatory to the extent that it seeks information, documents or things that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. Alexion objects to this interrogatory as premature and unduly burdensome because it purports to require Alexion to set forth separate invalidity defenses for over 85 claims prior to PDL's identification of the asserted claims. Alexion further objects to this interrogatory as premature in that it seeks expert opinions prior to the time set for expert discovery by the proposed August 21, 2007 Scheduling Order. Alexion will supplement its response in accordance with the Scheduling Order or as otherwise allowed by the Court or Federal or Local Rules. Subject to the foregoing objections and its General Objections, Alexion responds as follows.

Each of the claims of the patents in suit are invalid for failure to meet the patentability requirements of one or more of 35 U.S.C. § 101, 102, 103, and 112.

For example, several claims of the patents-in-suit are invalid because they do not meet the patentability requirements of 35 U.S.C. § 112. The specifications of the '762, '763 and '370 patents do not provide an adequate written description to support the patentability of each claim of the respective patents. Similarly, the specifications of the '762, '763 and '370 patents do not fully enable the scope of the purported inventions claimed.

Several claims of the patents-in-suit are invalid under 35 U.S.C. § 101 because the claims are inoperable.

The majority, if not all, of the claims of the patents-in-suit are invalid because they are anticipated by or obvious in view of the prior art and/or the knowledge of one of ordinary skill in the art. Examples of prior art references that render the patents invalid, either alone or in combination, include but are not limited to, Chothia & Lesk, *The Relation Between*

2

*the Divergence of Sequence and Structure in Proteins*, EMBO Journal 5(4):823-26 (1986); Jones

et al., *Replacing the Complementarity Determining Regions in a Human Antibody With Those*

*From a Mouse*, Nature 321:522-25 (1986); Riechmann et al., *Reshaping Human Antibodies for*

*Therapy*, Nature 322:323-27 (1988); and Winter, EP 0239400.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3

Alexion objects to this interrogatory as improperly requiring Alexion to "state all

facts" and "identify all witnesses to any facts" in support of its invalidity defenses before PDL

has provided its contentions as to Alexion's infringement. Alexion further objects to this

interrogatory as premature given that it seeks expert opinion testimony prior to the disclosure

dates set forth in the Federal Rules of Civil Procedure 26(a)(2)(C) and the Court's August 21,

2007 Scheduling Order. Alexion further objects to this interrogatory as premature given that

PDL has not yet provided any claim construction contentions and the Court has not yet issued

any claim construction decision. Alexion further objects to this interrogatory to the extent that it

seeks information that is protected from disclosure under the attorney-client privilege and/or the

attorney work product doctrine. Subject to these specific objections and its General Objections,

Alexion further responds to this interrogatory as follows.

Alexion states that Claims 1-19 and 26-37 of the '761 patent, Claims 1-20 of the

'762 patent, and Claims 1-30 of the '370 patent are invalid for at least the following reasons.

Alexion reserves the right to supplement its contentions in accordance with Federal Rule of Civil

Procedure 26(e).

Alexion states that Claims 1-19 and 26-37 of the '761 patent, Claims 1-20 of the

'762 patent, and Claims 1-30 of the '370 patent are invalid for lack of utility under 35 U.S.C.

§ 101.

3

Alexion states that Claims 1-19 and 26-37 of the '761 patent, Claims 1-20 of the '762 patent, and Claims 1-30 of the '370 patent are invalid under 35 U.S.C. § 102(a), (b) and/or § 103 over at least the following prior art:

1. Jones *et al.* "Replacing the Complementarity Determining Regions In A Human Antibody With Those From A Mouse." *Nature*, 321:522-25 (1986);

2. Riechmann *et al.* "Reshaping Human Antibodies For Therapy." *Nature*, 322:323-27 (1988);

3. EP 0328404;

4. EP 0239400;

5. WO 88/09344;

6. Chothia *et al.* "Cannonical Structures For The Hypervariable Regions of Immunoglobulins." *J. Mol. Biol.*, 196:901-17 (1987);

7. Verhoeyen *et al.* "Reshaping Human Antibodies: Grafting An Antilysozyme Activity." *Science*, 239:1534-36 (1988);

8. De la Paz *et al.* "Modelling Of The Combining Sites Of Three Anti-Lysozyme Monoclonal Antibodies And Of The Complex Between One Of The Antibodies And Its Epitope." *EMBO Journal*, 5:2, 415-25 (1986);

9. Alzari *et al.* "Three-Dimensional Structure Of Antibodies." *Ann. Rev. Immunol.*, 6:555-80 (1988);

4

10.    Amit *et al.* "Three-dimensional Structure Of An Antigen-Antibody Complex at 2.8 Å Resolution." *Science*, 233:747-53 (1986); and

11.    Poljak *et al.* "Amino Acid Sequence Of The Vh Region of a Human Myeloma Immunoglobulin (IgG New)." *Biochemistry*, 16:3412-20 (1977).

Alexion states that Claims 1-19 and 26-37 of the '761 patent, Claims 1-20 of the '762 patent, and Claims 1-30 of the '370 patent are invalid under 35 U.S.C. § 112 as the specifications of the '762, '763 and '370 patents do not provide an adequate written description to support the patentability of each claim of the respective patents.

Alexion states that Claims 1-19 and 26-37 of the '761 patent, Claims 1-20 of the '762 patent, and Claims 1-30 of the '370 patent are invalid under 35 U.S.C. § 112 as the specifications of the '762, '763 and '370 patents do not fully enable the scope of the purported inventions claimed.

Alexion states that Claims 1-19 and 26-37 of the '761 patent, Claims 1-20 of the '762 patent, and Claims 1-30 of the '370 patent are invalid as indefinite under 35 U.S.C. § 112 for failing to particularly point out and distinctly claim the subject matter applicant regards as his invention.

DATED:  February 18, 2008

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_Andw A. Lndgn_
_____

Josy W. Ingersoll (No. 1088)
Andrew A. Lundgren (No. 4429)
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899
(302) 571-6600
*alundgren@ycst.com*

*Attorneys for Defendant*

*Of Counsel:*

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY  1002
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

**CERTIFICATE OF SERVICE**

I, Andrew A. Lundgren, hereby certify that on February 18, 2008, I caused a copy of the

foregoing document to be served on the following in the manner indicated:

### BY E-MAIL AND HAND DELIVERY

Jack B. Blumenfeld, Esquire
Karen Jacobs Louden, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

### BY E-MAIL

Matthew D. Powers, Esquire
Vernon M. Winters, Esquire
John D. Beynon, Esquire
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Andu A. Lulgn*

Josy W. Ingersoll (No. 1088)
Andrew A. Lundgren (No. 4429)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
*alundgren@ycst.com*

*Attorneys for Defendant.*