# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

KAREN JACOBS LOUDEN
302 351 9227
302 425 4681 FAX
klouden@mnat.com

April 18, 2008

The Honorable Joseph J. Farnan, Jr.                    *VIA ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:    *PDL BioPharma, Inc. v. Alexion Pharmaceuticals, Inc.*
       C.A. No. 07-156 (JJF)

Dear Judge Farnan:

Pursuant to the Court's direction at the April 11, 2008 motion hearing, and further to the April 16, 2008 Stipulated Order (D.I. 87), set forth below are the parties' respective proposals for the date of completion of discovery related solely to willfulness. The Court indicated at the hearing that it would select a date by circling one of the options below.

- PDL's proposed date:        August 1, 2008

- Alexion's proposed date:    Within thirty days of a decision on liability (should the Court grant Alexion's renewed bifurcation motion) or thirty days after the close of expert discovery (should the Court deny the motion).

PDL's Rationale:

Alexion should be compelled to produce discovery related solely to willfulness on or before August 1, 2008. This date is one month following the Markman hearing (scheduled for July 1), and 60 days before the close of fact discovery (October 2nd), which allows ample time for development of the parties' positions before Alexion need make an election. To the extent Alexion argues that willfulness discovery should be delayed until after the Court rules on the bifurcation motion it says it will refile, this is simply an attempt to reargue this Court's rulings on discovery at the April 11, 2008 motion hearing. There, the Court stated, "Bifurcation is clearly not an obstacle and you're complying on all issues in discovery. In your view, you're complying. You [Alexion] understand that *discovery is open on all issues*, even those pending under the Motion to Bifurcate?" Alexion responded, "We certainly understand that." (D.I. 86 Tr. at 5.) (emphasis added).

The Honorable Joseph J. Farnan
April 18, 2008
Page 2

To the extent Alexion proposes to delay the production until 30 days after expert discovery closes if its renewed motion to bifurcate is denied, this proposal should be rejected. Having such discovery occur after the close of all fact and expert discovery would unduly impede the progress of the case at a time when the parties will be preparing the pretrial order and preparing for trial. There is no reason for such delay because the parties will have adequately developed their positions through fact discovery and claim construction, and expert discovery is not needed for Alexion to make its election.

PDL thus respectfully requests that August 1, 2008 be set as the date for Alexion to produce discovery related solely to the issue of willfulness.

<u>Alexion's Rationale:</u>

The parties have agreed to most deadlines for document production (see D.I. 87), but have differing views on one subject-documents solely related to willful infringement. Alexion respectfully submits that, subject to the Court's ruling on Alexion's renewed Motion to Bifurcate (D.I. 32), documents concerning willfulness should be produced thirty days after the close of expert discovery.

Producing documents related to willfulness at any earlier date has the potential to significantly prejudice Alexion. It is only after receipt of the claim construction order and complete factual development of the technical and damages issues that Alexion will truly be in a position to accurately assess the need to waive the attorney-client privilege to defend PDL's charges of willful infringement.

Moreover, setting the date for production of such documents as we propose will not prejudice case or trial preparation, as willful infringement is not often amenable to summary judgment and because, after expert discovery is completed, there is frequently a lull of activity before active trial preparation begins. In short, we believe this approach is practical, fair, and in keeping with the Court's views as to when discovery on willful infringement should be staged in the litigation: "In my view, generally, willfulness and release of the opinion is a latter event rather than an earlier event in the exchange. . . . My view is that's an issue that a party shouldn't have to make a decision about until there has been an awful lot of exchange of information." (April 11 Tr. at 9:08-10, 9:15-17.)

Therefore, to implement the Court's policies concerning willfulness production, Alexion respectfully submits that, should Alexion decide to produce opinions of counsel and/or documents related solely to the issue of willfulness, such documents should be produced thirty days after the close of expert discovery. Should the Court grant the renewed bifurcation motion, Alexion requests that willfulness discovery occur within thirty days of a decision on liability.

The Honorable Joseph J. Farnan
April 18, 2008
Page 3

Respectfully submitted,

*Karen Jacobs Louden*

Karen Jacobs Louden

KJL/bav

cc:    Gerald J. Flattman, Jr., Esquire (Via Electronic Mail)
       Vernon Winters, Esquire (Via Electronic Mail)
       John W. Shaw, Esquire (Via Hand and Electronic Mail)

2299153