IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PDL BIOPHARMA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 07-156 (JJF) |
| v. ) | |
| ) | |
| ALEXION PHARMACEUTICALS, INC., ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that the subpoena directed to MedImmune, Inc. attached as Exhibit 1 is being served.

                                                **CROSS & SIMON, LLC**

                                                /s/ Kevin S. Mann
                                                Kevin S. Mann (No. 4576)
                                                Michael J. Joyce (No. 4563)
                                                913 North Market Street, 11th Floor
                                                P.O. Box 1380
                                                Wilmington, Delaware 19899-1380
                                                302-777-4200
                                                302-777-4224 (fax)
                                                kmann@crosslaw.com
                                                mjoyce@crosslaw.com
                                                *Special purpose counsel to*
Dated: June 12, 2008                         *Plaintiff, PDL Biopharma, Inc.*

# Exhibit 1

# Issued by the
# United States District Court

_____DISTRICT OF MARYLAND_____

PDL BIOPHARMA, INC.,
    Plaintiff,

v.

ALEXION PHARMACEUTICALS, INC.,
    Defendant.

**SUBPOENA IN A CIVIL CASE**
CASE NUMBER:[1] C. A. 07-156 (JJF)
District of Delaware

TO:    **MedImmune, Inc.**
        **c/o The Corporation Trust Incorporated**
        **300 E Lombard St**
        **Baltimore, MD 21202**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHMENT A**

| PLACE<br>Cross & Simon, LLC<br>913 N. Market Street, 11th Floor<br>P.O. Box 138<br>Wilmington, DE 19899-1380 | DATE AND TIME<br>**June 26, 2008 at 9:00 a.m.** |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*<br>ATTORNEY FOR PLAINTIFF | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael J. Joyce, Esq. (No. 4563), Cross & Simon, LLC, 913 N. Market Street, Wilmington, DE 19801; (302) 777-4200

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

| SERVED | DATE | PLACE | |
|---|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | | TITLE | |

## DECLARATION OF SERVER

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING INFORMATION CONTAINED IN THE PROOF OF SERVICE IS TRUE AND CORRECT.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

  (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

  (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv) subjects a person to undue burden.

  (B) If a subpoena

   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) required disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

  (2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Attachment A
### (Subpoena to MedImmune, Inc.)

1. DOCUMENTS that show the actual and projected profitability of Synagis, including profit calculations, projected profit, unit sales, revenues, cost of sales, order contribution, product margin, product contribution margin, gross margins, and operating margins from its commercial launch to the present.

### Definitions

1. "DOCUMENTS" means any physical media in which information is stored.

(#282559)

**CERTIFICATE OF SERVICE**

      I, Kevin S. Mann, hereby certify that on June 12, 2008, a true and correct copy of the foregoing *Notice of Subpoena* was served upon counsel of record in the manner indicated:

**BY HAND DELIVERY**
Jack B. Blumenfeld, Esquire
Karen Jacobs Louden, Esquire
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

**BY HAND DELIVERY**
Josy W. Ingersoll, Esquire
Andrew A. Lundgren, Esquire
Karen E. Keller, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Matthew D. Powers, Esquire
Vernon M. Winters, Esquire
John D. Beynon, Esquire
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

**BY ELECTRONIC MAIL**
Gerald J. Flattman, Jr., Esquire
Christine Willgoos, Esquire
Gregory A. Morris, Esquire
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611

                                            */s/ Kevin S. Mann*
                                            Kevin S. Mann (No. 4576)