IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PDL BIOPHARMA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-156-JJF |
| | ) | |
| ALEXION PHARMACEUTICALS, INC. | ) | **REDACTED –** |
| | ) | **PUBLIC VERSION** |
| Defendants. | ) | |
| | ) | |

**APPENDIX OF EXHIBITS IN SUPPORT OF DEFENDANT ALEXION'S
RESPONSIVE CLAIM CONSTRUCTION BRIEF**

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
YOUNG, CONAWAY, STARGATT
& TAYLOR, LLP

OF COUNSEL                               The Brandywine Building
                                        1000 West Street, 17th Floor
John M. Desmarais                        Wilmington, Delaware 19801
Gerald J. Flattman, Jr.                  (302) 571-6600
Christine Willgoos                       *alundgren@ycst.com*
Gregory A. Morris
KIRKLAND & ELLIS LLP                     *Attorneys for Defendant*
153 East 53rd Street
New York, NY 10022
(212) 446-4800

Dated: June 11, 2008

## **TABLE OF CONTENTS**

Exhibit 24          Letter from E. Xanthopoulos to C. Willgoos (Dec. 28, 2007), attaching
                    Infringement Claim Chart.

Exhibit 25          PDL's Third Supplemental Objection and Response to Alexion
                    Interrogatory No. 1.

Exhibit 26          Amendment, *In re Queen*, App. No. 08/487,200 (U.S.P.T.O. June 7,
                    1995).

Exhibit 27          Response, *In re Queen*, App. No. 08/474,040 (U.S.P.T.O. June 7, 1995).

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on June 18, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> Karen Jacobs Louden, Esquire
> Morris Nichols Arsht & Tunnell LLP
> 1201 North Market Street
> Wilmington, DE 19801
>
> Kevin S. Mann, Esquire
> Michael J. Joyce, Esquire
> Cross & Simon, LLC
> 913 N. Market Street, 11th Floor
> Wilmington, DE 19801

I further certify that on June 18, 2008, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following in the manner indicated:

> **BY E-MAIL**
> Matthew D. Powers, Esquire
> Vernon M. Winters, Esquire
> John D. Beynon, Esquire
> Weil, Gotshal & Manges LLP
> 201 Redwood Shores Parkway
> Redwood Shores, CA 94065

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew A. Lundgren*
Josy W. Ingersoll (No. 1088)
Andrew A. Lundgren (No. 4429)
Karen E. Keller (No. 4489)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
alundgren@ycst.com

*Attorneys for Defendant*

# EXHIBITS 24-25
## REDACTED IN THEIR ENTIRETY

# EXHIBIT 26

PATENT

Attorney Docket No. 11823-002610US

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re application of: | ) | |
| | ) | |
| Cary L. Queen et al. | ) | Examiner: J. Reeves, Ph.D. |
| | ) | |
| Application No.: 08/487,200 | ) | Art Unit: 1806 |
| | ) | |
| Filed: June 7, 1995 | ) | AMENDMENT |
| | ) | |
| For: HUMANIZED IMMUNOGLOBULINS | ) | |

RECEIVED

MAR 20 1997

MATRIX CUSTOMER
SERVICE CENTER

Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

In response to the office action mailed February 13, 1997, reconsideration is requested in view of the following remarks.

In the claims

Please amend the claims as follows.  Unamended pending claims are reproduced in small type for ease of reference.

86.  A humanized immunoglobulin having complementarity determining regions (CDRs) from a donor immunoglobulin and heavy and light chain variable region frameworks from human acceptor immunoglobulin heavy and light chain frameworks, which humanized immunoglobulin specifically binds to an antigen with an affinity constant of at least $10^7$ $M^{-1}$ and no greater than about four-fold that of the donor immunoglobulin, wherein the sequence of the humanized immunoglobulin heavy chain variable region framework is at least 65% identical to the sequence of the donor immunoglobulin heavy chain variable region framework and comprises at least 70 amino acid residues identical to an acceptor human immunoglobulin heavy chain variable region amino acid sequence.

87.  A humanized immunoglobulin according to claim 86 which is an antibody comprising two light chain/heavy chain dimers.

88.  A humanized immunoglobulin according to claim 86 which specifically binds to an antigen with an affinity of at least $10^8$ $M^{-1}$.

Cary L. Queen et al.                                         PATENT
Application No.: 08/487,200
Page 2

89.   A humanized immunoglobulin according to claim 86 which is an
IgG$_1$ isotype.

90.   A humanized immunoglobulin according to claim 86, wherein the
acceptor immunoglobulin heavy and light chain frameworks are from the same human
antibody.

91.   A humanized immunoglobulin according to claim 90, wherein said
human antibody is the Eu human antibody.

9~~2~~.   (Twice amended)  A humanized immunoglobulin having
complementarity determining regions (CDRs) from a donor
immunoglobulin and heavy and light chain variable region
frameworks from acceptor immunoglobulin heavy and light chain
frameworks, which humanized immunoglobulin specifically binds to
an antigen with an affinity constant of at least [$10^7$] about $10^8$
M$^{-1}$ and no greater than about four-fold that of the donor
immunoglobulin, wherein the sequence of the acceptor
immunoglobulin heavy chain variable region framework is a
consensus sequence of human immunoglobulin heavy chain variable
region frameworks.

93.   A humanized immunoglobulin according to claim 92 which is an
antibody comprising two light chain/heavy chain dimers.

94.   A humanized immunoglobulin according to claim 92 which
specifically binds to an antigen with an affinity of $10^8$ M$^{-1}$ to $10^9$ M$^{-1}$.

95.   A pharmaceutical composition comprising a humanized
immunoglobulin of any one of claims 86-94 in a pharmaceutically acceptable
carrier.

96.   The humanized immunoglobulin of claim 86, wherein the
humanized immunoglobulin light chain variable region framework is at least 65%
identical to the sequence of the donor immunoglobulin light chain variable region
framework and comprises at least 70 amino acid residues identical to an acceptor
human immunoglobulin light chain variable region amino acid sequence.

97.   The humanized immunoglobulin of claim 86 or 92, wherein the
affinity constant is no greater than about two-fold that of the donor
immunoglobulin.

Cary L. Queen et al.                                    PATENT
Application No.: 08/487,200
Page 3

        98.    A method of producing the humanized immunoglobulin of claim 86
or 92, comprising:
        introducing DNA segments encoding the humanized immunoglobulin heavy and
light chains into a cell; and
        expressing the DNA segments in the cell to produce the humanized
immunoglobulin.

        99.    A method of producing a humanized immunoglobulin, comprising
the steps of:
        (1)    comparing the sequence of a donor immunoglobulin heavy chain
variable region against a collection of sequences of human heavy chain variable
regions;
        (2)  selecting a human heavy chain variable region from the
collection of human heavy chain variable regions to provide an acceptor heavy
chain variable region, wherein the selected variable region framework is at least
65% identical to the donor immunoglobulin heavy chain variable region framework;
        (3)  synthesizing a DNA segment encoding a humanized heavy chain
variable region, comprising CDRs from the donor immunoglobulin heavy chain
variable region and a variable region framework from the selected acceptor heavy
chain variable region;
        (4)  introducing the DNA segment encoding the humanized
immunoglobulin heavy chain variable region and a DNA segment encoding a humanized
immunoglobulin light chain variable region into a cell; and
        (5)  expressing the DNA segments in the cell to produce the humanized
immunoglobulin.

        100.   The method of claim 99, further comprising sequencing the
donor immunoglobulin heavy chain variable region.

        101.   A method of producing a humanized immunoglobulin, comprising
the steps of:
        (1)    comparing the sequence of a donor immunoglobulin light chain
variable region against a collection of sequences of human light chain variable
regions;
        (2)  selecting a human light chain variable region from the
collection of human light chain variable regions to provide an acceptor light
chain variable region, wherein the selected variable region framework is at least
65% identical to the donor immunoglobulin light chain variable region framework;
        (3)  synthesizing a DNA segment encoding a humanized light
variable region, comprising CDRs from the donor immunoglobulin light chain
variable region and a variable region framework from the selected acceptor light
chain variable region;
        (4)  introducing the DNA segment encoding the humanized
immunoglobulin light chain variable region and a DNA segment encoding a humanized
immunoglobulin heavy chain variable region into a cell; and

Cary L. Queen et al.                                  PATENT
Application No.: 08/487,200
Page 4

     (5) expressing the DNA segments in the cell to produce the humanized immunoglobulin.

     102. The method of claim 101, further comprising sequencing the donor immunoglobulin light chain variable region.

     103. The method of any one of claims 98-102 further comprising purifying the humanized immunoglobulin.

     104. The method of claim 103, further comprising formulating the purified humanized immunoglobulin in a pharmaceutically acceptable carrier.

Please add the following new claim.

     105. A humanized immunoglobulin having complementarity determining regions (CDRs) from a donor immunoglobulin and heavy and light chain variable region frameworks from acceptor immunoglobulin heavy and light chain frameworks, which humanized immunoglobulin specifically binds to an antigen with an affinity constant within about four-fold of that of the donor immunoglobulin, wherein the sequence of the acceptor immunoglobulin heavy chain variable region framework is a consensus sequence of human immunoglobulin heavy chain variable region frameworks.

## Remarks

     Claim 92, directed to a humanized immunoglobulin incorporating a heavy chain variable region framework consensus sequence, has been amended to recite a range of binding affinity from about $10^8$ $M^{-1}$ to within about four-fold of the donor antibody. New claim 105 is the same as claim 92 except that the binding affinity range is recited to be within about four-fold of the donor antibody. Support for the binding affinities now recited in the claims is provided at e.g., p. 5, lines 34-35.
     The remarks in the office action will now be addressed in turn.

Cary L. Queen et al.                                                    PATENT
Application No.: 08/487,200
Page 5

    A.  A substitute specification is in preparation and
will be provided under separate cover.

    B.  The Examiner requests copies of pertinent pages
from priority documents with respect to disclosure of a heavy
chain antibody consensus sequence.  The Examiner is advised that
USSN 07/310,252 filed Feb 13, 1989 discloses humanized antibodies
having framework sequences from a consensus of human antibodies
(see p. 10, last paragraph).  Further, the same application
teaches that both light and heavy chains can be humanized, and
that humanized antibodies can have affinities from about $10^8$ M$^{-1}$
and within about 4-fold of the donor immunoglobulin's original
affinity to the antigen (p. 4, last paragraph).  Support for the
recitation of $10^9$ M$^{-1}$ in claim 94 is provided at e.g., p. 7, line
14 of the '252 application.  Copies of pertinent pages from the
'252 application are attached.  The undersigned attests that
these pages were obtained from Townsend & Townsend & Crew's file
copy of USSN 07/310,252.

    C.  Claims 93-95 and 97-104 stand rejected as
anticipated by Foote.  The Examiner says Foote discloses
production of a heavy chain immunoglobulin using a consensus
region [actually Foote discusses combining CDR sequences from a
*light* chain with a consensus human framework].  The Examiner
requests evidence that Foote is not prior art in the form of a
letter from the publisher.
        In response, Applicants attach a letter from the
publisher stating that cited article was mailed in "Summer, 1989
(July or August)."  In fact, the date of availability may be
later than July or August, 1989 in view of the fact that
Applicants' copy of the reference was stamped "October 9, 1989"
by the recipient library.  An oral presentation apparently
relating to this article was given in Halle (Germany) between May
25 and May 28, 1988 (see publisher's letter and cover page of
Foote).

Cary L. Queen et al.                                                    <u>PATENT</u>
Application No.: 08/487,200
Page 6

The oral presentation in Germany is not citable as 35 USC §102(a) prior art against the present application.  Because the presentation was oral, it does not constitute a printed publication or patent under 35 USC 102(a).  Further, because the presentation was in Germany, it was not "known or used by others in this country" as required by §102(a).  In addition, it is unclear what was said in the oral presentation.

Although the letter from the publisher does not establish precisely when the cited Foote article became publicly available, it does establish that the article was not publicly available as of Feb 13, 1989, the filing date of priority application 07/310,252 (or Dec 28, 1988, the filing date of 07/290,975).  Accordingly, Foote is clearly not prior art against claims entitled to 35 USC §120 priority from 07/310,252.  For the reasons identified in B. above, it is submitted that claim 92 (directed to a humanized antibody incorporating a heavy chain consensus sequence) and dependent claims are entitled to a priority date of at least Feb. 13, 1989.  Thus, Foote is not properly citable as prior art and the rejection should be withdrawn.

Moreover, it is noted that claim 92 and dependent claims specify that the "sequence of the acceptor immunoglobulin heavy chain variable region framework is a consensus sequence of human immunoglobulin *heavy* chain variable region frameworks" (emphasis added).  Foote discusses only a light chain consensus sequence, so there is no anticipation of these claims.

Further, the Examiner appears to have overlooked the fact that claims 99-102 do not refer to consensus sequences, but do recite other distinguishing features over Foote.  Claims 99 and 100 require "comparing the sequence of a donor immunoglobulin heavy chain variable region against a collection of sequences of human heavy chain variable regions."  Claims 101 and 102 specify an analogous step for the donor immunoglobulin light chain variable region.  The Examiner has not alleged that these comparing steps are disclosed or suggested by Foote.

For these reasons, all of the claims either have priority antedating Foote or are distinguished over Foote, or

Cary L. Queen et al.                                      PATENT
Application No.: 08/487,200
Page 7

both.  Thus, it is respectfully submitted that the rejection
should be withdrawn.

         D.  Claims 86-120 stand rejected under 35 USC 102(a) as
anticipated by Huston.  The Examiner says Huston discloses
altering two residues outside the CDR region in the humanization
of an antibody (citing to Fig. 3 and column 13, lines 38-46).
The Examiner says that one would reasonably conclude that
altering these two residues would result in an antibody having
the affinity recited in the claims.  This rejection is
respectfully traversed.

         It is believed that the Examiner may be under a
misapprehension that the present claims recite substitution of
amino acids outside CDR regions, as is the case for some of the
claims for a copending case which is being prosecuted
concurrently.  In fact, the present claims all recite other
important features, which the Examiner has not alleged to be
disclosed or suggested by Huston.

         For example, independent claim 86 requires that the
"sequence of the humanized immunoglobulin heavy chain variable
region framework is at least 65% identical to the sequence of the
donor immunoglobulin heavy chain variable region framework."
Independent claim 92 requires that the "acceptor immunoglobulin
heavy chain variable region framework is a consensus sequence of
human immunoglobulin heavy chain variable region frameworks."
Independent claims 99 and 100 refer to steps of comparing donor
heavy or light chain variable regions against a collection of
sequences of human heavy or light chain variable regions (as
discussed in connection with Foote).  All other claims depend
directly or indirectly from one of these independent claims.
None of the noted features is disclosed or suggested by Huston.
Accordingly, it is respectfully submitted that the rejection
should be withdrawn.

         It is submitted that Huston's alleged disclosure with
respect to substituting amino acids outside CDR regions is not
relevant to the present claims, which do not refer to such
substitutions.  Nevertheless, it is noted for the present record

Cary L. Queen et al.                                          <u>PATENT</u>
Application No.: 08/487,200
Page 8

that there are numerous defects in Huston's alleged disclosure
which are discussed in full in a response in the noted copending
case.

      If the Examiner believes a telephone conference would
expedite prosecution of this application, please telephone the
undersigned at (415) 326-2400.

                              Respectfully submitted,

                              *Joe Liebeschuetz*

                              Joe Liebeschuetz
                              Reg. No. 37,505

                              William M. Smith
                              Reg. No. 30,223

TOWNSEND and TOWNSEND and CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, California  94111-3834
Tel.: (415) 326-2400
Fax:  (415) 326-2422

# EXHIBIT 27

PATENT

Attorney Docket No. 11823-002640

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:          )

CARY L. QUEEN et al.           )    Examiner:  J. Reeves, Ph.D.
                               )
Serial No.: 08/474,040         )    Art Unit: 1806
                               )
Filed: June 7, 1995            )
                               )    RESPONSE
For: IMPROVED HUMANIZED        )
     IMMUNOGLOBULINS           )

Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

          In response to the office action mailed February 13,
1997, please amend the application as follows.

In the Title

          Please insert --Polynucleotides Encoding-- before
"Improved Humanized Immunoglobulins"

In the Claims

          Please cancel claim 97 without prejudice.
          Please amend the claims as follows.  Unamended pending
claims are reproduced in small type for ease of reference.



          96.  (Twice amended)  First and second polynucleotides
respectively encoding heavy and light chain variable regions of a
humanized immunoglobulin having complementarity determining
regions (CDRs) from a donor immunoglobulin and heavy and light
chain variable region frameworks from human acceptor
immunoglobulin heavy and light chain frameworks, which humanized
immunoglobulin specifically binds to an antigen with an affinity
constant of at least about [10$^7$] 10$^8$ M$^{-1}$ and no greater than
about four-fold that of the donor immunoglobulin, wherein the

Cary L. Queen et al.                                          <u>PATENT</u>
Serial No.:  08/474,040
Page 2

sequence of the humanized immunoglobulin heavy chain variable
region framework is at least 65% identical to the sequence of the
donor immunoglobulin heavy chain variable region framework and
comprises at least 70 amino acid residues identical to those in
the acceptor human immunoglobulin heavy chain variable region
framework.

    87.    First and second polynucleotides according to claim 86,
wherein the humanized immunoglobulin binds to the antigen with an affinity
constant no greater than about two-fold that of the donor immunoglobulin.

    88.    First and second polynucleotides according to claim 86,
wherein the antigen is an interleukin-2 receptor or CD33 antigen.

    89.    First and second polynucleotides according to claim 86,
wherein the donor immunoglobulin is the anti-Tac antibody or the M195
antibody.

    90.    First and second polynucleotides according to claim 86,
wherein the acceptor immunoglobulin heavy and light chain frameworks are from
the Eu human antibody.

    91.    A vector comprising first and second polynucleotides
according to claim 86.

    92.    (Twice amended)  First and second polynucleotides
respectively encoding heavy and light chain variable regions of a
humanized immunoglobulin having complementarity determining
regions (CDRs) from a donor immunoglobulin and heavy and light
chain variable region frameworks from acceptor immunoglobulin
heavy and light chain frameworks, which humanized immunoglobulin
specifically binds to an antigen with an affinity constant of at
least <u>about</u>  [$10^7$] $\underline{10^8}$ $M^{-1}$ and no greater than about four-fold
that of the donor immunoglobulin, wherein the sequence of the
acceptor immunoglobulin heavy chain variable region framework is
a consensus sequence of human immunoglobulin heavy chain variable
region frameworks.

Cary L. Queen et al.                                    PATENT
Serial No.:  08/474,040
Page 3

93.    First and second polynucleotides according to claim 86 or 92 which are operably linked to promoters.

94.    A vector comprising first and second polynucleotides according to claim 92.



95.    (Twice amended) First and second polynucleotides respectively encoding heavy and light chain variable regions of a humanized immunoglobulin having complementarity determining regions (CDRs) from a donor immunoglobulin and heavy and light chain variable region frameworks from human acceptor immunoglobulin heavy and light chains, which humanized immunoglobulin specifically binds to an antigen with an affinity constant of at least about [$10^7$] $\underline{10^8}$ $M^{-1}$ and no greater than about four-fold that of the donor immunoglobulin, wherein said humanized immunoglobulin heavy chain comprises one or more amino acids from the donor immunoglobulin heavy chain framework outside the Kabat and Chothia CDRs, wherein the donor amino acids substitute for corresponding amino acids in the acceptor immunoglobulin heavy chain framework, and each of these said donor amino acids:

(I)    is adjacent to a CDR in the donor immunoglobulin sequence, or

(II)   contains an atom within a distance of 6 Å of a CDR in said humanized immunoglobulin.

96.    First and second polynucleotides according to claim 95 or 117 which are operably linked to promoters.

98.    First and second polynucleotides according to claim 95 or 117, wherein the antigen is a human interleukin-2 receptor or CD33 antigen.

99.    First and second polynucleotides according to claim 95 or 117, wherein the donor immunoglobulin is the anti-Tac antibody or the M195 antibody.

100.   A vector comprising first and second polynucleotides according to claim 95.

Cary L. Queen et al.                                           PATENT
Serial No.:  08/474,040
Page 4

101.   A cell line transfected with a vector according to claim 91, 94, 100, or 118.

102.   A cell line comprising first and second polynucleotides according to any one of claims 86, 92, 95, or 117, which polynucleotides are expressed to produce the humanized immunoglobulin.

103.   A method of producing an immunoglobulin comprising expressing first and second polynucleotides according to claim 95 or 117 in a cell.

104.   First and second polynucleotides according to claim 95, wherein the second polynucleotide encodes a mature light chain variable region of the humanized immunoglobulin having the sequence:
D I Q M T Q S P S T L S A S V G D R Y T I T C S A S S S I S Y M H W Y Q Q K P
G K A P K L L I Y T T S N L A S G V P A R F S G S G S G T E F T L T I S S L Q
P D D F A T Y Y C H Q R S T Y P L T F G Q G T K V E V K.

105.   First and second polynucleotide according to claim 104, wherein the second polynucleotide has the sequence:
GATATTCAGATGACCCAGTCTCCATCTACCCTCTCTGCTAGCGTCGGGGATAGGG
TCACCATAACCTGCTCTGCCAGCTCAAGTATAAGTTACATGCACTGGTACCAGCAGAAGC
CAGGCAAAGCTCCCAAGGTTCTAATTTATACCACATCCAACCTGGCTTCTGGAGTCCCTG
CTCGCTTCAGTGGCAGTGGATCTGGGACCGAGTTCACCCTCACAATCAGCTCTCTGCAGC
CAGATGATTTCGCCACTTATTACTGCCATCAAAGGAGTACTTACCCACTCACGTTCGGTC
AGGGGACCAAGGTGGAGGTCAAA.

106.   First and second polynucleotides according to claim 95, wherein the first polynucleotide encodes a mature heavy chain variable region of the humanized immunoglobulin having the sequence:
Q V Q L V Q S G A E V K K P G S S V K V S C K A S G Y T F T S Y R M H W V R Q
A P G Q G L E W I G Y I N P S T G Y T E Y N Q K F K D K A T I T A D E S T N T
A Y M E L S S L R S E D T A V Y Y C A R G G G V F D Y W G Q G T L V T V S S.

107.   First and second polynucleotides according to claim 106, wherein the first polynucleotide has the sequence:
CAGGTCCAGCTTGTCCAGTCTGGGGCTGAAGTCAAGAAACCTGGCTCGAGCGTGAAGGTCTCCTGCAAGGCTTCTGGC
TACACCTTTACTAGCTACAGGATGCACTGGGTAAGGCAGGCCCCTGGACAGGGTCTGGAATGGATTGGATATATTAAT
CCGTCGACTGGGTATACTGAATACAATCAGAAGTTCAAGGACAAGGCAACAATTACTGCAGACGAATCCACCAATACA
GCCTACATGGAACTGAGCAGCCTGAGATCTGAGGACACCGCAGTCTATTACTGTGCAAGAGGGGGGGGGGGGTCTTTGAC
TACTGGGGCCAAGGAACCCTGGTCACAGTCTCCTCA.

Cary L. Queen et al.                                          PATENT
Serial No.:  08/474,040
Page 5

108.  First and second polynucleotides according to claim 95,
wherein the second polynucleotide encodes a mature light chain variable region
of the humanized immunoglobulin having the sequence:
D I Q M T Q S P S S L S A S V G D R V T I T C R A S E S V D N Y G
I S F M N W F Q Q K P G K A P K L L I Y A A S N Q G S G V P S R F
S G S G S G T D F T L T I S S L Q P D D F A T Y Y C Q Q S K E V P
W T F G Q G T K V E I K.

109.  First and second polynucleotides according to claim 95,
wherein the first polynucleotide encodes a mature heavy chain variable region
of the humanized immunoglobulin having the sequence:
Q V Q L V Q S G A E V K K P G S S V K V S C K A S G Y T F T D Y N
M H W V R Q A P G Q G L E W I G Y I Y P Y N G G T G Y N Q K F K S
K A T I T A D E S T N T A Y M E L S S L R S E D T A V Y Y C A R G
R P A M D Y W G Q G T L V T V S S.

110.  First and second polynucleotides according to any one of
claims 86, 92 or 95, wherein the sequence of the humanized immunoglobulin
light chain variable region framework is at least 65% identical to the
sequence of the donor immunoglobulin light chain variable region framework and
comprises at least 70 amino acid residues identical to those in the acceptor
human immunoglobulin light chain variable region framework.

111.  First and second polynucleotides according to any one of
claims 86, 92 or 95, wherein the sequence of the acceptor immunoglobulin light
chain variable region framework is a consensus sequence of human
immunoglobulin light chain variable region frameworks.

112.  First and second polynucleotides according to any one of
claims 86, 92 or 95, wherein the humanized light chain comprises one or more
amino acids from the donor immunoglobulin light chain framework outside the
Kabat and Chothia CDRs, wherein the donor amino acids substitute for
corresponding amino acids in the acceptor immunoglobulin light chain
framework, and each of said donor amino acids:
        (I)   is adjacent to a CDR in the donor immunoglobulin sequence,
or
        (II)  contains an atom within a distance of 6 Å of a CDR in said
humanized immunoglobulin.

113.  First and second polynucleotides according to claim 95,
wherein each of said donor amino acids:
        (I)   is adjacent to a CDR in the donor immunoglobulin sequence,
or

Cary L. Queen et al.                                    <u>PATENT</u>
Serial No.:  08/474,040
Page 6

 (II)  contains an atom within a distance of 5 Å of a CDR in said humanized immunoglobulin.

 114.  First and second polynucleotides according to claim 95, wherein each of said donor amino acids:

 (I)   is adjacent to a CDR in the donor immunoglobulin sequence, or

 (II)  contains an atom within a distance of 4 Å of a CDR in said humanized immunoglobulin.

 115.  First and second polynucleotides according to claim 86 or 92, wherein the heavy chain of the humanized immunoglobulin comprises one or more amino acids from the donor immunoglobulin heavy chain framework outside the Kabat and Chothia CDRs, wherein the donor amino acids substitute for corresponding amino acids in the acceptor immunoglobulin heavy chain framework, and each of these said donor amino acids:

 (I)   is adjacent to a CDR in the donor immunoglobulin sequence, or

 (II)  contains an atom within a distance of 6 Å of a CDR in said humanized immunoglobulin.

 116.  First and second polynucleotides according to claim 86 or 95, wherein said humanized immunoglobulin heavy chain further comprises an amino acid from the donor immunoglobulin heavy chain framework outside the Kabat and Chothia CDRs that substitutes for the corresponding amino acid in the acceptor immunoglobulin heavy chain framework, wherein said amino acid is typical for its position in human immunoglobulin sequences and said corresponding amino acid in the acceptor immunoglobulin is rare for its position in human immunoglobulin sequences.

 117.  (Amended) First and second polynucleotides respectively encoding heavy and light chain variable regions of a humanized immunoglobulin having complementarity determining regions (CDRs) from a donor immunoglobulin and heavy and light chain variable region frameworks from human acceptor immunoglobulin heavy and light chains, which humanized immunoglobulin specifically binds to an antigen with an affinity constant of a least <u>about</u> [10⁷] <u>10<sup>8</sup></u> M⁻¹ and no greater than about four-fold that of the donor immunoglobulin, wherein said humanized immunoglobulin heavy chain comprises one or more amino acids from the donor immunoglobulin heavy chain framework outside

D4

Cary L. Queen et al.                                    PATENT
Serial No.:  08/474,040
Page 7

the Kabat and Chothia CDRs that substitute for the corresponding
amino acids in the acceptor immunoglobulin heavy chain framework,
wherein each of these said donor amino acids:

        (I)  is adjacent to a CDR in the donor immunoglobulin
sequence, or

        (II) is capable of interacting with amino acids in the
CDRs, or

        (III) is typical at its position for human
immunoglobulin sequences, and the substituted amino acid in the
acceptor is rare at its position for human immunoglobulin
sequences.

        118.  A vector comprising first and second polynucleotides
according to claim 117.

        119.  First and second polynucleotides according to any one of
claims 86, 92, 95 or 117, wherein the polynucleotides are contained within an
expression vector.

        120.  First and second polynucleotides according to any one of
claims 86, 92, 95, or 117, wherein the first polynucleotide and the second
polynucleotide are contained in separate vectors.

Please add the following new claims:

        25  121.  First and second polynucleotides respectively
encoding heavy and light chain variable regions of a humanized
immunoglobulin having complementarity determining regions (CDRs)
from a donor immunoglobulin and heavy and light chain variable
region frameworks from human acceptor immunoglobulin heavy and
light chain frameworks, which humanized immunoglobulin
specifically binds to an antigen with an affinity constant within
about four-fold of that of the donor immunoglobulin, wherein the
sequence of the humanized immunoglobulin heavy chain variable
region framework is at least 65% identical to the sequence of the
donor immunoglobulin heavy chain variable region framework and
comprises at least 70 amino acid residues identical to those in
the acceptor human immunoglobulin heavy chain variable region
framework.

Cary L. Queen et al.                                    <u>PATENT</u>
Serial No.:  08/474,040
Page 8



36 ~~121~~.  First and second polynucleotides respectively
encoding heavy and light chain variable regions of a humanized
immunoglobulin having complementarity determining regions (CDRs)
from a donor immunoglobulin and heavy and light chain variable
region frameworks from acceptor immunoglobulin heavy and light
chain frameworks, which humanized immunoglobulin specifically
binds to an antigen with an affinity constant within about four-
fold of that of the donor immunoglobulin, wherein the sequence of
the acceptor immunoglobulin heavy chain variable region framework
is a consensus sequence of human immunoglobulin heavy chain
variable region frameworks.

37 ~~123~~.  First and second polynucleotides respectively
encoding heavy and light chain variable regions of a humanized
immunoglobulin having complementarity determining regions (CDRs)
from a donor immunoglobulin and heavy and light chain variable
region frameworks from human acceptor immunoglobulin heavy and
light chains, which humanized immunoglobulin specifically binds
to an antigen with an affinity constant within about four-fold of
the donor immunoglobulin, wherein said humanized immunoglobulin
heavy chain comprises one or more amino acids from the donor
immunoglobulin heavy chain framework outside the Kabat and
Chothia CDRs, wherein the donor amino acids substitute for
corresponding amino acids in the acceptor immunoglobulin heavy
chain framework, and each of these said donor amino acids:
         (I)   is adjacent to a CDR in the donor immunoglobulin
sequence, or
         (II) contains an atom within a distance of 6 Å of a CDR
in said humanized immunoglobulin.

<u>Remarks</u>
         The previous claims set has been amended to recited a
range of binding affinities from about $10^8$ M$^{-1}$ to within about
four-fold of the donor antibody.  New claims 121-123 parallel
previous claims 86, 92 and 95 except that the range of binding

Cary L. Queen et al.                          <u>PATENT</u>
Serial No.:  08/474,040
Page 9

affinities is recited to be within about four fold of the donor
antibody.  Support for the binding affinities now recited in the
claims is provided at e.g., p. 5, lines 34-35.

Cary L. Queen et al.                                    <u>PATENT</u>
Serial No.:  08/474,040
Page 10

<u>A.  Informalities</u>

A substitute specification is in preparation and will
be provided under separate cover.

The title has been amended as suggested by the
Examiner.  Applicants agree to make similar changes to the
Abstract.  However, since a substitute specification will be
provided, Applicants propose to incorporate these changes into
the substitute specification rather than amend the present
specification.

<u>B.  Priority for CD33 Antigen and M195 Antibody</u>

The Examiner requests copies of pertinent pages from
priority documents disclosing the humanized M195 antibody and
CD33 with an affinity within the range recited by claims 86 and
95.  The Examiner is advised that CD33 and humanized M195 was
disclosed in USSN 07/634,278, filed December 19, 1990, from which
the present application derives priority.  The present
application has the same specification as '278, so it is believed
unnecessary to provide pages of the specification.

The claims to humanized M195 and other humanized
antibodies to CD33 are distinguished over Foote's article (of
record) so their priority relative to Foote is moot.  These
claims depend directly or indirectly from claim 88 or 95.  Claim
88 specifies that the "humanized immunoglobulin heavy chain
variable region framework is at least 65% identical to the
sequence of the donor immunoglobulin heavy chain variable region
framework."  Claim 95 requires a substitution of at least one
amino acid outside Kabat and Chothia CDR regions.  These features
are not disclosed or suggested by Foote.

<u>C.  Priority and Enablement for Heavy Chain Consensus Sequences</u>

The Examiner requests copies of pertinent pages from
priority documents with respect to disclosure of a heavy chain
antibody consensus sequence.  The Examiner is advised that USSN
07/310,252 filed Feb 13, 1989 discloses humanized antibodies
having framework sequences from a consensus of human antibodies

Cary L. Queen et al.                                    PATENT
Serial No.:  08/474,040
Page 11

(see p. 10, last paragraph).  Further, the same application
teaches that both light and heavy chains can be humanized, and
that humanized antibodies can have affinities from about $10^8$ $M^{-1}$
to about 4-fold of the donor immunoglobulin's original affinity
to the antigen (p. 4, last paragraph).  Copies of pertinent pages
are attached.  The undersigned attests that these pages were
obtained from Townsend & Townsend & Crew's file copy of USSN
07/310,252.  The claims have been revised to recite a lower limit
of about $10^8$ consistent with this disclosure.  New claims have
also been added, also consistent with the disclosure, in which
the lower and upper limits of affinity are within 4-fold of the
donor antibody.

D.  Rejection under 35 USC §102 with respect to Foote
        The Examiner alleges that Foote discloses the
production of a heavy chain humanized antibody containing a
consensus sequence [actually Foote discusses preparing a
humanized light chain containing a consensus sequence] that meets
the limitations of pending claims 92-94, 101-102, 112, 115, 119
and 120.  These claims are directed, in part, to polynucleotides
encoding humanized antibodies in which the humanized heavy chain
has a variable region framework of human immunoglobulin heavy
chain variable region frameworks.  The Examiner requests evidence
that Foote is not prior art.
        In response, Applicants attach a letter from the
publisher stating that the cited article was mailed in "Summer,
1989 (July or August)."  However, the date of availability may
actually have been later than July or August, 1989 in view of the
fact that Applicants' copy of the reference was stamped "October
9, 1989" by the recipient library.  An oral presentation
apparently relating to this article was given in Halle (Germany)
between May 25 and May 28, 1988 (see publisher's letter and cover
page of Foote).
        The oral presentation in Germany is not citable as 35
USC §102(a) prior art against the present application.  Because
the presentation was oral, it does not constitute a printed

Cary L. Queen et al.                                    <u>PATENT</u>
Serial No.: 08/474,040
Page 12

publication or patent under 35 USC 102(a).  Further, because the
presentation was in Germany, it was not "known or used by others
in this country" as required by §102(a).

        Although the letter from the publisher does not
establish precisely when the cited Foote article became publicly
available, it does establish that the article was not publicly
available until well after Feb 13, 1989, the filing date of
priority application 07/310,252 (or Dec 28, 1988, the filing date
of 07/290,975).  Accordingly, Foote is clearly not prior art
against claims entitled to 35 USC §120 priority from 07/310,252.
For the reasons identified in C. above, it is submitted that all
claims are entitled to a priority date of at least Feb. 13, 1989.
Thus, Foote is not properly citable as prior art and the
rejection should be withdrawn.

E.  <u>Rejection of claims 86-120 under 35 USC §103 as obvious over
Huston.</u>  The Examiner alleges Huston discloses altering two
residues outside CDR regions in the humanized antibody (citing to
Fig. 3 and column 13, lines 38-46).  The Examiner alleges that
one skilled in the art would reasonably conclude that altering
two residues (leucine and lysine) would result in an antibody
having the affinities recited in the claims.  The Examiner then
argues it would have been obvious to deduce and synthesize the
nucleic acids encoding Huston's amino acid sequences with a view
to producing antibodies in cells.  This rejection is respectfully
traversed.

        As a preliminary matter, it is noted that many of the
claims recite distinguishing features other than the substitution
of amino acids outside Kabat and Chothia CDR regions.  For
example, claim 86 (and dependent claims 87-91) requires that the
"humanized immunoglobulin heavy chain variable region framework
is at least 65% identical to the sequence of the donor
immunoglobulin heavy chain variable regions framework."  The
Examiner has not alleged that such is disclosed or suggested by
Huston, and, indeed it is not.  Further, claim 92 (and dependent
claims 93 and 94) require that the "sequence of the acceptor

immunoglobulin heavy chain variable region framework is a
consensus sequence of human heavy chain variable region
frameworks."  Again, the Examiner has not alleged that such
teaching is provided by Huston.

     With respect to other claims, it is also respectfully
submitted that the Examiner's alleged case of obviousness is
defective in relying on a hindsight reconstruction of the
demarcation between CDR and framework regions in the Huston
patent.  In Fig. 3, sequence 4 of Huston, the leucine and lysine
residues (occurring at positions 37 and 38), which the Examiner
alleges represent substitutions outside CDR regions, are shown
occurring within the CDR1 region.  In this sequence (and the
sequence above it in Fig. 3), Huston has underlined all of the
CDR regions.  The leucine and lysine residues in Fig. 3, sequence
4 unmistakably occur within an underlined region and, thus appear
to be CDR residues.  Further, the cited section of the Huston
patent text (column 13, lines 38-46) makes no references
whatsoever to substitution of amino acids outside CDR regions.
Accordingly, it is submitted that most skilled readers of the
Huston patent at the priority date would have seen no relevance
to the present claims directed to substitution of amino acids
outside CDR regions (see attached declaration of Dr. Vasquez, at,
e.g., paragraph 3).   Therefore, Huston would not have motivated
one to synthesize first and second polynucleotides encoding
immunoglobulin chains bearing at least one substitution outside
Chothia and Kabat CDRs, as presently claimed.

     Even assuming *arguendo* that a reader of the Huston
patent at the priority date of the application might have
reconstructed the demarcation of CDR and framework regions in
Fig. 3, sequence 4 so that positions 37 and 38 are viewed as
framework residues, a case of obviousness has still not been
established.  The office action's rejection is premised on an
unsupported assumption that "one skilled in the art would
reasonably conclude that altering two residues (leucine and
lysine) would result in an antibody having the affinities recited
in the claims.'  The Huston patent provides no indication that a

Cary L. Queen et al.                                    PATENT
Serial No.:  08/474,040
Page 14

humanized antibody was ever constructed, much less experimental
evidence that such an antibody retained specific binding affinity
for an antigen.  Nor can specific binding affinity be presumed
merely because Huston's antibody sequences appear in a US patent.
The presumption of validity under 35 USC §282 applies only to the
issued Huston claims, which claims are directed to certain so-
called single-chain antibodies.  The sections of Huston relied on
by the Examiner are not reflected in the issued claims, so
enablement cannot be presumed.

        The attached declaration by Dr. Maximiliano Vasquez
also provides evidence that the assumption of specific binding
activity underlying the office action's rejection is incorrect.
To the contrary,  Dr. Vasquez concludes it is "very unlikely"
that an antibody formed from the purported humanized heavy and
light chain sequences discussed by Huston would bind with "usable
affinity" to its intended target (paragraph 7).  Dr. Vasquez
further concludes that the nature of the amino acid substitutions
in framework and CDR regions in Huston's purported humanized
heavy and light chains would not have allowed one to infer
principles for constructing other humanized antibodies.  Rather,
Dr. Vasquez concludes that a skilled scientist reading the Huston
patent would have been left in a state of "complete confusion of
how to make to humanized antibodies" (paragraph 12).

        Dr. Vasquez's conclusions are supported by *inter alia* a
detailed analysis of the relevant scientific literature and
theoretical principles.  With respect to Fig. 3, sequence 4, Dr.
Vasquez explains that the purported humanized heavy chain
sequence lacks a substitution at position 27 (within Chothia
CDR1) of the NEWM framework sequence (declaration at paragraph
9).  Dr. Vasquez then reviews prior published work showing that
substitution of this position is needed for retention of binding
affinity in humanized antibodies using a NEWM acceptor sequence
in the heavy chain.  Thus, Dr. Vasquez concludes that a humanized
antibody incorporating the heavy chain in Fig. 3, sequence 4
would not be expected to have usable binding affinity whatever
humanized light chain it is paired with.

Cary L. Queen et al.
Serial No.:  08/474,040
Page 15

Huston does not indicate which light chain he
contemplates expressing with Fig. 3, sequence 4.  However, for
purposes of his declaration, Dr. Vasquez assumes that the light
chain sequence in Fig. 4F of Huston was intended, as this is the
most plausible candidate.  Dr. Vasquez notes that Fig. 4F shows
CDRs from a kappa light chain grafted into a lambda light chain.
Dr. Vasquez explains that it is unlikely this arrangement would
be successful in view of significant structural differences
between kappa and lambda light chain variable regions
(declaration at paragraph 10).  This view is confirmed by a Dr.
Vasquez's survey of over 40 humanized antibodies reported in the
scientific literature in which not a single one incorporated
kappa CDRs into a lambda light chain sequence.  In view of these
defects in the light chain of Fig. 4F, as well as the defects in
the heavy chain of Fig. 3, sequence 4 noted above, Dr. Vasquez
concludes that an antibody formed from these two chains would
lack usable binding affinity.

Dr. Vasquez then discusses defects and anomalies in the
purported humanized heavy chain shown in Fig. 4E (declaration at
paragraph 11).  Dr. Vasquez notes that this is not the same heavy
chain sequence as that shown in Fig. 3, sequence 4 and, in
particular does not contain the leu lys residues at positions 37
and 38, specifically referred to by the Examiner.  Dr. Vasquez
then explains why it is "virtually impossible" that the sequence
in Fig. 4E would have significant binding activity.  However,
most importantly, Fig. 4E does not have the leu and lys residues
referred to by the Examiner at positions 37 and 38.  Thus, Fig.
4E has no apparent relevance to the present claims.

The above reasons explain Dr. Vasquez's conclusion that
it is very unlikely that the purported humanized heavy chain of
Fig. 3, sequence 4 with the light chain of Fig. 4F, or any other
light chain, would retain usable binding affinity (declaration at
paragraph 7).  These reasons, and the time and effort required to
synthesize and express a DNA sequence encoding a humanized heavy
chain, explain Dr. Vasquez's further conclusion that a scientist
would not have gone to the trouble of making a polynucleotide

Cary L. Queen et al.                                                    <u>PATENT</u>
Serial No.:  08/474,040
Page 16

encoding Fig. 3, sequence 4 (declaration at paragraph 7).  The
defects and anomalies in each of the purported humanized
sequences mentioned in Huston (i.e., Fig. 3, sequence 4, Fig. 4E
and Fig. 4F) combined with the lack of any explanation in the
text of the patent account for Dr. Vasquez's final conclusion
that no general principles or strategy for constructing other
humanized antibodies can be inferred from Huston (declaration at
paragraph 12).

        It is noted that Dr. Vasquez has personally
participated in the design of about 20 humanized antibodies, has
published numerous scientific papers on structural prediction of
antibodies, and has access to state-of-the-art antibody modelling
equipment and software at Protein Design Labs, Inc., the assignee
of the present application and a world-renowned institution in
this field.  Accordingly, Dr. Vasquez's conclusions merit
appropriate deference.  For these reasons, it is respectfully
submitted that the rejection should be withdrawn.

        If the Examiner believes that a telephone conference
would clarify the above discussion, please telephone the
undersigned at (415) 326-2400.

                        Respectfully submitted,

                        Joe Liebeschuetz
                        Reg. No. 37,505

                        William M. Smith
                        Reg. No. 30,223

JOL:mos
TOWNSEND and TOWNSEND and CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, California  94111-3834
(415) 326-2400
\PDL\264.RE4