# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| PDL BIOPHARMA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-156-JJF |
| | ) | |
| ALEXION PHARMACEUTICALS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>NOTICE OF AMENDED SUBPOENA</u>

TO:    PDL BIOPHARMA, INC.

PLEASE TAKE NOTICE that pursuant to Rules 26, 34 and 45 of the Federal

Rules of Civil Procedure, Defendant Alexion Pharmaceuticals, Inc. has served a subpoena *duces*

*tecum* directed to Genentech, Inc., a copy of which is attached hereto.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Andrew A. Lundgren*

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
302-571-6600
*alundgren@ycst.com*

*Attorneys for Defendant Alexion Pharmaceuticals, Inc.*

OF COUNSEL:

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
Gregory A. Morris
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022
(212) 446-4800

Dated: July 10, 2008

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on July 10, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Karen Jacobs Louden, Esquire
>Morris Nichols Arsht & Tunnell LLP
>1201 North Market Street
>Wilmington, DE 19801

>Kevin S. Mann, Esquire
>Michael J. Joyce, Esquire
>Cross & Simon, LLC
>913 N. Market Street, 11th Floor
>Wilmington, DE 19801

I further certify that on July 10, 2008, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following in the manner indicated:

**BY E-MAIL**

>Matthew D. Powers, Esquire
>Vernon M. Winters, Esquire
>John D. Beynon, Esquire
>Weil, Gotshal & Manges LLP
>201 Redwood Shores Parkway
>Redwood Shores, CA 94065

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>Josy W. Ingersoll (No. 1088)
>Andrew A. Lundgren (No. 4429)
>Karen E. Keller (No. 4489)
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>alundgren@ycst.com
>
>*Attorneys for Defendant*

AO 88 (Rev. 01/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| **PDL BIOPHARMA, INC.** | **SUBPOENA IN A CIVIL CASE** |
| **V.** | CASE NUMBER:[1]   1:07-cv-156-JJF |
| **ALEXION PHARMACEUTICALS, INC.** | |

TO:  **Genentech, Inc.**
c/o Corporation Service Company, Registered Agent
2711 Centerville Road, Suite 400
Wilmington, DE  19808

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See attached Exhibit A.**

| PLACE | DATE AND TIME |
|---|---|
| Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, 1000 West Street, P.O. Box 391, Wilmington, DE 19899-0391 | July 28, 2008-9:00a |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Andrew A. Lundgren*   Attorneys for Defendant Alexion Pharmaceuticals | July 10, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Andrew A. Lundgren, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-0391 (302) 571-6600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                        DATE                                    SIGNATURE OF SERVER

                                              _____
                                                    ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling.  Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1. "PDL" means PDL Biopharma, Inc., Protein Design Labs, Inc., and all of their corporate parents, corporate predecessors and past or present subsidiaries, affiliates, joint ventures, divisions, departments, officers, directors, principals, agents, and employees.

2. "You" or "your" means the entity to which this subpoena is directed, Genentech, Inc., and all of your corporate parents, corporate predecessors and past or present subsidiaries, affiliates, joint ventures, divisions, departments, officers, directors, principals, agents and employees, including, without limitation, Chugai Pharmaceutical Co., Ltd., Hoffmann-La Roche Inc., F. Hoffmann-La Roche, Ltd., and Roche Holdings.

3. "Document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure, including the original and every non-identical copy or reproduction in your possession, custody, or control, shall include any means for retaining information, whether electronic or otherwise, and shall also include electronically-stored information and tangible things under Fed. R. Civ. P. 34.

4. "Communication" means any transmission of information, such as via telephone, letters, telegrams, e-mail, face-to-face conversations, or any other means.

5. "Queen Patents" means U.S. Patents Nos. 5,693,761; 5,693,762; 6,180,370; 5,530,101; and 5,585,089, including all U.S. patent applications (without regard to whether the application matured into an issued patent), including parent or related applications, reissue applications, divisional applications, continuation, continuations-in-part, filed in support of or related to any such U.S. patent, as well as all foreign patents and foreign patent applications related to any such U.S. patent.

6. "Lawsuit" means the patent litigation regarding PDL's Patents Nos. 5,693,761; 5,693,762; and 6,180,370, captioned PDL BioPharma, Inc. v. Alexion Pharmaceuticals, Inc. (United States District Court, District of Delaware, Civil Action No. 07-156), in which Alexion Pharmaceuticals, Inc. has asserted that any or all of PDL's Queen Patents are invalid, not enforceable, and not infringed.

7. As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively so as to give the broadest meaning possible to the topics and definitions containing those words.

8. "Concerning" means referring to, relating to, embodying, containing, memorializing, evidencing, describing, reflecting, identifying, supporting, analyzing, discussing, mentioning, summarizing, or pertaining in any way to, in whole or in part, the stated subject matter.

9. The use of the singular form of any word includes the plural and vice versa.

10. To the extent that this subpoena requires you to provide confidential information and documents, attached is a copy of the Protective Order that governs all documents, things and testimony obtained through discovery in this litigation and that provides protections to maintain the confidentiality of documents, things and testimony that are designated as confidential by a non-party.

11. To the extent that this subpoena requests information that you contend is subject to the attorney-client privilege, work product immunity, or other ground for privilege, please identify such information on a privilege log by date, author, addressees and others who received or saw the original or copy, type of document or information, nature of the privilege or protection claimed, and a brief explanation of the basis for your claim of privilege or other protection.

## REQUESTS FOR THE PRODUCTION

You are commanded to produce and permit inspection and copying of the following documents:

## REQUEST NO. 1:

All documents concerning any communication with PDL regarding PDL's Queen Patents.

## REQUEST NO. 2:

All documents concerning any negotiations, consideration or communications with PDL regarding your decision of whether or not to enter into a license or other agreement with PDL concerning one or more of the Queen Patents.

## REQUEST NO. 3:

Any licenses or other agreements with PDL concerning the Queen Patents and/or humanized monoclonal antibodies, including, without limitation, Avastin™, Herceptin®, Xolair®, Raptiva®, Lucentis®, bevacizumab, trastuzumab, omalizumab, efalizumab, and ranibizumab, and any drafts, amendments, addenda, or changes thereto.

2

**REQUEST NO. 4:**

Documents sufficient to demonstrate any royalties, payments or other consideration paid or otherwise exchanged under any licenses or other agreements with PDL concerning the Queen Patents or humanized monoclonal antibodies.

**REQUEST NO. 5:**

All documents concerning any attempts by you or any other person to assess, reassess, or reevaluate whether PDL's Queen Patents are valid and enforceable, including, without limitation, any prior art or potential prior art to PDL's Queen Patents and all documents concerning any opposition proceeding to European Patent No. 451216B1.

**REQUEST NO. 6:**

All documents concerning any attempts by you or any other person to assess, reassess, or reevaluate whether any of your antibody products or methods infringe PDL's Queen Patents, including, without limitation, any products or methods under license with PDL.

**REQUEST NO. 7:**

All documents concerning any attempts by you or any other person to assess, reassess, or reevaluate whether any antibody products or methods developed, manufactured, sold or offered for sale by others infringe PDL's Queen Patents, including, without limitation, any antibody products in clinical testing.

**REQUEST NO. 8:**

All documents concerning any communication with PDL regarding the Lawsuit, Alexion Pharmaceuticals, Inc., or Soliris® (eculizumab).

**REQUEST NO. 9:**

All documents concerning any attempt by PDL to offer for sale, sell, or otherwise encumber the royalty streams from the Queen Patents.

**REQUEST NO. 10:**

Documents sufficient to show the method used by you to produce any humanized immunoglobulin products under license with PDL (*e.g.* Avastin™, Herceptin®, Xolair®, Raptiva®, Lucentis®, bevacizumab, trastuzumab, omalizumab, efalizumab, and ranibizumab), including, without limitation, documents sufficient to show the amino acid sequences of the human acceptors and/or non-human donors used to produce any such humanized immunoglobulin products.

**REQUEST NO. 11:**

Documents sufficient to show the composition, including amino acid sequences, of each of your humanized immunoglobulin products, including any antibody products under license with PDL (*e.g.* Avastin™, Herceptin®, Xolair®, Raptiva®, Lucentis®, bevacizumab, trastuzumab, omalizumab, efalizumab, and ranibizumab).

**REQUEST NO. 12:**

Documents sufficient to show any research and development activities concerning any humanized immunoglobulin products or methods used to produce any such products before December 19, 1990 by you, and the dates of such activities, including, without limitation, documents summarizing the development of the products and methods and documents showing the sequence, structure, method of construction, and characterization of any such products.

**REQUEST NO. 13:**

    Documents sufficient to show any efforts to conduct clinical trials concerning, commercialize or publicize any of the products and methods responsive to Request No. 12, including, without limitation, documents summarizing the development of the products and methods from conception to clinical trials, commercialization, or publication.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PDL BIOPHARMA, INC.,<br><br>          Plaintiff and Counter-<br>          Defendant,<br><br>    v.<br><br>ALEXION PHARMACEUTICALS, INC.,<br><br>          Defendant and Counter-<br>          Claimant. | C. A. No. 07-156 (***) |

## STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

1.    <u>Introduction</u>.

    1.1    Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff and Counter-Defendant, PDL BioPharma, Inc. ("PDL"), and Defendant and Counterclaimant, Alexion Pharmaceuticals, Inc. ("Alexion"), by and through their respective counsel, hereby stipulate to the following Stipulated Confidentiality Protective Order for the protection of confidential information, documents, and other things produced, served, or otherwise provided in this action by the parties or by non-parties:

    2.    <u>Designated Material</u>.

    2.1    Information, documents, material, testimony, and/or discovery responses may be designated pursuant to this Stipulated Confidentiality Protective Order by the person or entity producing, serving, filing, or lodging it or by any party to this action (the "Designating Party") if: (a) produced or served in this action, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or (b) filed or lodged with the Court. All such information, documents, material, testimony, and responses, and all information or material derived from it constitutes "Designated Material" under this Stipulated Confidentiality Protective Order.

2.2    Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all Designated Material shall be used only for purposes of this litigation, shall not be used for any business, patent prosecution, or governmental purpose, and shall not be used or disclosed by the party receiving the Designated Material except as provided under the terms of this Stipulated Confidentiality Protective Order.

3.    Access.

3.1    Materials Designated CONFIDENTIAL.    Subject to the limitations set forth in this Stipulated Confidentiality Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purposes of avoiding disclosure of proprietary or trade secret technical information and specifications, of avoiding invasions of individual privacy, and of protecting proprietary business and/or non-public financial information relating to the Designating Party's business, personal, or financial affairs.    Materials designated CONFIDENTIAL may be disclosed only to:

(a)    Any current officer, director, or employee of the party or entity that first designated the Designated Material as CONFIDENTIAL;

(b)    Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee, or recipient thereof;

(c)    "Outside Counsel" for the parties to this action, as well as the partners, associates, and employees of such counsel, and court reporters, videographers, graphics vendors, photocopy services, and translators retained by said counsel at arms length in the regular course of business, whose duties and responsibilities require access to that Confidential Information.    Unless otherwise expressly approved through written stipulation or order, Outside Counsel shall include only the law firms of:

(i)    Weil, Gotshal & Manges LLP, counsel of record for PDL;

(ii)    Morris, Nichols, Arsht & Tunnell LLP, counsel of record for PDL;

(iii)    Kirkland & Ellis LLP, counsel of record for Alexion; and

(iv)   Young, Conaway, Stargatt & Taylor, counsel of record for Alexion.

(d)   Non-party experts and consultants retained or employed by Outside Counsel to assist in the preparation of the case ("Outside Consultants"), to the extent reasonably necessary to render professional services in this action, subject to the disclosure requirements of Section 3.4;

(e)   Five (5) in-house counsel, officers and/or employees from each party, whose identity (including full name, title, professional address, affiliation and all other present employment and/or consultancies) shall first be fully designated in writing and a certification submitted pursuant to Section 4.1 signed by the in-house counsel, officer or employee, both to be served by hand or email on counsel for the opposing party at least five (5) business days prior to potential disclosure of Designated Materials marked CONFIDENTIAL to the Designating Party's in-house counsel, officers and/or employees ("Designees");

(i)   If any of the Designees ceases to be an officer and/or employee of the Designating Party, that party shall so notify the opposing party in writing, identifying the Designee's new employer and professional addresses and/or affiliations and all other present employment and/or consultancies, and shall either (A) certify that the departing Designee has not retained any CONFIDENTIAL materials, and at its option designate a replacement Designee consistent with the provisions of this section, or (B) notify the opposing party in writing of its intention to continue to use the designee as a consultant, in which case the opposing party may object to the continued use of the departed Designee under the provisions of Section 3.1(e)(ii).

(ii)   If the opposing party objects to disclosure of CONFIDENTIAL material to any Designee, the opposing party shall serve by email and United States mail its objection in writing to the Designating Party's counsel within five (5) business days of the designation.   The parties shall meet and confer to resolve any objections informally. If objections are made but not resolved informally, the opposing party may move within ten (10)

business days following its notice of objection for a protective order preventing disclosure of CONFIDENTIAL materials to the Designees to which it has timely objected.  In the event the opposing party brings such a motion, it shall bear the burden of proving that the disclosure of CONFIDENTIAL materials to any Designee would cause the opposing party unwarranted prejudice, annoyance, embarrassment or oppression.  Such Designee(s) cannot have access to the Designated Material until the relevant time periods (including any timely pending motion) expire.

        (f)     The Court and Court personnel.

    3.2   <u>Materials Designated OUTSIDE ATTORNEYS AND CONSULTANTS ONLY</u>.  Subject to the limitations in this Stipulated Confidentiality Protective Order, Designated Materials may be marked "OUTSIDE ATTORNEYS AND CONSULTANTS ONLY".  Information appropriate for designation as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY presumptively include:

- documents reflecting unpublished research and development efforts within PDL or Alexion that have not been disseminated outside of either company, except under written confidentiality obligations that still apply to the materials;

- any unpublished, pending or contemplated United States or foreign patent application, PCT application or any such continuation of any issued patent of either party;

- the parties' non-public, proprietary information that is not published or otherwise disseminated outside of either company, except under written confidentiality obligations that still apply to the materials;

- invention disclosures not currently subject to any aforementioned patient applications; and

- financial projections, sales volumes, costs, profit margins, and other financial trade secrets.

Information not described in the preceding sentence shall be rebuttably presumed not to be appropriate for OUTSIDE ATTORNEYS AND CONSULTANTS ONLY designation. OUTSIDE ATTORNEYS AND CONSULTANTS ONLY materials can only be reviewed by or disclosed to:

> (a)     Any current officer, director, or employee of the party or entity that designated the Designated Material as OUTSIDE ATTORNEYS and CONSULTANTS ONLY;

> (b)     Persons who appear on the face of Designated Materials marked OUTSIDE ATTORNEYS AND CONSULTANTS ONLY as an author, addressee, or recipient thereof;

> (c)     Outside Counsel for the parties to this action as defined above, who are not "associated with the filing and prosecution of a patent application" as that phrase is used in 37 C.F.R. § 1.56 and the case law interpreting it;

> (d)     Non-party experts and consultants retained or employed by Outside Counsel to assist in the preparation of the case ("Outside Consultants"), to the extent reasonably necessary to render professional services in this action, subject to the disclosure requirements of Section 3.4.

> (e)     The Court and Court personnel.

3.3     If any party wishes to disclose information or materials designated under this Protective Order as CONFIDENTIAL, or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY to any Outside Consultant, it must first identify that individual to the attorneys for the Designating Party and submit a certification pursuant to Section 4.2 signed by the Outside Consultant. Such identification shall at least include the full name and professional address and/or affiliation of the individual, his or her prior employment, consultancies and testimony for the previous five years, and all of the person's other present employment and consultancies in the field of recombinant DNA and monoclonal antibody technologies for developing novel therapeutic agents or to the production of non-immunogenic antibodies for a

predetermined antigen antibodies. The Designating Party shall have seven (7) business days from receipt of such identification and signed certification to object in writing to disclosure to any individual so identified. The parties shall confer in an attempt to resolve any objections informally, and approval by the Designating Party shall not be unreasonably withheld. If the objections cannot be resolved, the objecting party may move within ten (10) business days following its objection for a protective order preventing disclosure of CONFIDENTIAL, or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY materials to the individual. If such a motion is made, the party seeking to prohibit disclosure shall bear the burden of proving that the disclosure is inappropriate. Such outside Consultant(s) cannot have access to Designated Material until the relevant time periods (including resolution of any timely pending motion) expire.

    4.    <u>Certificates Concerning Designated Materials</u>.

    4.1    Each person other than Outside Counsel, as defined above, to whom any Designated Material may be disclosed pursuant to this Stipulated Confidentiality Protective Order shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Stipulated Confidentiality Protective Order and shall certify under penalty of perjury that he or she has carefully read the Stipulated Confidentiality Protective Order and fully understands its terms and agrees to be bound thereby. This certificate shall be in the form attached as Exhibit A. Counsel who make any disclosure of Designated Materials shall retain each original executed certificate.

    4.2    In addition, each Outside Consultant to whom any Designated Material will be disclosed shall, prior to disclosure of such material, execute the Certification of Consultant in the form attached hereto as Exhibit A. Counsel who makes any disclosure of Designated Materials shall retain each original executed Certification of Consultant.

    5.    <u>Use Of Designated Materials By Designating Party</u>.

    5.1    Nothing in this Stipulated Confidentiality Protective Order shall limit any Designating Party's use of its own documents and information nor shall it prevent the

Designating Party from disclosing its own confidential information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Stipulated Confidentiality Protective Order, so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

6.    Designating Materials.

6.1    Documents, materials and discovery responses, in whole or in part, may be designated as CONFIDENTIAL or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY as follows:

(a)    The producing or responding party shall designate materials by placing the legend CONFIDENTIAL or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY on each page of the materials prior to production.

(b)    When a party wishes to designate as CONFIDENTIAL or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY materials produced by another person or entity, such designation shall be made:

(i)    Within fourteen (14) days from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

(ii)    By notice to all parties to this action and to the producing party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material).    Such notice shall be sent by email and regular mail.

(iii)    Such designation by the non-producing party shall not affect the producing party's access to the Designated Material.

6.2    Upon notice of such designation by a person or entity other than the producing party, all persons receiving notice of the requested designation of materials shall:

(a)    Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Stipulated Confidentiality Protective Order;

(b)    Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Stipulated Confidentiality Protective Order; and

(c)    Take reasonable steps to reclaim or prevent access to such Designated Material or information in the possession or control of any person not permitted to have access under the terms of this Stipulated Confidentiality Protective Order.

7.    <u>Designating Depositions.</u>

7.1    Deposition testimony and transcripts or portions thereof may be designated as CONFIDENTIAL or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY by a party during deposition testimony taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as CONFIDENTIAL or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY.

7.2    Where testimony is designated at a deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Stipulated Confidentiality Protective Order to receive such Designated Material.

7.3    Any party may, within fifteen (15) days after receiving an official copy (i.e., not a "rough" or ASCI copy) of a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material. If any party so designates such material, the parties or deponents shall provide written notice of such designation to all parties within the fifteen day period. Designated Material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions CONFIDENTIAL or OUTSIDE ATTORNEYS AND CONSULTANTS ONLY. Until the expiration of the fifteen day period, any portion of the deposition not previously designated shall be treated as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY and subject to protection as provided by this Stipulated Confidentiality Protective Order. After the expiration of the fifteen day period, if no party or deponent has timely designated any additional material, then such undesignated transcript and/or exhibits may be disclosed without restriction.

8.    Copies.

8.1    All complete or partial copies of Designated Materials shall also be deemed subject to the terms of this Stipulated Confidentiality Protective Order.

9.    Court Procedures.

9.1    Disclosure of Designated Material to Court Officials.    Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court) and the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

9.2    Filing Designated Materials with the Court.    In applications and motions to the Court, all Designated Material lodged or filed with the Court shall be lodged or filed in a sealed envelope or container on which shall be affixed a cover sheet, which shall contain an indication of the nature of the contents, and prominently display the notation "**DOCUMENT FILED UNDER SEAL**," and a statement substantially as follows:

(a)    **THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A STIPULATED CONFIDENTIALITY PROTECTIVE ORDER ENTERED IN THIS ACTION.    IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.**

9.3    The submission shall indicate clearly which portions are Designated Materials.    The parties shall comply with all applicable Local Rules, Orders, or Standing Orders in filing or lodging Designated Material.    The notation "**DOCUMENT FILED UNDER SEAL**" shall also be made on the document itself, as well as on the cover sheet.

9.4    Failure to File Under Seal.    If any party fails to file or lodge Designated Materials under seal, the Designating Party or any party to this action may request that the Court place the Designated Materials under seal within five (5) days of the filing or lodging of said Designated Materials.

10.    Objections.

10.1    A party may challenge the propriety of any designation under this Stipulated Confidentiality Protective Order at any time.  A challenge may be made by serving on all other parties a written notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged and state the basis for each challenge ("Notice of Objection").   Service of a Notice of Objection shall be made by email and by mail.

10.2    The parties shall meet and confer in a good faith attempt to resolve the matter.  It shall be the burden of the designating persons(s) under such circumstances to establish that the information so designated is properly CONFIDENTIAL or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY within the meaning of this Stipulated Confidentiality Protective Order.  Unless and until the parties agree otherwise or the Court directs otherwise, such Designated Material shall continue to be treated as subject to the restrictions of this Stipulated Confidentiality Protective Order, except that if the Designating Party does not respond at all to the written notice of objections within twenty (20) days after service thereof, such objections shall be deemed justified and the challenged material shall be deemed de-designated.

11.    Client Communication.   Nothing in this Stipulated Confidentiality Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material.  In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose any Designated Material, except as permitted by this Stipulated Confidentiality Protective Order.

12.    No Prejudice.

12.1    This Stipulated Confidentiality Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

12.2    Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Stipulated Confidentiality Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

12.3    If any person required to produce documents inadvertently produces any Designated Material without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Stipulated Confidentiality Protective Order.    Upon receipt of such notice, the receiving party shall treat the inadvertently produced documents in accordance with new designation and return the inadvertently produced documents to the producing party.

12.4    Prior to the pretrial conference, the parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial.

12.5    Any inadvertent production of documents containing privileged information shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity from production.    Both parties specifically reserve the right to demand the return of any privileged documents that it may produce inadvertently during discovery if the producing party determines that such documents contain privileged information.    After receiving written notice of such inadvertent production by the producing party, the receiving party agrees to make reasonable and good faith efforts to locate and return to the producing party all such inadvertently produced documents within five (5) days.    Nothing in this provision shall preclude the party returning such information from making a motion to compel production of the returned information.

12.6    The restrictions as to use or dissemination of information or materials, set forth in any of the preceding paragraphs shall not apply as to:

(a)    Any information which at the time of the designation under this Stipulated Confidentiality Protective Order is available to the public;

Stipulated Confidentiality Protective Order    11

(b)     Any information which after designation under this Order becomes available to the public through no act, or failure to act, attributable to the receiving party or its counsel;

(c)     Any information which the receiving party, its counsel, or any recipient of Designated Material under this Order can show as a matter of written record was already known to the receiving party.

13.     <u>Modification and Survival</u>.

13.1     <u>Modification</u>.  All parties reserve the right to seek modification of this Stipulated Confidentiality Protective Order at any time for good cause.  The parties agree to meet and confer prior to seeking to modify this Stipulated Confidentiality Protective Order for any reason.  The restrictions imposed by this Stipulated Confidentiality Protective Order may only be modified or terminated by written stipulation of all parties or by order of this Court.

13.2     <u>Survival and Return of Designated Material</u>.     This Stipulated Confidentiality Protective Order shall survive termination of this action.   Upon final termination of the action, including appeals and retrials, and at the written request of the Designating Party, all Designated Material, including deposition testimony regarding designated exhibits and all copies thereof, shall be returned to Outside Counsel for the Designating Party (or, if such party is not represented by counsel, directly to the Designating Party) or, at the option of the Designating Party, destroyed.  Upon request for the return or destruction of Designated Materials, Outside Counsel for the receiving party shall certify their compliance with this provision and shall deliver such certification to Outside Counsel for the Designating Party not more than ninety (90) days after the written request to return or destroy Designated Materials.

13.3     <u>Archival Copies</u>.  Notwithstanding the provisions for return or destruction of Designated Material, Outside Counsel may retain pleadings, attorney and consultant work product, deposition transcripts and exhibits containing Designated Material, as well as one copy of each item of Designated Material for archival purposes.

14. <u>No Contract</u>. This Stipulated Confidentiality Protective Order is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

15. <u>Court's Retention of Jurisdiction</u>. The Court retains jurisdiction to make such amendments, modifications, and additions to this Stipulated Confidentiality Protective Order as it may from time to time deem appropriate.

16. <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated CONFIDENTIAL or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Karen Jacobs Louden (#2881)
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE   19899-1347
(302) 658-9200
klouden@mnat.com
*Attorneys for Plaintiff and Counter-
Defendant PDL BioPharma, Inc.*

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

/s/ Josy W. Ingersoll (#1088)
Josy W. Ingersoll (#1088)
Andrew A. Lundgren (#4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE   19899
(302) 571-6600
jingersoll@ycst.com
*Attorneys for Defendant and Counter-
Claimant Alexion Pharmaceuticals, Inc.*

SO ORDERED this _____ day of _____, 2007

_____
Magistrate Judge Mary J. Thynge

Stipulated Confidentiality Protective Order          13

# EXHIBIT A

## EXHIBIT A

**Certification Concerning Material Covered By Confidentiality Protective Order**

I, the undersigned, hereby certify that I have read the attached Stipulated Confidentiality Protective Order entered in the lawsuit before the United States District Court for the District of Delaware entitled *PDL Corporation v. Alexion Corporation,* Case No. C. A. No. 07-156. I understand the terms of this Stipulated Confidentiality Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court for the District of Delaware in any proceeding related to the enforcement of this Stipulated Confidentiality Protective Order, including any proceedings related to contempt of Court. I will not disclose Designated Materials marked CONFIDENTIAL or as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY to anyone other than persons specially authorized by the Order and agree to return all such material which come into my possession to counsel from whom I received such materials.

Name of Individual:_____

Present occupation/job description:_____

_____

Name of Company or Firm:_____

Address:_____

Telephone No.:_____

Relationship to this action and its parties:_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    _____
                                    Signature

Stipulated Confidentiality Protective Order

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PDL BIOPHARMA, INC.                  )
                                     )
            Plaintiff,               )
                                     )
      vi.                            )      C. A. No. 07-156 (***)
                                     )
ALEXION PHARMACEUTICALS, INC.,       )
                                     )
            Defendant.               )

## ADDENDUM TO STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

Upon the motion of all parties pursuant to Rule 26(c) of the Federal Rules of Civil Procedure it is hereby ORDERED that:

1.    Paragraph 3.2 of the Stipulated Confidentiality Protective Order entered into on September 5, 2007, shall be amended by inserting after "[i]nformation appropriate for designation as OUTSIDE ATTORNEYS AND CONSULTANTS ONLY presumptively include:"

- internal Lonza Biologics, Inc. ("Lonza") documents that have not been exchanged with PDL or Alexion, except under written confidentiality obligations that still apply to the materials;

2.    The term "parties," "PDL," "Alexion," or "Designating Party," included in the Stipulated Confidentiality Protective Order entered into on September 5, 2007, shall equally apply to Lonza so that the terms of the protective order apply to all Lonza documents produced under this protective order.

SO ORDERED this _____ day of December, 2007.

_____
The Honorable Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE