# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

August 1, 2008

The Honorable Joseph J. Farnan Jr.         *VIA ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE  19801

    Re:    *PDL BioPharma, Inc. v. Alexion Pharmaceuticals, Inc.*
            C.A. No. 07-156 (JJF)

Dear Judge Farnan:

        On behalf of plaintiff, PDL BioPharma, Inc., we write in response to the Court's instruction to apprise "the Court of the status of their negotiations regarding PDL's proposed covenant" (D.I. 148 at 14 n.3) and to defendant Alexion Pharmaceuticals, Inc.'s letter of July 31, 2008 (D.I. 152).

        Alexion asks that the Court construe a term that, as Alexion acknowledges, does not appear in any of the claims that PDL is asserting: "hypervariable region." For two reasons, the Court does not need to construe that term at this juncture.

        *First*, pending before the Court is PDL's Motion to Dismiss Alexion's Declaratory Judgment Counterclaims as to Unasserted Patent Claims (D.I. 67). As PDL there explains, (1) as a matter of law, Alexion could not demonstrate the required injury-in-fact (D.I. 67 at 4-7) and (2) as a matter of fact, the unasserted claims were not part of PDL's complaint or interrogatory responses, and Alexion explicitly took the position in its interrogatory responses, for approximately one year in this litigation, that the unasserted claims were not part of the case (D.I. 67 at 8-9). The Court heard oral argument on that fully briefed motion (D.I. 86), and if the Court grants that motion, there is no need to entertain new briefing and oral argument on a claim term that is absent from the asserted claims.

        *Second*, if – but only if – the Court does not grant PDL's pending motion to dismiss, Alexion apparently disputes whether PDL's proposed covenant would moot any controversy that Alexion is trying to create regarding unasserted claims. PDL proposed covenant was that:

The Honorable Joseph J. Farnan Jr.
August 1, 2008
Page 2

       PDL, on behalf of itself and any successors-in-interest to its rights under the patents-in-suit, hereby unconditionally and irrevocably covenant not to assert that any activities by Alexion regarding its currently manufactured and FDA-approved humanized antibody, Soliris, as manufactured, sold, offered for sale and prescribed only for PNH, whether occurring before or after the date of this covenant, infringe any claim of the U.S. Patent Nos. 5,693,761, 5,693,762, and 6,180,370 except for the following claims [which are the asserted claims]:

| U.S. Patent No. | Asserted Claims |
| --- | --- |
| 5,693,761 | 1, 2, 6, 8, 17, 18, 26, 33, 35 |
| 5,693,762 | 1, 2, 3, 10, 11, 12, 13, 14, 16, 18, 19 |
| 6,180,370 | 1, 2, 5, 6, 25, 26, 27, 28 |

       PDL believes that the proposed covenant is co-extensive with Alexion's FDA approval for its accused humanized antibody, Soliris, and thus that the covenant would moot any controversy Alexion now posits is created by its counterclaims. Should the Court deny PDL's pending motion to dismiss for lack of subject matter jurisdiction (D.I. 67), PDL requests that the Court direct the parties to brief that issue. The Court need engage in additional claim construction only if (1) it denies the pending motion to dismiss for lack of subject-matter jurisdiction (D.I. 67); (2) it concludes after briefing that the proposed covenant is not sufficient; and (3) Alexion rejects any further covenant that PDL might propose in light of the Court's ruling on the effect of the existing proposed covenant.

       Finally, although Alexion's opening claim construction brief asserted that "framework substitutions" was one of "[t]wo key limitations of the patents-in-suit" (D.I. 96 at 4), we agree with Alexion that the Court need not construe that phrase.

                                        Respectfully,

                                          Jack B. Blumenfeld

JBB/dlb
cc:    Clerk of Court (Via Hand Delivery)
       John W. Shaw, Esquire (Via Electronic Mail and Hand Delivery)
       Gerald J. Flattman, Jr., Esquire (Via Electronic Mail)

2434621.1