IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PDL BIOPHARMA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-156-JJF |
| | ) | |
| ALEXION PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ALEXION'S RESPONSE TO PDL'S SUBMISSION OF SUPPLEMENTAL AUTHORITY UNDER D. DEL. LR 7.1.2(b) RELATING TO ITS MOTION TO DISMISS ALEXION'S DECLARATORY JUDGMENT COUNTERCLAIMS AS TO UNASSERTED CLAIMS**

Defendant Alexion Pharmaceuticals, Inc. ("Alexion") submits this response to Plaintiff PDL Biopharma, Inc.'s ("PDL") submission pursuant to D. Del. LR 7.1.2(b) regarding the recent decision in *Prasco, LLC v. Medicis Pharm. Corp.*, 2008 LEXIS 17329 (Fed. Cir. Aug 15, 2008).

In its submission to the Court, PDL attempts to support the position it took in its Motion to Dismiss Alexion's Declaratory Judgment Counterclaims as to Unasserted Patent Claims (D.I. 69) by selectively quoting from *Prasco*. In fact, *Prasco* is readily distinguishable on the facts from the instant case. Moreover, the core legal principles that underlie the Federal Circuit's reasoning in *Prasco* support Alexion's position that there is a present justiciable controversy as to the validity of all of the claims of the patents-in-suit.

In *Prasco*, the Federal Circuit reaffirmed the absence of any bright-line rule for determining the existence of a justiciable case or controversy. *See Prasco*, 2008 LEXIS 17329 at *8. The court stated that "[i]nstead of a bright-line rule 'the analysis must be calibrated to the

particular facts of each case.'" *Id.* (citing *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 879 (Fed. Cir. 2008)).

The particular facts of *Prasco* differ in key respects from the facts of this case. *Prasco* was a declaratory judgment action alleging only non-infringement of patents that defendants had never asserted. *Id.* at *3 n.1. Alexion's dispute with PDL is procedurally very different. PDL sued Alexion for infringing its patents generally, without singling out any particular claims in its pleadings. D.I. 1 at 6; *see also* D.I. 77. Alexion counterclaimed that the patents PDL asserted against it are invalid. D.I. 11, 45. Therefore, whereas "Prasco based its alleged Article III jurisdiction on two facts unrelated to the existence of [its product]," the Court's jurisdiction over Alexion's counterclaim arises directly out of PDL's express allegations that Alexion's Soliris® drug-product infringes the patents-in-suit. *Prasco*, 2008 LEXIS 17329 at *3.

Notably, the *Prasco* court underlined the fact that "following *MedImmune*, proving a reasonable apprehension of suit is one of multiple ways that a declaratory judgment plaintiff can satisfy the more general all-the-circumstances test to establish that an action presents a justiciable Article III controversy." *Id.* at *10. The Federal Circuit further elaborated that "'it is the *reality* of the threat of … injury that is relevant to the standing inquiry…'" *Id.* at *17 (citing *City of L.A. v. Lyons*, 461 U.S. 95 (1983) (emphasis in original)). Whereas the declaratory judgment plaintiff, Prasco, had little to no reason to believe that the defendants in that case had any intent to sue it, Alexion's apprehension of suit is based on an "affirmative act by the patentee" – PDL's complaint alleging infringement of the very same patents by the very same product. *Id.* at *18 (citing *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380-81 (Fed. Cir. 2007)).

2

The Federal Circuit agreed that in circumstances such as the ones in the present case a court unequivocally has jurisdiction. "If ... a party has actually been charged with infringement of the patent, there is, necessarily, a case or controversy adequate to support jurisdiction of a complaint...." *Id.* at *20-21 (citing *Cardinal Chem. Co v. Morton Int'l*, 508 U.S. 83, 96 (1993)). "And we have held that 'where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise.'" *Id.* at *21 (citing *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007)).

All of the required elements are present here: PDL asserted its patents against Alexion, its assertions are based on Alexion's ongoing and planned activities with respect to Soliris®, and Alexion openly contends that it does not need a license from PDL because, *inter alia*, those same patents are invalid. "In contrast, [in *Prasco*] the defendants have not accused Prasco of infringement or asserted any rights to Oscion™, nor have they taken any actions which imply such claims. Instead, all [the Federal Circuit had before it was] Prasco's allegation that its product does *not* infringe the defendants' patents." *Id.* at *21 (emphasis in original).

Further, PDL argues that a failure to stipulate to non-infringement is insufficient to create declaratory judgment jurisdiction. D.I. 156 at 2. But in *Prasco* the Federal Circuit regarded a failure to sign a covenant not to sue as "relevant" and as "one circumstance to consider in evaluating the totality of the circumstances." *Prasco*, 2008 LEXIS 17329 at *25-26.

Here, in view of the totality of the circumstances recited above, PDL's conduct with respect to the proposed covenant not to sue is revealing. First, PDL refuses to offer Alexion a comprehensive covenant not to sue for infringement of claims it originally asserted in its

complaint but subsequently termed "unasserted." As noted in Alexion's July 31, 2008 letter to the Court, PDL drafted its current proposed covenant so narrowly as to purposefully exclude, for instance, any other indications for the same composition of Alexion's drug Soliris®, made by the same methods.[1]

Second, PDL refuses to sign even its own, overly narrow, proposed covenant, instead asking the Court for an advisory opinion regarding whether its proposed covenant moots Alexion's counterclaim. D.I. 153 at 2. PDL goes so far as to call for the parties to engage in briefing the merits of a covenant that it has yet to provide. *Id.* Moreover, PDL is unwilling to provide a covenant not to sue unless it will ultimately serve PDL's dual purpose of insulating the claims from attack in this litigation while simultaneously preserving PDL's rights to assert those same claims against Alexion at a later date, if Alexion makes any modifications whatsoever to its current labeling or indications.

The totality of the circumstances in this case compels a finding of justiciable controversy with respect to Alexion's counterclaim of invalidity as to the so-called "unasserted" claims. PDL had asserted that Alexion infringes the very same patents the claims of which Alexion seeks to declare invalid, and PDL remains unwilling to provide Alexion with a comprehensive covenant not to sue for infringement of these claims. Therefore, Alexion respectfully reiterates its request that the Court deny PDL's Motion to Dismiss Alexion's Declaratory Judgment Counterclaims as to Unasserted Patent Claims (D.I. 69) and construe the term "hypervariable region" as set forth in Alexion's claim construction briefs.

---

[1] PDL is well aware of the development of additional indications for Soliris® based on Alexion's document production in this case.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew A. Lundgren*
_____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
302-571-6600
*alundgren@ycst.com*

*Attorneys for Defendant Alexion Pharmaceuticals, Inc.*

OF COUNSEL:

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022
(212) 446-4800

Dated: August 20, 2008

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on August 20, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> Karen Jacobs Louden, Esquire
> Morris Nichols Arsht & Tunnell LLP
> 1201 North Market Street
> Wilmington, DE  19801
>
> Kevin S. Mann, Esquire
> Michael J. Joyce, Esquire
> Cross & Simon, LLC
> 913 N. Market Street, 11th Floor
> Wilmington, DE  19801

I further certify that on August 20, 2008, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following in the manner indicated:

> **BY E-MAIL**
>
> Matthew D. Powers, Esquire
> Vernon M. Winters, Esquire
> John D. Beynon, Esquire
> Weil, Gotshal & Manges LLP
> 201 Redwood Shores Parkway
> Redwood Shores, CA  94065

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Andrew A. Lundgren
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
alundgren@ycst.com

*Attorneys for Defendant*