IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PDL BIOPHARMA, INC., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 07-156 (JJF) |
| ALEXION PHARMACEUTICALS, INC., | ) |
| Defendant. | ) |

**PDL'S REPLY TO ALEXION'S "RESPONSE"
TO PDL'S LOCAL RULE 7.1.2(B) SUBMISSION SUPPORTING
PDL'S MOTION TO DISMISS DECLARATORY JUDGMENT
COUNTERCLAIMS AS TO UNASSERTED CLAIMS**

The Federal Circuit's just-decided *Prasco* opinion affirmed a District Court's conclusion that declaratory judgment of non-infringement or invalidity was absent *Prasco, LLC v. Medicis Pharmaceutical Corp.*, 2008 U.S. App. LEXIS 17329 (Fed. Cir. Aug. 15, 2008). In its "response" (DI 160) to PDL's D. Del. LR 7.1.2(b) submission (DI 156) about *Prasco's* effect on PDL's pending motion to dismiss defendant's declaratory judgment counterclaims (DI 69 [brief] & 86 [transcript]), defendant makes three principal arguments – and ignores *Prasco's* main holding.

First, it argues that *Prasco* is not 'on all fours' with the facts of this case. (DI 160 at 2.) That misses the point; *Prasco* need not be 'on all fours' to be relevant or persuasive. The principles that *Prasco* confirmed in affirming dismissal are relevant to defendant's arguments opposing dismissal. (DI 156 [*passim*].)

Second, defendant's response attempts to avoid *Prasco's* rationale by constructing an argument based on the premise that defendant "counterclaimed that the

*patents* that PDL asserted against it are invalid." (DI 160 at 2 [emphasis supplied].) Not so. In fact, defendant counterclaimed ***only that PDL's asserted claims*** were invalid:

> **COUNTERCLAIMS**
>
> Defendant Alexion Pharmaceuticals, Inc. ("Alexion"), in Counterclaim against Plaintiff PDL Biopharma, Inc. ("PDL"), hereby alleges and avers as follows:
>
> 1. This is a declaratory judgment counterclaim for a declaration of noninfringement and invalidity of all of the asserted claims of U.S. Patent No. 5,693,761 ("the '761 patent"), U.S. Patent No. 5,693,762 ("the '762 patent"), and U.S. Patent No. 6,180,370 B1 ("the '370 patent"). This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

(DI 160 at 13.) Alexion's answering brief (DI 77) on PDL's motion to dismiss conceded that PDL is not asserting the claims that Alexion's declaratory judgment counterclaim seeks to pursue: "PDL has selectively chosen—so far—to pursue against Alexion only certain claims," i.e., the homology claims. (DI 77 at 11.)

Third, defendant's response argues in effect that a patentee has an obligation to sign a covenant not to sue. (DI 160 at 4 ["PDL remains unwilling to provide Alexion with a comprehensive covenant not to sue for infringement of these claims"].) *Prasco* flatly rejects that notion: "A patentee has no obligation to spend the time and money to test a competitors' product ***nor to make a definitive determination***, at the time and place of the competitors' choosing, ***that it will never bring an infringement suit.***" *Prasco*, 2008 U.S. App. LEXIS at * 25-26 (emphasis supplied).

Finally, defendant's response ignores *Prasco's* main teaching. *Prasco* affirmed "the bedrock rule that a case or controversy must be based on a ***real*** and ***immediate*** injury or threat of future injury that is ***caused by the*** [***opposing party***]."

2

*Prasco*, 2008 U.S. App. LEXIS at * 15 (emphasis in original). Defendant's response ignores this law. And it fails to point to any injury or threat thereof that is **_real_** or **_immediate_**. To the contrary, defendant's response effectively admits that its position is based on defendant's speculation and subjective fear that PDL **_might_** – at some unspecified **_future_** time – assert the unasserted claims. In particular, defendant admits that its rationale for declaratory judgment is that PDL might assert the unasserted claims "against Alexion at a **_later_** day, **_if_** Alexion makes any modifications whatsoever to its current labeling or indications." (DI 160 at 4 [emphasis supplied].) That claimed concern is the type of "threat of **_future_** injury" that *Prasco* confirmed does "not me[e]t this threshold burden of proving an immediate and real controversy" sufficient to create declaratory judgment jurisdiction. *Prasco*, 2008 U.S. App. LEXIS at * 18-19 (brackets and emphasis supplied). It is, instead, the kind of "speculative fear of future harm" that *Prasco* teaches fails to meet the "objective standard" of "**_real_** and **_immediate_**" injury or future threat thereof. *Id.* at * 15 (emphasis in original).

      *Prasco* supports this Court's dismissal of Alexion's declaratory judgment counterclaims. PDL respectfully asks that the Court do so.

      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

      */s/ Karen Jacobs Louden*

---

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899
(302) 658-9200
klouden@mnat.com
*Attorneys for Plaintiff and Counter-Defendant PDL BioPharma, Inc.*

3

OF COUNSEL:

Matthew D. Powers
Vernon M. Winters
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Jennifer H. Wu
Rebecca E. Fett
New York Office
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

August 21, 2008

2457500

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on August 21, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Josy W. Ingersoll

I also certify that copies were caused to be served on August 21, 2008, upon the following in the manner indicated:

### BY HAND

Josy W. Ingersoll
Andrew A. Lundgren
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE  19801

### BY EMAIL

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
Gregory A. Morris
Kirkland & Ellis
153 East 53rd Street
New York, NY  10022-4611

*/s/ Karen Jacobs Louden*
_____
Karen Jacobs Louden (#2881)