IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PDL BIOPHARMA, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-156-JJF |
| | ) |
| ALEXION PHARMACEUTICALS, INC. | ) |
| | ) |
| Defendant. | ) |

**JOINT AND UNOPPOSED MOTION FOR ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS AND THE EVIDENCE (PROCEEDINGS IN OTHER JURISDICTIONS) ACT OF 1975 (ENGLAND & WALES) IN REFERENCE TO SIR GREGORY WINTER**

Plaintiff, PDL BioPharma, Inc. ("PDL"), and Defendant, Alexion Pharmaceuticals, Inc., ("Alexion"), hereby jointly request that this Court issue the Letter of Request attached at Exhibit A, pursuant to the Hague Convention of 18 March, 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), and Federal Rule of Civil Procedure 28(b). The attached Letter of Request is directed to the competent authority of England and Wales, the Senior Master of the Supreme Court, Queen's Bench Division, Royal Courts of Justice, Strand, London, WC2A 2LL, for the production of documents from Sir Gregory Winter and for the purpose of securing Sir Gregory Winter as a witness for deposition. Sir Gregory Winter has knowledge regarding important prior art publications that he authored and his testimony is highly material to this case.

In support of the Motion, the parties state as follows:

1.      As the Court is aware, this action is brought by PDL against Alexion for infringement of U.S. Patent Nos. 5,693,761; 5,693,762; and 6,180,370 ("patents-in-suit")[1].

2.      PDL alleges that Alexion's drug product, Soliris®, infringes each of the three patents-in-suit that were issued by the U.S. Patent & Trademark Office. PDL represents that the patents have been widely licensed.

3.      Alexion defends and counterclaims that its drug product, Soliris®, does not infringe the patents-in-suit and that the patents-in-suit are not novel and are invalid, *inter alia*, in light of earlier work done and prior art authored by Dr. Gregory Winter.

4.      PDL believes that the patents-in-suit are novel, new inventions for making and using humanized antibodies that were properly issued by the United States Patent & Trademark Office over the prior art, including prior art by Dr. Gregory Winter.

5.      Alexion believes that Dr. Gregory Winter has knowledge regarding important prior art publications that he authored, which were cited by PDL during prosecution of the patent-in-suit before the USPTO. Alexion believes that Dr. Winter possesses unique knowledge and can testify as to the state of the art relating to antibody humanization – the relevant technology in this litigation – at the alleged time of conception of PDL's purported invention in the 1980's and during the prosecution of the patents-in-suit. Alexion also believes that Dr.

---

[1] PDL contends that it has asserted only certain claims of the patents-in-suit and thus only those claims are at issue in this litigation. Alexion disagrees, and contends that more claims are at issue. The U.S. District Court for the District of Delaware currently has a motion pending on this issue. The parties reserve their rights under the U.S. law regarding this issue. The parties intend that any dispute regarding this issue be resolved solely by the U.S. District Court.

Winter has knowledge regarding practice of PDL's purported invention in the United States before the earliest priority date of the patents-in-suit.

6. In the circumstances, Alexion contends that Dr. Winter possesses knowledge of matters that are relevant to the determination of the issues in this matter.

7. This Court has previously allowed foreign discovery under U.S.C. § 1781 following a showing of the necessity of the discovery. *See Tulip Computers Int'l B.V. v. Dell Computers Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (relating to foreign discovery pursuant to Hague Evidence Convention).

THEREFORE, THE PARTIES RESPECTFULLY REQUEST:

A. That the Court issue, and cause to be certified by the Clerk of the U.S. District Court for the District of Delaware, a Letter of Request addressed to the competent authority of England and Wales, Senior Master of the Supreme Court, Queen's Bench Division, Royal Courts of Justice, Strand, London WC2A 2LL, England;

B. That said Letter of Request be issued in the form attached herewith.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL, LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| /s/ Karen Jacobs Louden | *Andrew A. Lundgren* (signature) |
| Jack B. Blumenfeld (No. 1014)<br>Karen Jacobs Louden (No. 2881)<br>1201 North Market Street<br>Wilmington, Delaware 19899-1347<br>(302) 658-9200<br>*klouden@mnat.com* | Josy W. Ingersoll (No. 1088)<br>John W. Shaw (No. 3362)<br>Andrew Lundgren (No. 4429)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801<br>(302) 571-6600<br>*alundgren@ycst.com* |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

Dated: September 5, 2008

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PDL BIOPHARMA, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 07-156-JJF |
| ALEXION PHARMACEUTICALS, INC. | ) ) ) | |
| Defendant. | ) ) | |

**JOINT LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS AND THE EVIDENCE (PROCEEDINGS IN OTHER JURISDICTIONS) ACT OF 1975 (ENGLAND & WALES) <u>IN REFERENCE TO SIR GREGORY WINTER</u>[1]**

1. Sender:[2]  Hon. Joseph J. Farnan, Jr.
United States District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

2. Central Authority of the Requested State:[3]  Foreign and Commonwealth Office
Clive House Petty France
London SW1
England

3. Person to whom the executed  Christopher Colbridge
Kirkland & Ellis International LLP

---

[1] This Letter Of Request is submitted in English. *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 4.

[2] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(a).

[3] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(a).

|   |   |   |
|---|---|---|
|   | request is to be returned:[4] | 30 St. Mary Axe<br>London EC3A 8AF<br>England |
| 4. | In conformity with Article 3 of the Convention, the undersigned applicant has the honor of submitting the following request: | |
| 5. | (a) Requesting judicial authority:[5] | United States District Court for the District of Delaware |
|   | (b) To the competent authority of:[6] | England & Wales<br>Senior Master of the Supreme Court<br>Queen's Bench Division<br>Royal Courts of Justice<br>Strand, London WC2A 2LL<br>England |
| 6. | Names and addresses of the parties and their representatives: | |
|   | (a) Plaintiff:[7] | PDL Biopharma, Inc.<br>1400 Seaport Blvd<br>Redwood City, CA 94063<br>Telephone: (650) 454 1000<br><br>Represented by:<br>*Morris, Nichols, Arsht & Tunnell LLP*<br>Jack B. Blumenfeld<br>Karen Jacobs Louden<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>Telephone: (302) 658 9200<br><br>*Weil, Gotshal & Manges LLP*<br>Matthew D. Powers<br>Vernon M. Winters |

---

[4] See Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(a).

[5] See Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(a).

[6] See Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(a).

[7] See Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(b).

                                        Jennifer H. Wu

                                        Rebecca E. Fett
                                        Silicon Valley Office
                                        201 Redwood Shores Parkway
                                        Redwood Shores, CA 94065
                                        Telephone (650) 802 3000

                                        *Weil, Gotshal & Manges LLP*
                                        Matthew Shankland
                                        One South Place
                                        London EC2M 2WG, England
                                        +44-20-7903-1165

(b) Defendants:[8]                 Alexion Pharmaceuticals, Inc.
                                        352 Knotter Dr.
                                        Cheshire, CT 06410
                                        Telephone: (203) 272 2596

                                        Represented by:
                                        *Young Conaway Stargatt & Taylor, LLP*
                                        John W. Shaw
                                        Josy W. Ingersoll
                                        Andrew Lundgren
                                        The Brandywine Building
                                        1000 West Street, 17th Floor
                                        P.O. Box 391
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 571 6600

                                        *Kirkland & Ellis LLP*
                                        John M. Desmarais
                                        Gerald J. Flattmann, Jr.
                                        Christine Willgoos
                                        Gregory A. Morris
                                        153 East 53rd Street
                                        New York, NY 10022
                                        Telephone: (212) 446 4800
                                        Facsimile: (212) 446 4900

                                        *Kirkland & Ellis International LLP*
                                        Christopher Colbridge
                                        30 St. Mary Axe

---

[8]   *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(b).

|  |  |  |
|---|---|---|
|  |  | London EC3A 8AF<br>England<br>Telephone: +44 20 7469 2000<br>Facsimile: +44 20 7469 2001 |
|  | (c) Other parties | None. |
| 7. | Nature and purpose of the proceeding and summary of the facts:[9] | This action is a civil suit brought by Plaintiff PDL Biopharma, Inc. ("PDL") against Defendant Alexion Pharmaceuticals, Inc. ("Alexion") for infringement of U.S. Patent Nos. 5,693,761; 5,693,762; and 6,180,370 ("patents-in-suit")[10].<br><br>PDL alleges that Alexion's drug product, Soliris®, infringes each of the three patents-in-suit that were issued by the U.S. Patent & Trademark Office. Under U.S. law, patents are presumed valid. PDL represents that the patents have been widely licensed.<br><br>Alexion defends and counterclaims that its drug product, Soliris®, does not infringe the patents-in-suit and that the patents-in-suit are not novel and are invalid, *inter alia*, in light of earlier work done and prior art authored by Dr. Gregory Winter.<br><br>PDL believes that the patents-in-suit are novel, new inventions for making and using humanized antibodies that were properly issued by the United States Patent & Trademark Office over the prior art, including prior art by Dr. Gregory Winter.<br><br>Alexion believes that Dr. Gregory Winter has knowledge regarding important prior art publications that he authored, which were cited by PDL during prosecution of the patents-in-suit before the USPTO. Alexion believes that Dr. Winter possesses unique knowledge and can |

---

[9] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(c).

[10] PDL contends that it has asserted only certain claims of the patents-in-suit and thus only those claims are at issue in this litigation. Alexion disagrees, and contends that more claims are at issue. The U.S. District Court for the District of Delaware currently has a motion pending on this issue. The parties reserve their rights under the U.S. law regarding this issue. The parties intend that any dispute regarding this issue be resolved solely by the U.S. District Court.

|   |   |   |
|---|---|---|
|   |   | testify as to the state of the art relating to antibody humanization—the relevant technology in this litigation—at the alleged time of conception of PDL's purported invention in the 1980's and during the prosecution of the patents-in-suit. Alexion also believes that Dr. Winter has knowledge regarding practice of PDL's purported invention in the United States before the earliest priority date of the patents-in-suit. |
|   |   | In the circumstances, Alexion contends that Dr. Winter possesses knowledge of matters that are relevant to the determination of the issues in this matter. |
|   |   | This Court respectfully requests that you cause Dr. Winter, who is resident within your jurisdiction, to provide oral testimony by way of deposition as set forth in the attached **Appendix A** and produce documents responsive to requests set forth in **Appendix B**. |
| 8. | Evidence to be obtained or other judicial act to be performed:[11] | Defendant Alexion and, in response, Plaintiff PDL seek the oral deposition testimony of Dr. Winter as set forth in the attached **Appendix A**, and documents from Dr. Winter as set forth in the attached **Appendix B**. |
| 9. | Identity and address of person to be examined:[12] | Sir Gregory Winter<br>MRC Laboratory of Molecular Biology<br>Hills Road<br>Cambridge CB2 0QH<br>England |
| 10. | Subject matter about which the witness will be examined:[13] | Dr. Winter will testify to his research in the field of antibody humanization, as well as to the state of the art of same technology at the time of conception of PDL's purported invention. An overview of the evidence sought from Dr. Winter is set out at **Appendix A** hereto. |

---

[11] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(d).

[12] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(e).

| | | |
|---|---|---|
| 11. | Document or other property to be inspected:[14] | Dr. Winter shall be required to produce documents that are within his possession or control and which relate to his research and involvement in the field of antibody humanization. A list of the documents of which production is sought is set out at **Appendix B** hereto. |
| 12. | Any requirement that the evidence be given under oath or affirmation and any special form to be used: | It is requested that the witness be placed under oath or affirmation. The oath or affirmation should state: "I swear or affirm that the testimony that I will give will be the truth, the whole truth, and nothing but the truth." |
| 13. | Special methods or procedure to be followed:[15] | It is requested that:<br><br>(1) Defendant's United States trial counsel be permitted to attend and conduct the examination of the witness for no longer than four (4) hours;<br><br>(2) Plaintiff's United States trial counsel be permitted to also attend and conduct the examination of the witness for no longer than four (4) hours;<br><br>(3) counsel for the Defendant and counsel for the Plaintiff be permitted to conduct the examination of the witness separately and consecutively and each party's representatives be permitted to be present when the other party conducts its examination of the witness;<br><br>(4) Christopher Colbridge will be Defendant's English counsel present at the proceedings;<br><br>(5) Matthew Shankland will be Plaintiff's English counsel present at the proceedings;<br><br>(6) the proceedings take place at Kirkland & Ellis International LLP, 30 St. Mary Axe, London |

---

[13]  *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(f).

[14]  *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(g).

[15]  *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 3(i); *see also* Article 9.

|     |     |     |
| --- | --- | --- |
|     |     | EC3A 8AF, England; |
|     |     | (7) the proceedings take place on October 6, 2008, or another date that is mutually convenient to the parties and the witness, but in any event, before November 30, 2008. |
|     |     | (8) the documents of which production is sought be produced by the witness no later than seven days prior to the agreed upon date of the deposition; |
|     |     | (9) the deposition be transcribed by a qualified transcriber for one day of eight (8) hours, or as otherwise agreed by the parties; |
|     |     | (10) the deposition be videotaped; |
|     |     | (11) the transcript be returned by you to Christopher Colbridge at the address appearing in paragraph 6(b) above. |
| 14. | Request for notification of the time and place for the execution of the request and the identity and the address of any person to be notified:[16] | It is requested that when the time and place for execution of this request has been designated, you please inform Plaintiff's and Defendant's legal representatives, identified in paragraphs 6(a) and 6(b) above, of the date, time, and place of the execution of this request. |
| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request:[17] | None. |
| 16. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin:[18] | Dr. Winter may refuse to answer any question propounded, or to produce any document requested, if such answer or document (1) would subject him to a real and appreciable danger of criminal liability in the United States (neither party |

---

[16] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 7.

[17] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 8.

[18] *See* Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters at Article 9 & 11.

|   |   |   |
|---|---|---|
|   |   | anticipates any such questions), or (2) would disclose a confidential communication between him and his attorney, or (3) would be protected under the laws of privilege of England and Wales. |
| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the convention will be borne by: | Defendant and Plaintiff in shares proportionate to their time spent questioning Dr. Winter. |
| 18. | Date of request: | September 5, 2008. |
| 19. | Signature and seal of requesting authority: |   |

                                                                                                       Joseph J. Farnan, Jr., Judge
                                                                                                       United States District Court
                                                                                                        District of Delaware

## Appendix A

### Evidence to be Obtained from Dr. Winter

1. Dr. Winter's professional position at Medical Research Council Laboratory of Molecular Biology in Cambridge, England.

2. Evidence concerning Dr. Winter's knowledge of communications between MRC or its employees and PDL or lawyers for PDL or Alexion or lawyers for Alexion regarding U.S. Pat. Nos. 5,693,761; 5,693,762; and 6,180,370 ("the Queen Patents").

3. Dr. Winter's familiarity with and knowledge of the Queen Patents.

4. Dr. Winter's work in the field of antibody humanization prior to June 7, 1995. This topic will include questions concerning Dr. Winter's work in the United States in the field in antibody humanization and whether it was presented or otherwise disclosed in the United States.

5. Dr. Winter's familiarity with and knowledge of work being conducted in the field of antibody humanization prior to June 7, 1995. This topic will include questions concerning Dr. Winter's understanding of the state of the art of antibody humanization, including the technique of selecting a human acceptor heavy and/or light chain framework that is homologous to the murine donor heavy and/or light chain framework, also known as "homology matching," and the technique of the modification of amino acid residues outside of Complementarity Determining Regions ("CDRs").

6. Communications that Dr. Winter had with PDL or lawyers for PDL or Alexion or lawyers for Alexion during the period 1997 to the date of examination regarding the Queen Patents.

7. Dr. Winter's performance of experiments, direction of experiments, or knowledge of experiments involving antibody humanization described in each the following patents, patent applications, or publications on which Dr. Winter is an author:

    (a)  EP 0239 400 (Winter, G.);

    (b)  EP 0328 404 (Clark, M., Riechmann, L., Waldmann, H., Winter, G.);

    (c)  WO 93/06213 (Hoogenboom, H., Baier, Jespers, L., Winter, G.);

    (d)  Jones, P.T., Dear, P.H, Foote, J., Neuberger, M. and Winter, G., "Replacing the complementarity-determining regions in a human antibody with those from a mouse," Nature 321: 522-525 (1986);

    (e)  Riechmann, L., Clark, M., Waldmann, H., and Winter, G., "Reshaping human antibodies for therapy," Nature, 332:323-327 (1988);

    (f)  Verhoeyen, M., Milstein, C., and Winter, G., "Reshaping Human Antibodies: Grafting an Antilysozyme Activity," Science, 239:1534-1536 (1988);

    (g)    Bruggemann, M., Winter, G., Waldmann, H., and Neuberger, M. S., "The Immunogenicity of Chimeric Antibodies," J. Exp. Med. 170: 2154 (1989);

    (h)    Foote, J. and Winter, G., "Antibody Framework Residues Affecting the Conformation of Hypervariable Loops," J. Mol. Biol., 224:487-499 (1992); and

    (i)    Hoogenboom, H., Jespers, L., Griffiths, A., Figini, M., Baier, M., Roberts, A., Chiswell, D., and Winter, G., "Humanizing Antibodies by Epitope Imprinted Selection." ECB6: Proceedings on the 6th European Congress on Biotechnology, 175-78 (1994).

8. Dr. Winter's knowledge of the disclosure of EP 0239 400, including the donor, acceptor, and humanized sequences set forth therein, including those set forth in Figure 2.

9. Dr. Winter's knowledge of the disclosure of EP 0239 400, including but not limited to, the following disclosures:

    (a)    "Preferably, the variable domains in both the heavy and light chains have been altered by at least partial CDR replacement and, if necessary, by partial framework region replacement and sequence changing."  Page 8.

    (b)    "[T]his may involve transferring framework region residues as well as CDR residues." Page 8.

    (c)    "It is clear however that the humanized antibody binds lysozyme with a comparable affinity to D1.3." Page 30.

    (d)    Claims 1-4.

10. The meaning of "X" as nomenclature for amino acids in EP 0239 400, including in Example 2. This topic will include questions concerning Dr. Winter's familiarity with and knowledge of the IUPAC-IUB Joint Commission on Biochemical Nomenclature (JCBN)'s Recommendations on Nomenclature and Symbolism for Amino Acids and Peptides (1983).

11. The availability of the amino acid sequence of the NEWM human heavy chain acceptor antibody as of March 26, 1987, the date that the EP 0239 400 patent was published.

12. The availability of the amino acid sequence of the donor antibody D1.3 as of March 26, 1987, the date that the EP 0239 400 patent was published.

13. Dr. Winter's knowledge of how the human acceptor NEWM was selected in the construction among all of the possible human heavy chain acceptors of the humanized antibody of Example 2 of the EP 0239 400 patent.

14. Dr. Winter's familiarity with and knowledge of the following publications, on which Cary L. Queen, an inventor of the Queen Patents, is an author:

> (a) Queen, C., Schneider, W., Selick, H., Payne, P., Landolfi, N., Duncan, J., Avdalovic, N., Levitt, M., Junghans, R., and Waldmann, T., "A Humanized Antibody That Binds to the Interleukin 2 Receptor." Proc. Natl. Acad. Sci., 86:10029-10033 (1989). Dr. Winter cited to this publication during the prosecution of his U.S. Patent No. 5,225,539.
>
> (b) Co, M.S., Deschamps, M., Whitley, R., and Queen, C., "Humanized Antibodies for Antiviral Therapy." Proc. Natl. Acad. Sci., 88:2869-2873 (1991).
>
> (c) Co, M., and Queen, C., "Humanized Antibodies for Therapy," Nature, 351:501-502 (1991).

15. Dr. Winter's familiarity with and knowledge of the subject matter of the EP 0451216 patent, including Exhibits A-D, as reflected in the Declaration he submitted in Opposition to the EP 0451216 patent, dated October 21, 1996, and any other Declarations submitted by him in the European Opposition proceedings for European patents related to the Queen Patents (*e.g.* EP 0682040).

16. Dr. Winter's knowledge of the research and development activities discussed in "Facts, Evidence and Argument in Support of the Opposition of Medical Research Council to EP-B-0451216", dated October 22, 1996, submitted in Opposition to European Patent No. EP 0451216, including attached Exhibits.

17. Dr. Winter's research and development activities related to antibody humanization procedures as referenced in the Declaration of Cary L. Queen, dated November 4, 1992, originally submitted by PDL during the prosecution of U.S. Pat. Appn. No. 07/634,278, including attached Exhibit 3.

18. Dr. Winter's communications with Cary L. Queen and/or Laurence Korn concerning humanization of antibodies prior to June 7, 1995.

19. Dr. Winter's familiarity with and knowledge of the following patent applications or publications authored by members of or supported by the Medical Research Council Laboratory of Molecular Biology in Cambridge, England:

> (a) Verhoeyen, M., and Riechmann, L., "Engineering of Antibodies," BioEssays 8:2:74-78 (1988);
>
> (b) Gorman, S., Clark, M., Routledge, E., Cobbold, S., and Waldmann, H., "Reshaping a therapeutic CD4 antibody," Proc. Natl. Acad. Sci. 88, 4181-85 (1991); and
>
> (c) Routledge, E., Lloyd, I., Gorman, S., Clark, M. and Waldmann, H., "A humanized monovalent CD3 antibody which can activate homologous complement," Euro. J. Immunol. 21:2717-2725 (1991).

20. Dr. Winter's familiarity with and knowledge of (a) the License for 'Winter' Patent between MRC and Alexion dated March 27, 1996, and (b) the Patent License Agreement between MRC and PDL dated November 24, 1998.

## Appendix B

### Documents Requested from Dr. Winter

1. Copies of Queen, C., *et al.* "A Humanized Antibody That Binds to the Interleukin 2 Receptor." Proc. Natl. Acad. Sci., 86:10029-10033 (1989) dated on or before December 27, 1989, including any drafts thereof.